## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

## ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ Line Worker  and Training _____

| | | |
|---|---|---|
| a. | State the dates that you held this position. | I worked at Schreiber over 32 years. My last date worked was in October 2009. |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | DDN in Clinton Missouri. |
| c. | Identify your supervisor(s) for this position. | Cannot recall at this time. |
| d. | Describe your job duties for this position. | Line Worker - Put cheese on line and boxed it.<br><br>Trainer - Train new hires regarding the job. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_X_ _____<br>YES         NO | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_X__        _____<br>**YES              NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Safety glasses, hard hat, hairnet, and steel safety shoes.<br><br>About 10 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_X__        _____<br>**YES              NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Safety glasses, hardhat, and safety shoes in locker.<br><br>Hairnet in hallway. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Safety shoes in the locker and the rest in the hallway. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_      _____<br>YES      NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** Did you regularly take off required protective or safety gear after clocking out?<br><br>\_**X**\_\_      _____<br>  **YES**         **NO**<br><br>If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>About 5-10 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>**_X__**      **_____**<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It took about 10 minutes to put on the safety shoes and safety gear before clocking in. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Safety shoes. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>**_X_**      **_____**<br>**YES**        **NO**<br><br>If "YES," state the estimated total number | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all** |

| | |
|---|---|
| of seconds or minutes it typically took you to change out of your uniform. | discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>About 5-10 minutes to take off safety gear and safety shoes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I could take home the pants and shirt but not the safety shoes. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go to the break room, put on safety shoes in locker room, put on safety gear in the hallway waiting to clock in, then go relieve the partner, exchange information with the partner and assume duties. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for relief, exchange information, turn in paperwork, clock out, take off safety gear on the way to the locker room, put safety |

| | | |
|---|---|---|
| | **time and sequence of activities.** | shoes and gear away, and then go home. |
| **q.** | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____     \_\_No\_\_<br>  **YES**        **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>  **YES**        **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **r.** | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ __X__<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| _X__      _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | About 2 minutes. |
| **v.**  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____     _X__<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No _X__

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No _X_

If you checked "Yes," which activities were you paid for? _____

_____

4.     If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes ___Yes___  No ___

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally and in writing |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Throughout my employment. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | I cannot recall their names. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I said I think we should get paid for putting on our safety shoes and safety gear. They would just say that's the policy. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No __X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.       Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No __X___

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?


**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:           Yes __X___          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>I worked overtime on a weekly basis</u>. <u>I do not know how much overtime per week</u>.

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:           Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:     Yes _____     No _____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:     Yes ___Yes____     No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>I clocked out early if they told me to.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.  <u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

       I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
|      Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
|      Defendant. ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS TO ADAM MEIER**</u>

## <u>QUESTIONS</u>

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

**Note:** Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**                      **Material Handler**

| | |
|---|---|
| **a.** **State the dates that you held this position.** | December 2008 through July 2011. During this period I was the Plant Sanitarian for about 7-8 months. During that time I was paid a salary. The responses in this questionnaire deal with my job as a hourly material handler and not Plant Sanitarian. |
| **b.** **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Logan Utah |
| **c.** **Identify your supervisor(s) for this position.** | Christine Welty and Jennifer (last name unknown) |
| **d.** **Describe your job duties for this position.** | Move product in and out of the yogurt department. Unload and load trucks and pick orders for customers. |

| | |
|---|---|
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>_____ _____<br>YES NO | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>YES NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, earplugs, safety glasses, hair net.<br><br>About 5 minutes. |
| g. If you regularly put on | **Objection: Plaintiff objects to this interrogatory as vague.** |

| | |
|---|---|
| required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses were in the locker.<br><br>Earplugs and hairnet were out of the locker room and down the hallway. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In the hallway ten to fifteen feet from the time clock. |
| i. Did you wear the listed protective and safety gear every time you worked in this position? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time |

| | |
|---|---|
| <br>‾‾‾‾‾     ‾‾‾‾‾‾<br>**YES**       **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>‾‾‾‾‾     ‾‾‾‾‾<br>**YES**       **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hallway.<br><br>Maybe a minute. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)? <br><br> _____  _____ <br> **YES**　　　**NO** <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Varied depending on how crowded it was in the locker room. Generally about 15 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Pants, short sleeve snap up shirt and lace up steel toed boots. |

| | |
|---|---|
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 15 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____    _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked into the building, then went to locker with the captive uniform, open the combination lock, grab my uniform, put the hangers on the hanger rack, go to personal |

| | |
|---|---|
| activities. | locker, open it, take off street clothes, put on uniform and boots, grab box knife or scissors, grab hard hat, safety glasses, walk out to hallway to get earplugs and hairnet, put the protective gear on and waited until 7 minutes till the start of the shift to clock in. Then go in and talk to the partner I was relieving to get a shift rundown of what was going on, get paperwork from partner, and begin job duties. |
| p. **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait to be relieved by the oncoming partner, give them a shift rundown, give them paperwork, clock out, take off protective gear in hallway on the way to the locker, change from uniform to street clothes, put up box knife or scissors, put away protective gear, lock locker, put uniform in dirty bin and then leave the plant. |
| q. **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____   _____<br>**YES**       **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____   _____<br>**YES**       **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. While you worked in this position, were you required to exchange information necessary | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| | |
|---|---|
| for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ YES _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ YES _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Maybe 10 minutes. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ YES _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| paperwork after you clocked out. | |
|---|---|

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____    No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I don't recall the dates but I raised concerns that I wasn't being paid properly for all pre and post shift work 4-5 times. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Raised the complaints to Ben Williams and Ben McGary. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Told them it wasn't fair we had to do all this stuff before and after work without getting paid. They said it was part of the job. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

All of our supervisors.

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:         Yes ___Yes_____         No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Generally a weekly basis. The amount of overtime varied.


If "Yes," above, were you paid for all overtime worked?

Response:         Yes ___Yes_____         No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

       8.       Have you ever clocked in late to a shift?

<u>Response</u>:         Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

       9.       Have you ever clocked out early (i.e., prior to your shift ending)?

<u>Response</u>:         Yes ___Yes_____         No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Maybe 30-45 minutes early on a few occasions.</u>


If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

      <u>No.   </u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


<u>**Certificate of Service**</u>

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, _~~William F. Raux~~_, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __2__ day of __March__, 2012.

_[signature]_
Signature

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

    Response: See Attachment A.

# ATTACHMENT A

**Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.**

**Position Held:**      MOZZ RELIEF OPERATOR

| | |
|---|---|
| **a. State the dates that you held this position.** | May 20, 2007 until being fired April 30, 2010 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Carthage Fairview Plant |
| **c. Identify your supervisor(s) for this position.** | Kye Luker, Samantha, and Bakari Roberts |
| **d. Describe your job duties for this position.** | Run all machines from front to the end. Cook, Cheese-tipper, Formulation, Troubleshooter, Trash clean-up, Cardboard removal, Forklift driver, Shipping & Receiving, Cheese filler, run a box wrapper, Order Supplies, Computer, Enter Ingredients Used in Formulas. |
| **e. Were you regularly required wear any protective or safety gear for this position?** <br><br> _____      _____ <br> **YES**        **NO** | Yes. |

| | |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____     _____<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | Yes.<br><br>Hardhat, Hair Net, Beard Net, Ear Plugs & Ear Muffs, Lock-Out Tag-Out Locks and Keys. Safety (steel toe oil and water resistant) Boots with special shoe laces, Safety Glasses, Company supplied cold weather coats and gloves. Rubberized gloves, Keflar gloves.<br><br>10 to 20 minutes time to dress/undress. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____     _____<br>**YES**        **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | Yes.<br><br>Plant Locker Room |

| | |
|---|---|
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | Plant Locker Room |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES         NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES         NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were** | Yes.<br><br>Plant Locker Room<br><br><br><br><br>Approximately 10 minutes |

| | |
|---|---|
| in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | |
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>  YES           NO<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Yes.<br><br>Approximately 10 minutes |
| l.   If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | White Schreiber Logo Snap-Front shirt; Blue work pants; Blue Schreiber Logo Winter Coat (when needed).<br><br>Hardhat, Hair Net, Beard Net, Ear Plugs & Ear Muffs, Lock-Out Tag-Out Locks and Keys.  Safety (steel toe oil and water resistant) Boots with special shoe laces, Safety Glasses, gloves. Rubberized gloves, Keflar gloves. |

| | |
|---|---|
| | |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>**YES**         **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | Yes.<br><br>Approximately 10 – 15 minutes |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____  _____<br>**YES**         **NO** | Yes and No.<br><br>Some time in 2009, Schreiber Foods Inc. classified/required all uniform equipment etc. to be "Captive ".  Before this policy, we had the option of taking our uniforms home and washing them ourselves.  After this policy, nothing was allowed to be taken home. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Upon entering front or side door, walked approximately 1 minute to Plant Locker Room, where I put on uniform.  Depending on what job position I was doing, it could take up to 3 minutes to walk from Plant Locker Room to time clock. |
| **p.** Describe the process | Before leaving my post, I would have to tell next shift's |

| | | |
|---|---|---|
| | you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | replacement where we were in the Batch Process. After finishing with replacement, TA Bakari Roberts would have me patrol the Process Area and clean up anything left over from our Shift. Then, I would clock out and take the 2-3 minute walk to the Plant Locker Room to remove uniform and safety equipment. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?

_____   _____
  YES          NO

If "YES," did you regularly attend pre-shift meetings?

_____   _____
  YES          NO

If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Yes.

Yes.

Almost on a daily basis, someone in Management would approach us before clocking in and assign job duties for the upcoming shift. This happened either while we were walking to the time clock or as we stood at the time clock. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | Almost on a daily basis, someone in Management would approach us before clocking in and assign job duties for the upcoming shift. This happened either while we were walking to the time clock or as we stood at the time clock.

Approximately 3-5 minutes. |

8

| | | |
|---|---|---|
| | meeting. | |
| s. | **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | Duties would be assigned as well as being informed where in the Cooking Process the Batches were in terms of how soon to finish and start a new Batch. |
| t. | **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | No. |
| u. | **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Yes.<br><br>Depending on whether a Batch was messed up or not, it could take anywhere from a couple minutes to a couple hours (depending on whether I was expected to remedy my Shift's problem.)<br><br>5- 10 minutes or more. |

| | |
|---|---|
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES**     **NO** | Yes, and doing paperwork would almost always take us past quitting time.<br><br>It is questionable whether I and other workers were paid for this work since Schreiber's policy was to NOT pay for any work done between quitting time and the next 14 minutes. If my shift ended at 11 pm and I clocked out at 11:14 PM, I DID NOT get paid for the last 14 minutes of my shift. |
| **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | Usually under 15 minutes. |
| | |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

Response: Yes __X____     No __X____

If you checked "Yes," which activities were you paid for?

If there was a company-wide meeting in the Company Conference Room we would get paid.

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

Response: Yes _____     No _____

If you checked "Yes," which activities were you paid for?

I don't believe I was properly paid for all time worked.

4.     If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

Response: Yes __X____     No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Almost every time it occurred. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | HR Kelly Atkinson<br><br>Team Leader Kye Luker |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I asked both Kelly Atkinson and Kye if I would be reimbursed for all the time I spent filling out paperwork at the end of my shift. Their answers were either vague or they would say yes.<br><br>For the last 10 months of my employment, I was being harassed by both Kelly Atkinson and Kye Luker due to 2 head injuries suffered at work. They would make me fill out paperwork before my shift started. I asked repeatedly if I would be paid for that time and they said yes, but it didn't always happen. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

Response:            Yes ___X_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

Human Resources Kelly Atkinson

Team Leader Kye Luker

Multiple times from the period of my first Head Injury on September 9, 2009 through April 29, 2010 when I was fired, singularly or together, Ms. Atkinson or Mr. Luker would tell me to just go on home and they would take care of my timecard.

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

Response:            Yes _____            No ___X_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

Response:            Yes ____X_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked many weekends, both Saturdays and Sundays all 4 years I was employed there.  I was

also asked on a regular basis (sometimes as often as every week) to stay on after my regular shift was over if someone on the next shift called in sick or did not show up for work, or if the management felt like we were behind.  My Overtime could be anywhere from a couple hours up to working 15 straight hours, which happened quite often.

If "Yes," above, were you paid for all overtime worked?

Response:        Yes _____        No \_\_\_\_X_____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I believe Schreiber's policy was to not pay for any work done between quitting time and the next 14 minutes.  If my shift ended at 11 pm and I clocked out at 11:14 PM, I don't believe I got paid for the last 14 minutes of my shift.  If you figure 14 minutes a day, 3-5 days a month-that's as much as 70 minutes a month or 840 minutes a year, with me working there 4 years – that's approximately 3360 minutes in 4 years.  That's more than 50 hours total.

8.      Have you ever clocked in late to a shift?

Response:        Yes \_\_\_\_X\_\_\_\_\_        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Under 5 minutes maybe 2-3 times.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

<u>Response</u>:        Yes _____        No _____X_____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were disciplined and who disciplined you.

_____

_____

## OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

<u>/s/ C.  Jason Brown</u>
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on
March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South

Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has documentation regarding Schreiber. Plaintiff will review documents and provide any relevant documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, ALBERT ROHLFING JR, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _12TH_ day of _March_ , 2012.


_____
Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

## ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:            Cream Cheese Assembly line

| | |
|---|---|
| **a. State the dates that you held this position.** | 2008, for a 90 day probationary period, cannot remember exact dates |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville, TX |
| **c. Identify your supervisor(s) for this position.** | Ginny ? |
| **d. Describe your job duties for this position.** | Made boxes and filled with cream cheese on the assembly line and stack boxes at the end of the line. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>**X** _____<br>**YES**       **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states,** |

| | to the best of his/her knowledge, as follows: |
|---|---|
| f.  Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>X              _____<br>YES         NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Goggles, safety boots, hairnet, gloves, ear plugs, aprons<br><br>Took me approximately 10 minutes because of the shoes mostly. |
| g.  If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>X              _____<br>YES         NO | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Gear was kept in locker room and lockers. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the gear on in the locker room. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>X    _____<br>YES        NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** Did you regularly take off required protective or safety gear after clocking out?<br><br>**X** _____<br> **YES**             **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I took the gear off in the locker room.<br><br>It took approximately 10 minutes to take the gear off. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>**X** _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It took approximately 10 minutes to dress. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, shirt, and belt. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different** |

| | |
|---|---|
| clocking out)?<br><br>**X** _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>About 10 minutes to undress. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ **X**<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pick up uniform from general locker room about once a week, go to women's locker room change from street clothes to uniform and put on gear, stand in line on the floor to clock in, clock in and go to line, put on apron and exchange information as necessary with partner and assume duties |
| **p. Describe the process you used for clocking out of your shift for** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | | |
|---|---|---|
| | **this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for next shift, exchange information if necessary, clock out, change from uniform to street clothes, put away gear, put uniform in laundry hamper and then go home. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>**X** _____<br>**YES**       **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>**X** _____<br>**YES**       **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Once a week unless special instructions then maybe another time in the week. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon** |

| | |
|---|---|
| | review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In the hallway or waiting in line to clock in, they were held before clocking in, meetings ranged from as little as 2 minutes to as much as 10 minutes long. |
| **s.** **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Special cleaning instructions, machines that were broke down and what jobs would be done instead. |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>**X** _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the locker room, I do not know the amount of time it was done as we changed. |

| | |
|---|---|
| doing so. | |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>**X** _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the locker room, I do not know the amount of time it was done as we changed. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ **X**<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

   <u>Response</u>:  Yes  _____          No X

   If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

   <u>Response</u>:  Yes  _____          No X

   If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No  X

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No X

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes X          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

I was told could not clock in during my training until in full uniform.

4

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:        Yes X        No _____

        If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

_____

_____

        If "Yes," above, were you paid for all overtime worked?

        Response:        Yes X        No _____

        If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an

approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

        8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:          Yes X        No _____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Once or twice and only a couple minutes late.</u>

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Given a strict verbal warning by shift manager.</u>

        9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:          Yes X        No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? I was sent to the hospital

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

I was fired.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Amanda Black, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _Feb_____, 2012.

_Amanda Black_

Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,       )
On Behalf Of Themselves      )
All Others Similarly Situated,   )
                       )
       Plaintiffs,          )
                       )   Case No.: 10-1117
vs.                      )
                       )   **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.     )
                       )
       Defendant.        )

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS</u>

## <u>QUESTIONS</u>

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.  Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

**Note:** Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**            quality assurance

| | | |
|---|---|---|
| a. | State the dates that you held this position. | QA-2008-2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Smithfield |
| c. | Identify your supervisor(s) for this position. | Michael Majumdar, James Greiger |
| d. | Describe your job duties for this position. | Did data entry and checked samples for salmonella, and got lines going after sanitation |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_X__        _____<br>YES        NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

3

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X_      _____<br>**YES**      **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>The safety gear I wore was glasses, ear plugs, gloves, hairnet<br><br>To get my safety gear and put it on took approximately 5 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_X_      _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>glasses were kept in locker, in an adjoining room I would get hairnet and ear plugs |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Glasses on in the locker room, ear plugs and hairnet in the adjoining room |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_      _____<br>YES         NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** Did you regularly take off required protective or safety gear after clocking out?<br><br>\_**X**\_\_  \_\_\_\_\_<br>   **YES**          **NO**<br><br>If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take my gear off and put it away took approximately 5 minutes |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>**_X__** **_____**<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To put my boots on took around 2 minutes |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My boots were steel toed and lace up and my sanitation boots were slip on |
| **m. Were you required to change out of uniform at the facility after your shift (i.e., after** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding** |

| | |
|---|---|
| clocking out)?<br><br>**_X__**     **_____**<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>It took around 2 minutes to take the boots off |
| **n. Were you allowed to take your uniform for this position home?**<br><br>**_X_**     **_____**<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Except for the boots |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Come in, get gear on, go in to lab and get helmet and get paperwork, clock in. I would get to the plant around 15 minutes early. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation** |

| | | |
|---|---|---|
| | activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Go make sure all data was in computer, clock out, take hairnet and ear plugs out, hang up hat, take off boots, go home |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____        \_X\_<br>  YES          NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____      _____<br>  YES          NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete |

| | | subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
|---|---|---|
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_X_     _____<br>YES     NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I would talk to the previous shift to ensure everyone was still on the same page before we got started<br><br>I would estimate this talk took 5-10 minutes |

| | |
|---|---|
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ \_X\_<br>  **YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>\_X\_ _____<br>  **YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>If I forgot to finish before clocking out I would go back and finish while I was off the clock |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No _X_

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No _X_

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  _____          No  __X_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __X__          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

I cannot remember for what though, this has happened _____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ___X___

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

4

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __X__          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked overtime on a weekly/daily basis _____

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

5

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

The average overtime worked depended on the time and work available_____

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes __X__          No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? It did not happen a lot, it was usually during a run of 16 hour shifts _____

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  I was written up_____

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes __X____          No _____

        If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? Maybe once for a doctor's

appt.

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were          disciplined          and          who          disciplined          you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

7

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Andrea Gilbert, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _29_ day of _February_ 2012.

Andrea Gilbert

Signature

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

# QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                              Slice

| | |
|---|---|
| a. State the dates that you held this position. | March - May 2009 |
| b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Clearfield Missouri |
| c. Identify your supervisor(s) for this position. | Cannot recall. |
| d. Describe your job duties for this position. | Open cheese to go on the belt, put cheese on the belt, inspect bags and do rework. |
| e. Were you regularly required wear any protective or safety gear for this position?  _____  _____  YES          NO | Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**            **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, and hairnet.<br><br>About thirty seconds. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____    _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Hairnet in hallway by the time clock. |
| **h.** **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Hallway |
| **i.** **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____     _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows: Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?** <br><br> _____ _____ <br> **YES** **NO** <br><br> **If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Locker room. <br><br> About thirty seconds. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____    _____<br>**YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **m. Were you required to change out of uniform at the facility after** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____ _____<br>   **YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____ _____<br>   **YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, walk into the building, take off street shoes, put on steel toed safety shoes, get hard hat and safety glasses from my locker, go and grab a hairnet from the hallway, then I would go to the lunch room and wait until the pre-shift meeting was about to start. Then I would attend the pre-shift meeting in the hall and then put on protective gear and clock in and then go out onto the floor. |

| | |
|---|---|
| p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Team leader would come and tell us that we needed to start getting things cleaned up to leave the shift. We would start cleaning up and getting things ready for the next shift, wait for a relief partner and then go to the clock and clock out. Then go to the locker and take off protective gear and steel toed shoes. Then leave the building. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Every day I worked. |
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls** |

| | | |
|---|---|---|
| | minutes you regularly spent in a pre-shift meeting. | Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Out in the hallway.<br><br>Lasted a couple few minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Provide production information, how well we did the night before, and assign jobs. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| you clocking in?<br><br>_____  _____<br>**YES**  **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | No. |
| **u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____  _____<br>**YES**  **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES**  **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____      No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.    Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.    Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>When I had to stay over after my shift.  About thirty minutes.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

       8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:         Yes _____           No ____No_____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?  _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes ___Yes_____          No _____

　　　　If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

<u>On one occasion for being sick. Left at lunch.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were　　　　disciplined　　　　and　　　　who　　　　disciplined　　　　you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

　　　　I hereby certify that a true and correct copy of the above and foregoing was sent on
March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**<u>Certificate of Service</u>**

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Kelly L. Shaffer, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _4_ day of _March_ 2012.

_anthony Harris_

Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ Processor _____

| | |
|---|---|
| **a. State the dates that you held this position.** | August 15, 2008 through April 2009. |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Shippensburg |
| **c. Identify your supervisor(s) for this position.** | Ashley Harris and Jonathan McKenzie |
| **d. Describe your job duties for this position.** | Ran machine that processed baker's cheese and converted to yogurt, drove forklift, cleaned, and ran tests on cheese. |
| **e. Were you regularly required wear any protective or safety gear for this position?** <br><br> _____ YES  _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | Yes. |
|---|---|
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat in the warehouse.<br><br>Earplugs, safety glasses and hairnet in the processing area.<br><br>About 10 seconds. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time** |

| | |
|---|---|
| _____  _____<br>**YES**  **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got protective gear from different areas of the facility, specify.** | **periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In locker. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____  _____<br>**YES**  **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes, but only had to wear the hard hat in the warehouse. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____          _____<br>**YES             NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____     _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **m. Were you required to change out of uniform at the facility after** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____   _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n.** Were you allowed to take your uniform home for this position?<br><br>_____   _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, then went to the locker room, changed into boots, put on safety gear, clocked in, exchanged information with previous shift and assumed their duties. |
| **p.** Describe the process you used for clocking out of your shift for | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | | |
|---|---|---|
| | this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Wait for partner to relieve me, go to the locker room, take off safety gear on the way to the locker room, take off boots, then clock out, and then leave the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? <br><br> _____     _____ <br> YES        NO <br><br> If "YES," did you regularly attend pre-shift meetings? <br><br> _____     _____ <br> YES        NO <br><br> If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.** <br><br> **These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon** |

| | |
|---|---|
| | review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____   _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| you typically spent doing so. | |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Depended on what was going on but typically took around 5 minutes. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____         No _No_____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Maybe____         No _____

If you checked "Yes," which activities were you paid for?

Sometimes I could exchange information with the oncoming partner and then go take off

my boots and safety gear and then clock out.

    4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

    Response: Yes _____        No \_\_No\_\_\_\_

    If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____            No ____No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____            No ____No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.      Did you ever work overtime?

        **Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes ___Yes_____            No _____

        If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Was not very often.</u>


        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:            Yes ____Yes_____            No _____

        If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an

approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.     Have you ever clocked in late to a shift?

<u>Response</u>:          Yes ___Maybe_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Do not recall a specific time.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

<u>Response</u>:          Yes ___Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Maybe a couple of times.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

<u>No, because did it with the approval of supervisors.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

     I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Anthony Imperato, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____1____ day of ___April___, 2012.


_____
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|       Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

# <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**                    **Wrapper Operator**

| | |
|---|---|
| **a. State the dates that you held this position.** | August 2007 through August 2010. |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Mount Vernon Missouri |
| **c. Identify your supervisor(s) for this position.** | Jamie Morris, Keith Wolf, Sarah (last name unknown), Ben Luger, Kyle Jenson |
| **d. Describe your job duties for this position.** | Made sure cheese got into wrappers.  Ran machines and loaded foil and made sure the loads of cheese got to the casers and inspected the loads to be sure they were safe to be sold. |
| **e. Were you regularly required wear any protective or safety gear for this position?**  _____ **YES**  _____ **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states,** |

3

| | to the best of his/her knowledge, as follows: |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____  \_\_\_\_\_<br>**YES**           **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, hairnet, ear plugs and safety glasses.<br><br>A minute or so. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____  \_\_\_\_\_ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat, safety glasses and ear plugs kept in my locker.<br><br>Hairnets were in the hallway next to the time clock. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room or by the time clock. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____      _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the hallway.<br><br>About 30 seconds. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____   _____<br>  **YES**        **NO**<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>10-15 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Short sleeve shirt, pants, and lace up steel toed boots. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____        _____<br>   YES              NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>10-15 minutes. |
| n.  Were you allowed to take your uniform home for this position?<br><br>_____        _____<br>   YES              NO | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked into the building, went to get my uniform out of the uniform locker (had key lock), then I would walk to the locker room and change from my street clothes into my uniform and put on protective gear. Then wait until 7 minutes |

| | |
|---|---|
| **activities.** | before the start of the shift and clock in. Then go to the floor. |
| **p.** **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Someone would come to relieve me. I would tell them what was going on, what we were running, what was coming up and they had to sign us out. Went to turn in paperwork and/or dump trash and then go downstairs and clock out. Then take off protective gear and go to locker room and change from uniform back to street clothes.  Put uniform in the dirty clothes locker and put boots, safety glasses, hard hat and earplugs in my locker. |
| **q.** **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?** <br><br> _____    _____ <br>  **YES**          **NO** <br><br> **If "YES," did you regularly attend pre-shift meetings?** <br><br> _____    _____ <br>  **YES**          **NO** <br><br> **If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br><br> Yes. <br><br> Yes. <br><br> Once a week for production and once a week for sanitation. |
| **r.** **If you attended regular pre-shift meetings for this position, state** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders** |

| | | |
|---|---|---|
| | when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Team room for 30 minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Production - Safety or production information.<br><br>Sanitation - What we needed to know for sanitation. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 |

| | |
|---|---|
| **your job with other partners in the previous shift prior to you clocking in?**<br><br>_____   _____<br>**YES        NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | interrogatories and discrete subparts that are allowed by **Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____       _____<br>**YES            NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 5-10 minutes depending on what was going on at the time of shift change. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____       _____<br>**YES            NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| clocked out. | |
|---|---|
| | |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____          No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____          No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

<u>Ginger Nelson in orientation told us we had to be dressed out before clocking in. In August</u>

2007.

7.      Did you ever work overtime?


**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

            Response:             Yes ____Yes_____        No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly for about an hour or so.

        If "Yes," above, were you paid for all overtime worked?

        Response:             Yes _____        No ___No_____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

10-15 minutes per occurrence. Happened about 2-3 times month.

    8.    Have you ever clocked in late to a shift?

<u>Response</u>:        Yes \_\_\_\_Yes\_\_\_\_\_        No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Maybe 3 times. Couple minutes late.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you. No.

    9.    Have you ever clocked out early (i.e., prior to your shift ending)?

<u>Response</u>:        Yes \_\_\_Yes_____        No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? Maybe once every two to three months.

<u>An hour early.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you. <u>No.</u>

## OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529

Fax: 816-424-1337
kclawyerbrown@yahoo.com

## **Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Ashley Baker, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of _March_, 2012.

_____
Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**            **Knock Down and General Laborer**

| | |
|---|---|
| **a. State the dates that you held this position.** | **Knock Down -** Start date unknown through August 16, 2010.<br><br>**General Laborer -** Last year or year and a half of employment. |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Clearfield Plant in Clinton Missouri |
| **c. Identify your supervisor(s) for this position.** | Beth Stamper and Niaz B? |
| **d. Describe your job duties for this position.** | **Knock Down -** Uncrated cheese and put it on slice line, inventory and computer work.<br><br>**General Laborer -** Basically the same as Knock Down. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>**YES**         **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety glasses, hairnet, hardhat, and ear plugs.<br><br>2-3 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>**YES**          **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hardhat, safety glasses, earplugs in my locker.<br><br>Hairnet by the time clock. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**YES        NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**YES          NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About 5 minutes because the locker room was crowded. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>  YES          NO<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>3-5 minutes for lace up safety shoes and about a minute for the slip on safety shoes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Safety shoes. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>  YES          NO<br><br>If "YES," state the estimated total number | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to** |

| | |
|---|---|
| of seconds or minutes it typically took you to change out of your uniform. | change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>It took longer at the end of the shift because the locker room was crowded. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>**YES          NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant about 20 minutes before the start of the shift, go to the locker room and put on shoes and safety gear, go to pre-shift meeting, then wash hands, and clock in. Then go to assigned position, put on disposable sleeves, aprons, and gloves, exchange information, log into system, and take over duties. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation** |

| | | |
|---|---|---|
| | **activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **regarding the amount of time spent performing the "process".** **Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Get area cleaned, paperwork completed and have product ready for the next shift, log out of the system, wait for the next shift to arrive, exchange information, throw away disposable sleeves, aprons, and gloves, then clock out, then go to locker room and take off safety shoes and protective gear and then go home. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>**YES          NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>**YES          NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Each work day. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon** |

| | |
|---|---|
| | review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In the hallway by the time clock. |
| **s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>How machines were running, if they needed extra people to do a certain job, and other information about what needed to be done on our shift. |
| **t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>**YES        NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| | |
|---|---|
| for other partners on the next shift to perform their job prior to clocking out?<br><br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Anywhere from 2-5 minutes. |
| v. **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No X__

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No X__

If you checked "Yes," which activities were you paid for?  _____

_____

4. If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No <u>X</u>

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.


5. Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No <u>X</u>

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly
burdensome and calling for speculation. Plaintiff may be unaware of the position of an
individual instructing them to work before or after their shift and to not record that time.
This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right
to supplement his/her responses to this question after having an adequate opportunity to
conduct and review discovery.  Question contains impermissible subparts and actually
contains at least 2 separate and distinct questions.  This interrogatory and the
corresponding subpart exceeds the 25 interrogatories and discrete subparts that are
allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the
best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No ___No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague,
ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also
calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime"
means work performed in excess of 40 hours in a work week.  Plaintiff further assumes
that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week
or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does
not necessarily assume that Defendant's use of the term "overtime" includes or refers to
pre or post shift work that was performed but was rounded away or that was performed
before clocking in or after clocking out.   Question contains impermissible subparts and
actually contains at least 4 separate and distinct questions. This interrogatory is also
premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her
responses to this question after having an adequate opportunity to conduct and review
discovery.  This interrogatory and the corresponding subpart exceeds the 25
interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without
waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes <u>X</u>              No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis. Probably 10-12 hours maybe more.

If "Yes," above, were you paid for all overtime worked?

Response:        Yes   _____   <u>I don't know for sure.</u> No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

       8.       Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes<u> Yes </u>     No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?

I don't know how many times I was late but I don't believe I was more than a minute or two.

If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

Niaz wrote me up.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and
overly burdensome in that it requests the Plaintiff to recall all time worked. This
interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to
supplement his/her responses to this question after having an adequate opportunity to
conduct and review discovery.  This interrogatory and the corresponding subpart exceeds
the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).
Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as
follows:**

Response:            Yes _____                No __No_____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early? I was sent to the hospital

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC

301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,**<br>On Behalf Of Themselves<br>All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>**SCHREIBER FOODS INC.**<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Case No.: 10-1117

    **JURY TRIAL DEMANDED**

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

__Position Held:__                    __Yogurt Filler__

| | |
|---|---|
| **a. State the dates that you held this position.** | April 2008 to present. |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Logan Utah |
| **c. Identify your supervisor(s) for this position.** | Kade Turner |
| **d. Describe your job duties for this position.** | I operate machinery which prepares, mixes,  processes, fills and seals yogurt for shipping. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  _____<br>**YES      NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____  _____<br>**YES**          **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes<br><br>Hard hat, safety glasses, steel toed boots, hair/beard nets and change into captive uniforms<br><br>Approximately 10+ min |

| | | |
|---|---|---|
| g. | If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____     _____<br>**YES**      **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes, my entire employment safety hat, glasses, hair nets and boots have always been left at the facility. Uniforms when I started with Schribers were taken home and not required to be left at the facility form April 2008 to approximately the fall of 2010. At that time it was then required to leave all uniforms at the facility with all other equipment and dress there prior to the shift beginning and changing at the end of the shift off of clock time. |
| h. | Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>From 2010 on I have been required to put all gear and uniforms on at the facility prior to starting my shift before clocking in. Gear/uniforms are required to be put on in the plant locker room. |
| i. | Did you wear the listed protective and safety gear every time you worked in this | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as** |

| | |
|---|---|
| position?<br><br>_____ _____<br>**YES** **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes, gear required to be taken off in the plant locker room after clocking out. Plant requires us to clock out first then change in the plant locker room. |

| | |
|---|---|
| | Approximately 10+ min. |
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br> **YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes<br><br>Approximately 10min. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Hard hat, steel toed boots, hair nets, safety glasses, and captive uniforms pants and shirt. |

| | |
|---|---|
| **m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____     _____<br>**YES**         **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Approximately 10 minutes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____     _____<br>**YES**         **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request** |

| | | |
|---|---|---|
| | to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Arrive at work, walk to locker room, undress, place clothing in locker, put on uniform of pants, shirt, steel toe boots, hair nets, hard hat and safety glasses. Then proceed to time clock to punch into my department to start my shift. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Clock out from department, walk to locker room, undress from uniform and safety gear, pants, shirt, hard had, glasses, hair nets and boots, put on own clothing and shoes and leave plant for home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? _____ _____ YES NO If "YES," did you regularly attend pre-shift meetings? _____ _____ YES NO If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: I am required to attend meetings before my shift but I am allowed to clock in for those meetings. |

| | |
|---|---|
| month, etc.). | |
| **r.** If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Weekly at the beginning of each week for approximately 10-20min. |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25** |

| | |
|---|---|
| | interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Reviewed schedule for starting of work week. |
| **t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>  **YES**        **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>  **YES**        **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **v. While you worked in this position, were you required to do any paperwork after you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| | |
|---|---|
| **clocked out?**<br><br>_____     _____<br>**YES**      **NO**<br><br>  **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  ____X__      No _____

        If you checked "Yes," which activities were you paid for?

        Meetings and discussing work information.

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No __X____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes ___X___     No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.


## <u>ATTACHMENT B</u>

| | |
|---|---|
| **a. How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Brought my concern of why we were not allowed to clock in to change our uniforms when they required us to change them there to be able to work to  my Human resource department and in multiple staff meetings. |
| **b. State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or** | Approximately August/September and fall months of 2010 when we were told we would no longer be able to take uniforms home and wear them to work. |

| | |
|---|---|
| **complained.** | |
| **c.** **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | HR staff and plant manager. |
| **d.** **Describe what you said and what those present said relating to your concern or complaint.** | Myself and fellow employees asked why we were not being paid to change into uniforms at the plant.<br><br>They relayed to us that it was not a consideration or option to us. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:               Yes _____                    No ____X_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:               Yes _____                    No ___X_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes __X_____            No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Intermittently as work was required.

If "Yes," above, were you paid for all overtime worked?

Response:            Yes __X_____            No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___X_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?     _____occasionally over the four years I have worked for Schreibers_____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  Yes.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ____X_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Occasionally over the years I have worked at the facility.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

Yes.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


<u>**Certificate of Service**</u>

      I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Boyd G Egan_____, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _7____ day of ___March_____, 2012.

_____Boyd G Egan_____

Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                     GPP and Room Stocker

| | |
|---|---|
| **a.  State the dates that you held this position.** | GPP - April 2, 2007 - February 1, 2010<br><br>Room Stocker - February 1, 2010 - Present |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Richland Center, Wisconsin |
| **c.  Identify your supervisor(s) for this position.** | GPP - All Weber<br><br>Room Stocker - Steve Deets |
| **d.  Describe your job duties for this position.** | GPP - General Labor Palletizing<br><br>Room Stocker - Supply filler rooms, cups, lids. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>_____   _____<br>**YES        NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| | |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____   _____<br>**YES**       **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>GPP - Yes.<br><br>Safety glasses and hairnets.<br><br>5 minutes.<br><br>-----<br><br>Room Stocker Yes.<br><br>Helmet, safety glasses, and hairnet.<br><br>5 minutes. |
| g. If you regularly put on | **Objection: Plaintiff objects to this interrogatory as vague.** |

| | |
|---|---|
| required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____      _____<br>**YES**          **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room.<br><br>-----<br><br>Yes.<br><br>Locker room. |
| h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>GPP - Locker room.<br><br>Room Stocker - Locker room. |
| i.  Did you wear the listed protective and safety | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which** |

| | | |
|---|---|---|
| | gear every time you worked in this position?<br><br>_____  _____<br>YES        NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| j. | Did you regularly take off required protective or safety gear after clocking out?<br><br>_____  _____<br>YES        NO<br><br>If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| **k.** **Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?** <br><br> _____     _____ <br> **YES**        **NO** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> GPP - No. <br><br> 5 minutes. <br><br> ----- <br><br> Room Stocker - Yes. <br><br> 5 minutes. |
| **l.** **If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> GPP - Shirt, pants, and shoes. <br><br> Room Stocker - Shirt, pants, helmets, and safety shoes. |

| | |
|---|---|
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____   _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____   _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process".** |

| | |
|---|---|
| conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrived at the plant, walk into employee entrance, go to locker room, get uniform from locker and grab boots off shelf, go to changing room change from street clothes to uniform and boots, grab safety safety glasses, hard hat, go get hairnet, earplugs, beard net, wait to punch in 5 minutes till the start of the shift, then go to meeting, then wash hands, go through foot bath, exchange information with partner and assume duties. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for partner to come relieve me, exchange information, go through foot bath, walk into locker room, change, put uniform in hampers, punch out and then leave. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | | |
|---|---|---|
| | month, etc.). | |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| _____ _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____   No _____

If you checked "Yes," which activities were you paid for?

Meetings.

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:         Yes _____             No ___No_____

If you checked "No," proceed to the next question. If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

     6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:       Yes _____         No ___No_____

     If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:                   Yes _____Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Always paid overtime on time worked.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:                   Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:                   Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Only on late calling.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

     I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S</u>
## <u>REQUEST FOR DOCUMENTS</u>

1. Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2. Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3. Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4. Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5. Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6. Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7. Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, BRENT HARRIS, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _Friday_ day of _March 16_ 2012.

_Brent Harris_
_____
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

## ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:          Grind/Blend/Cook/Distribution Associate

| | | |
|---|---|---|
| a. | State the dates that you held this position. | September 2009 through April 2010. |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Fairview Plant and Fairview Distribution. |
| c. | Identify your supervisor(s) for this position. | Kyle Luker |
| d. | Describe your job duties for this position. | Blend and mix raw ingredients, process into finished product. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____ YES   _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____  \_\_\_\_\_<br>**YES**         **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>2-3 minutes usually. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____  \_\_\_\_\_<br>**YES**         **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker room at plant. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____     _____<br>YES        NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| | Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?** <br><br> _____   _____ <br> **YES**      **NO** <br><br> **If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Locker room at the plant. <br><br> 4-5 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES          NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>4-5 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, boots, keys, locks, safety glasses, hairnet, beard net, hard hat. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES          NO** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to |

| | |
|---|---|
| If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>4-5 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____  _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Changed into uniform, clocked into my position, got required forms to fill out during shift, relieved last shift of my positional duties. |
| **p.** Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of** |

| | |
|---|---|
| (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | his/her knowledge, as follows:<br><br>Clocked out, changed out of my uniform, went home. |
| **q.** **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>**YES**         **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>**YES**         **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **r.** **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | |
|---|---|
| | knowledge, as follows:<br><br>Break room for 10-15 minutes a |
| s. **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Numbers in terms of goals, policy, and procedure. |
| t. **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>‾‾‾‾‾  ‾‾‾‾‾<br> **YES**      **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-10 minutes. |
| u. **While you worked in this position, were you required to exchange information necessary for other partners on** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25** |

| | |
|---|---|
| the next shift to perform their job prior to clocking out?<br><br>_____  _____<br>**YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>5-10 minutes. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __ No ____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __ No ____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ____ No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.  Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ___ No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.  Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

**interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:         Yes __Yes_____         No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

_____

_____

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:         Yes _____      Don't know for sure.  No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:            Yes __Yes_____         No _____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Verbal warning.</u>

    9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:            Yes ___Yes_____         No _____

    If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>2-3 times for maybe 5 hours total.</u>

    If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

    <u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

     I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>VERIFICATION</u>

I, Brent Morgan, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of February , 2012.

_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|       Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**            **Cast Cook**

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | November 2009 to January 2010 |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Claxton Street Carthage Missouri |
| c. | **Identify your supervisor(s) for this position.** | Wade Anderson and Mike (last name unknown) |
| d. | **Describe your job duties for this position.** | Measure ingredients, cut cheese in barrels, put in tubs to put in the machine, and run the computer. |
| e. | **Were you regularly required wear any protective or safety gear for this position?**<br><br>\_\_\_\_\_       \_\_\_\_\_<br>**YES**         **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____  \_\_\_\_\_<br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>No. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____  _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES        NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify.** | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br> Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Hair net and ear protection on main floor by the break room. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**_____        _____**<br>**YES            NO**<br><br>**If "NO," how frequently did you typically wear it (e.g.,** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound** |

| | |
|---|---|
| **every other day, once a week)?** | question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____    _____<br>**YES           NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>  **YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Could wear the pants and shirt from home but had to put the safety composite shoes on at the plant.<br><br>Two or three minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Just the shoes. |

| | |
|---|---|
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br> YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Just the shoes.<br><br>About a minute and a half. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____  _____<br> YES        NO | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes except for the shoes. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant and walk into the building. Then I would go to the locker room and put on my shoes, apron, and grab my hard hat and safety glasses. I would then walk by the break room and |

| | | |
|---|---|---|
| | activities. | get my hairnet and earplugs. Then I would generally clock in 3-4 minutes before the start of my shift, go to break room and drop off my lunch, then walk upstairs and to my station. Exchange some information with the partner I was relieving. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait until the next shift arrived to take my place and exchange information with the new partner. Then walk down the stairs, then to the break room and then clock out. Then I would go to the locker room and take off my shoes. Then leave the building. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Once a week or couple of weeks depending on what Schreiber was working on. |
| r. | **If you attended regular pre-shift meetings for** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The** |

| | | |
|---|---|---|
| | this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In one of the conference rooms.<br><br>Maybe thirty minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Safety or practices. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by |

| | |
|---|---|
| partners in the previous shift prior to you clocking in?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About minute or two. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| clocked out. | |
|---|---|
| | |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____      No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____      No __No____

If you checked "Yes," which activities were you paid for? _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____ No \_\_No\_\_\_\_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

2-4 times a week between 8-16 per week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I believe I spent about 20 minutes per shift between pre and post shift work for which I was not

properly paid.

   8.    Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

   Response:          Yes _____            No ___No_____

   If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?

   If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

   9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

   Response:          Yes __Yes_____            No _____

   If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

When I was terminated.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**                    **Line Attendant and Cheese Cutter**

| | | |
|---|---|---|
| a. | State the dates that you held this position. | Dates Unknown - Time split in about half. |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Smithfield Utah |
| c. | Identify your supervisor(s) for this position. | Team Advisor David Bittner and Team Leader Paul Webber |
| d. | Describe your job duties for this position. | Cheese Cutter - Cut big blocks into little blocks.<br><br>Line Attendant - Weigh and trim cheese to proper weight. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____      _____<br>YES          NO | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes for both positions |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____     ____<br>**YES**           **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes to both.<br><br>Hair net, beard net, safety glasses, ear protection, and apron for both.<br><br>3-4 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____    _____<br>YES          NO<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got protective gear from different areas of the facility, specify. | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes for both.<br><br>Hearing protection, safety glasses in locker.<br><br>Beard net and hair net were in a small room with the foot bath.  Then picked up apron. |
| h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Hearing protection and safety glasses in locker room.<br><br>Beard net and hair net in the room with the foot bath.  Put apron on waiting in line to clock in. |
| i.  Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____    _____<br>YES          NO<br><br>If "NO," how frequently did you | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes for both. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>  **YES**           **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes, except for the Apron which could be dropped in a hamper while waiting to clock out.<br><br>Took the rest of the protective gear off in the locker room.<br><br>It took some time to get to the locker to take off the protective gear.  It could take about 5 minutes to get to the locker and take off the protective gear. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____      _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Had to change from street shoes to steel toed shoes at the plant. Could wear the uniform, pants and a shirt, to the plant in both positions.<br><br>Three to four minutes to take off street shoes and put on steel toed shoes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Steel toed shoes. |

| | |
|---|---|
| | |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____      _____<br>   **YES**            **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____      _____<br>   **YES**            **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process".** |

| | |
|---|---|
| conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrived at the plant, walk into the building, went into the locker room to change into the safety shoes, got safety gear from the locker, then went to wash hands and go through foot bath and pick up beard and hair net. Then wait to clock in. Put on the apron while waiting to clock in. Then went to get gloves and sleeves after clocking in. Then went to relieve partner between 3-5 minutes before the start of the shift. Exchanged information with partner about the shift. |
| p. **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Waited for partner to come relieve me, exchange information about the shift, go to the time clock and take off apron while waiting to clock out and put apron in the hamper. Locker room was very crowded so it could take 5 minutes to get into the locker room and then another 5 minutes or so to take off the protective gear and boots. Then I would typically leave. |
| q. **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>\_\_\_\_\_  \_\_\_\_\_<br>**YES**      **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>\_\_\_\_\_  \_\_\_\_\_<br>**YES**      **NO**<br><br>**If "YES," estimate how** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| | often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | No for both. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25** |

| | |
|---|---|
| **your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | interrogatories and discrete subparts that are allowed by **Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>3-5 minutes unless there was some sort of problem and then it could take longer. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| clocked out. | |
|---|---|

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:        Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

**interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Worked one to two, 4 hour shift, of overtime each week for approximately 6-7 months

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____            No ___NO_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes ___Yes_____            No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Maybe three times if I had a Dr. appointment.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

No, but got docked points.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, , 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# <u>ATTACHMENT A</u>

**Note:** Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

<u>Position Held:</u>        <u>Knockdown</u>

| | |
|---|---|
| **a. State the dates that you held this position.** | November 2009 to October 2011 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville |
| **c. Identify your supervisor(s) for this position.** | Alenka Olvine |
| **d. Describe your job duties for this position.** | Pick up 640's load to machine and cut for processing to a slicer machine. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  YES     _____  NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____   ____<br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Helmets, safety glasses, earplugs, hairnets, steel toed boots, uniform.<br><br>About 8-10 minutes every workday. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____     _____<br>**YES**        **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Kept in lockers, assigned lockers. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In locker room, inside the plant. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____     _____<br>**YES**        **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| | Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>**YES**      **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the hallways on the way to break and when going to locker to change and go home. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-10 minutes because everyone was there at the same time and no place to sit down. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Steel toe boots, safety glasses, hardhat, hairnet, earplugs, pants, and shirt. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as** |

| | |
|---|---|
| **YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>5-10 minutes. Everyone is there at the same time and it's hard when there is no space. Everything is jammed up in there. |
| **n. Were you allowed to take your uniform home for this position?**<br><br>_____     _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Show up, change into uniform and clock in. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of** |

| | | |
|---|---|---|
| | (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | his/her knowledge, as follows:<br><br>Wait till 7:00pm to clock out in line. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____     _____<br>**YES**         **NO**<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____     _____<br>**YES**         **NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.<br><br>These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes but I would usually try and clock in before the meeting sometimes.<br><br>Yes.<br><br>About twice a month. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without |

| | | waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
|---|---|---|
| | | The meetings usually were before work or after work shift. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Safety, process, OIP. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>**YES**     **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| u. | While you worked in this position, were you | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging** |

| | |
|---|---|
| required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____  _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____   No _____

If you checked "Yes," which activities were you paid for?

Sometimes you would clock in then go to the meetings, other times you would just go to the meetings.

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____      No __No____

If you checked "Yes," which activities were you paid for?

<u>You have to spend 5-10 minutes every work day because everyone is there at the same time</u>

<u>trying to change.</u>

      4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

      Response: Yes _____        No \_\_\_No\_\_\_\_

      If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____                    No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____                    No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    Response:          Yes ___Yes_____          No _____

    If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

About ones every time it was by seniority.


    If "Yes," above, were you paid for all overtime worked?

    Response:          Yes ___Yes_____          No _____

    If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

        8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:           Yes ___Yes_____          No _____

       If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>A few minutes late because my uniform was misplaced.</u>

       If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>It was taken off my attendance by a percentage.</u>

        9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:           Yes ___Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

A few times because there was no work so they gave us the option of leaving early.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

I had court day and they went off on my attendance, I was close to being suspended.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, CARLOS MACIAS, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___9___ day of ___MArch___, 2012.

_____
Signature

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ **Line Breaker** _____

| | | |
|---|---|---|
| a. | State the dates that you held this position. | 2004 - 2008 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville |
| c. | Identify your supervisor(s) for this position. | Chad, Don Hall |
| d. | Describe your job duties for this position. | Keep machine going, pulled orders from warehouse, get things set up and keep a log of product. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____ _____<br>YES       NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?** <br><br> _____    _____ <br> **YES**               **NO** <br><br> **If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Hairnet, hardhat, and safety glasses. <br><br> About 3 minutes. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time** |

| | |
|---|---|
| _____ _____ <br> **YES** **NO** <br><br> **If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | **periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Hardhat and safety glasses in locker. <br><br> Hairnet in bathroom. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Most of the time in the break room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?** <br><br> _____ _____ <br> **YES** **NO** <br><br> **If "NO," how frequently did you typically wear it (e.g.,** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound** |

| | |
|---|---|
| every other day, once a week)? | question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Usually in the hallway. |

| | | |
|---|---|---|
| k. | Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**    **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 10 minutes. |
| l. | If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, and steel toed boots. |
| m. | Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**    **NO**<br><br>If "YES," state the | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the |

| | |
|---|---|
| estimated total number of seconds or minutes it typically took you to change out of your uniform. | right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____  _____<br>**YES**  **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant about 20 minutes early, go to break room for few minutes to say hi, then go to the locker room to change from street clothes to uniform, grab hardhat, safety glasses and hairnet, then go clock in. Then go to the area I was working at and exchange information and then assume duties. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| | **workers, took off my uniform) in terms of time and sequence of activities.** | Wait for the end of the shift and give information to next shift, turn in paperwork, then clock out, then go to locker room and change back into street clothes and put up safety gear. Then go home. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term ''meetings'' is not defined by the Defendant. The term ''meetings'' could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, ''meetings'' is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term ''meetings'' is not defined by the Defendant. The term ''meetings'' could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, ''meetings'' is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? <br><br> _____ _____ <br> **YES** **NO** <br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out? <br><br> _____ _____ <br> **YES** **NO** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. |

| | |
|---|---|
| **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Maybe 15 minutes. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>    **YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____         No \_\_No\_\_\_\_

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____  No \_No\_\_\_\_

If you checked "Yes," which activities were you paid for?

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes  __Yes____  No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Maybe after being there a year I complained a couple of times. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | I spoke with Nancy Whitworth the safety director. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I asked why we didn't get paid for changing in and out of the uniforms. She said that was just the policy. |

5.　　Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

　　Response:　　　　　Yes ＿＿＿＿＿　　　　　No ＿＿No＿＿＿＿

　　If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.　　Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

　　Response:　　　　　Yes ＿＿Yes＿＿＿＿　　　　　No ＿＿＿＿＿＿＿＿

　　If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

Don Hall and maybe Eddie. Maybe 3-4 times after I clocked at the end of a shift.

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Depended on the time of year. Sometimes as much as 25 hours per week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          I don't know.  No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:         Yes _____         No ____No_____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:         Yes _____         No ___No_____

    If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

## OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff is looking for documents and will send responsive documentation upon location.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.       Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                         Blender (Alt)

| | |
|---|---|
| **a.  State the dates that you held this position.** | July 23 2008 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Logan |
| **c.  Identify your supervisor(s) for this position.** | |
| **d.  Describe your job duties for this position.** | Operate and load machines in various blending positions. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  _____<br>**YES            NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes |
|---|---|
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____       \_\_\_\_<br>**YES**           **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Helmet, hairnet and earplugs. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____       _____<br>**YES**           **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker area. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____ _____<br>YES NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| | No. |
| | One time weekly. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?** _____  _____  **YES**  **NO** **If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.** **If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** **No.** |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ YES     _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ YES     _____ NO<br><br>If "YES," state the | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the |

| | |
|---|---|
| estimated total number of seconds or minutes it typically took you to change out of your uniform. | right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____     _____<br>**YES**          **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Enter building, get hairnet, go to locker, retrieve hard hat, tools, safety boots, earplugs and put on. Wait to clock in until allowable time to clock in. Clock in, enter production floor. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Exit production floor, clock out, walk to lockers, remove |

| | |
|---|---|
| uniform) in terms of time and sequence of activities. | equipment listed above, exit plant. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____ YES _____ NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____ YES _____ NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>No.<br><br>One time weekly as alternate was used in yogurt department. |
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | In yogurt, cream cheese break room.<br><br>5-10 minutes. |
| **s.** **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Assign positions and lay out production schedule. |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>   **YES**          **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** **While you worked in** | **Objection: This interrogatory calls Plaintiff to speculate as to** |

| | |
|---|---|
| this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____      _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>5 minutes. |
| v.   **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____      _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes _____        No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes _____        No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management __not__ to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

_Response_:          Yes _____             No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to __not__ record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

_Response_:          Yes __Yes_____             No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_Unknown._

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:               Yes ___Yes_____          No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Unknown.

        If "Yes," above, were you paid for all overtime worked?

        Response:               Yes _____          No ___No_____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I worked back to back shifts (16 hours) and was paid regular as the next shift was the next day.

      8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes ___Yes_____          No _____

      If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>1 time 1 hour.</u>

      If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>No.</u>

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes ____Yes_____          No _____

      If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>One time due to an injury two hours after clocking in.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Casey Christensen, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18 day of February , 2012.


_____
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:              Traffic Clerk and Packaging

| | |
|---|---|
| **a.** State the dates that you held this position. | 2008 to 2010 as traffic Clerk and January 2010 through present in Packaging |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Fairview |
| **c.** Identify your supervisor(s) for this position. | Traffic Clerk: George Bene<br><br>Packaging: AJ Lutz |
| **d.** Describe your job duties for this position. | Traffic Clerk: Take care of in/out bound side of distribution.<br><br>Packaging: Oversee department. |

| | |
|---|---|
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>_____     _____<br>**YES**       **NO** | - **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**       **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, hairnet, beard bag.<br><br>About 5 minutes. |
| g. If you regularly put on required protective or safety gear for this | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on** |

| | |
|---|---|
| position, was it kept on-site at the Schreiber facility?<br><br>_____      _____<br>**YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Beard bag and hairnet in the hallway. |
| h. **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| i. **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>\_\_\_\_\_      _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| | Yes. |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>**YES         NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>Thirty seconds to a minute. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ YES     _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>3-4 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, short sleeve snap up shirt, lace up steel toed shoes. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____      _____ | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>3-4 minutes. |
| **n.**  **Were you allowed to take your uniform for this position home?**<br><br>_____      _____<br>**YES**         **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.**  **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked in the front door, through the break room and drop off lunch, to locker room to get dressed, then to a pre-shift meeting for 5-10 minutes, grab hairnet and beard bag, then clock in.<br><br>Then:<br><br>Traffic Clerk then get shift report from partner, exchange information and begin work.<br><br>Packaging went to floor and got exchange that was an updated |

| | |
|---|---|
| | version of what we got in pre-shift meeting then begin work. |
| **p.** **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Traffic Clerk: wait for partner to relieve and exchange information adn shift report, then go clock out, go to the locker room, change out of uniform and put up hard hat and safety glasses, throw away beard bag and hairnet. Dirty uniform in bin, then go through break room to get lunch bag, leave the building.<br><br>Packaging: Wait for partner, exchange information with partner, turn in paperwork adn get new paperwork for relief shift, then clock out, go to the locker room, change out of uniform and put up hard hat and safety glasses, throw away beard bag and hairnet. Dirty uniform in bin, then go through break room to get lunch bag, leave the building. |
| **q.** **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g.,** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes. |

| | | |
|---|---|---|
| | once a week, once a month, etc.). | Daily. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Occur at 15 minutes before the start of the shift in the hallway. They last between 5-10 minutes or longer if we are being told we did something incorrect. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>What we are working on, what we are about to finish, what expectations are, what we did the night before, what we will be doing this shift, and job assignments. |

| | |
|---|---|
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____  _____<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____  _____<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>2-3 minutes. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by** |

| | Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
|---|---|
| **YES**          **NO**  <br><br>  **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No _No_____

If you checked "Yes," which activities were you paid for?  _____

_____

4.          If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____   No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | 4-5 times since 2008 to my supervisor AJ Lutz, Relief TA Luke White, and Human Resources Kelly Atkines. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | My supervisor AJ Lutz, Relief TA Luke White, and Human Resources Kelly Atkines. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I asked why maintenance got paid for putting on uniform and putting on PPE. The first couple of times I was told they didn't know that was happening and then they started saying it was a difference in departments. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis. At least 12 hours a week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No ____No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I am not paid for pre and post shift work. I believe this is roughly 30 minutes per day.

8.    Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?  _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes ___Yes_____            No _____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early? <u>Two or three times when I</u> <u>needed to leave early for being sick.  Couple hours or so early.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.  <u>Pointed.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|      Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

Response: See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: QA Wrapper

| | | |
|---|---|---|
| a. | State the dates that you held this position. | Start date unknown to March 2012 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville Texas |
| c. | Identify your supervisor(s) for this position. | John Mathews and Alenka were both TA. Andy Powell was a TL. |
| d. | Describe your job duties for this position. | Make sure the quality of the cheese was acceptable. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____ YES      _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES**        **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, earplugs, and hair net.<br><br>About 3 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**          **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Hairnet and earplugs in the hallway. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____      _____<br>**YES**          **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows: Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Started taking it off after I left the floor and finished in the locker room.<br><br>2-3 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 5 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, snap up shirt, steel toed boots and jacket. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____   _____<br> YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 5 minutes. |
| n.  Were you allowed to take your uniform home for this position?<br><br>_____   _____<br> YES      NO | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, walk into the building, get uniform from the uniform locker, then go down the hall to the locker room, grab hairnet and earplugs, change from street clothes to uniform and put on safety gear, go onto the production floor to clock in. Clock |

| | | |
|---|---|---|
| | activities. | in, grab paperwork outside the TA office (sometimes paperwork was inside the office), then go to work station, exchange information with the partner, and assume their duties. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for partner to come relieve the station, turn in paperwork, then clock out, walk off the production floor, start taking off protective gear on the way to the locker room, change from uniform to street clothes, put uniform in uniform bins, and leave the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>‾‾‾‾‾     ‾‾‾‾‾<br>**YES          NO**<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>‾‾‾‾‾     ‾‾‾‾‾<br>**YES          NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For** |

| | | |
|---|---|---|
| | typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, |

| | |
|---|---|
| you clocking in?<br><br>_____    _____<br>**YES**        **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. Times the partner wasn't present, they've already left. |
| u. **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES**        **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-10 minutes depending on what was going on. |
| v. **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**        **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:  Yes  _____          No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:  Yes  _____          No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____    No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | |
|---|---|
| **a.** **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Several times during my employment. |
| **c.** **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Team Advisors, Team Leaders and the Plant Manager. |
| **d.** **Describe what you said and what those present said relating to your concern or complaint.** | Complained about not being paid for all time worked. They would just say that is the policy. |

5.    Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.    Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation.  For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Overtime was on a very consistent basis. I do not know the average amount of overtime per week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes, but see below_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I don't believe I got paid for all my overtime.

       8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:        Yes ___Yes_____        No _____

     If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Maybe 10 times.  Maybe 15 minutes trying to find a uniform.

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  <u>Yes.</u>

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:        Yes _____        No ____No, but see below_____

     If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Unless I was told to clock our early.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.  No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>VERIFICATION</u>

I, Charmaine Konley, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____21_ day of __March_____, 2012.


_____Charmaine Konley_____


Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
|       Defendant. ) | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS</u>

## <u>QUESTIONS</u>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: **Operator**

| | | |
|---|---|---|
| a. | State the dates that you held this position. | February 2008 to October 2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Fairview |
| c. | Identify your supervisor(s) for this position. | AJ Lutz, Matt Johnson |
| d. | Describe your job duties for this position. | Ran poucher, ran delcor, and block line. |
| e. | Were you regularly required wear any protective or safety gear for this position?  ____ YES   ____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | Yes. |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>YES NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, earplugs, hairnet.<br><br>About 2-3 minutes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**       **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify.** | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Earplugs and hairnet in hallway. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the locker room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**_____     _____**<br>**YES**       **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About 2 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____      _____<br>   **YES**          **NO**<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 10 minutes. |
| **l.**  If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, short sleeve snap up shirt, and steel toed shoes. |
| **m.** Were you required to | Objection: Plaintiff objects to this interrogatory as vague as |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 10 minutes. |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive about 10:30 for the 11:00 shift, go to locker room change from street clothes to uniform, put on safety gear, attend pre-shift meeting, then clock in. Go relieve partner, exchange information, |

| | | |
|---|---|---|
| | activities. | and take over. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Wait for relief partner, exchange information, turn paperwork in if necessary, clock out, then go to the locker room and change to street clothes and put away safety gear and put uniform in dirty bin, then left the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? <br><br> _____      _____ <br> **YES**         **NO** <br><br> If "YES," did you regularly attend pre-shift meetings? <br><br> _____      _____ <br> **YES**         **NO** <br><br> If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.** <br><br> **These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Yes. <br><br> Daily. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls** |

| | | |
|---|---|---|
| | minutes you regularly spent in a pre-shift meeting. | Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Daily in the hallway.<br><br>Generally lasted 3-4 minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Tell us what formula we were on, what was going to be running, what line we were on, and what had been going on during second shift. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, |

| | |
|---|---|
| previous shift prior to you clocking in?<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>It would vary. Sometimes 2 minutes sometime if we had trouble it could take up to 10 minutes. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?

I don't know if we got paid for exchanging information with partners if it was done in the 7 minute window before the start of our shift.

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

I don't know if we got paid for exchanging information with partners if it was done in the 7 minute window after the end of our shift.

If you checked "Yes," which activities were you paid for?

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  _____         No  ___No, but see attachment B___

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.


## ATTACHMENT B

| | |
|---|---|
| **a.  How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | |
| **b.  State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | |

| | |
|---|---|
| **c. Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | |
| **d. Describe what you said and what those present said relating to your concern or complaint.** | We were in a pre-shift meeting and someone asked why we were didn't get paid for putting on uniforms. Our Team Leader Kye told us we didn't get paid for dressing out because it was not hazardous material. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management **not** to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No ___No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No ___No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes ___Yes_____        No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

On a weekly basis for one to two days a week.

        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:              Yes ___Yes_____        No _____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

       8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:          Yes ___I am not for sure_____         No _____

       If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

       If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:          Yes _____     <u>I am not for certain.</u> No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874

Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

  I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, _Beth West_, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _10_ day of _March_, 2012.

_/s/ehery/ Beth West_

Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|      Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**        **Maintenance Technician**

| | |
|---|---|
| **a. State the dates that you held this position.** | From date Schreiber took over facility to October 21, 2011 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Gainesville |
| **c. Identify your supervisor(s) for this position.** | Eleven different supervisors - Robert Garrison, David Bolten, Allen Bates, Rodrick. Cannot recall the rest. |
| **d. Describe your job duties for this position.** | Perform maintenance on facility equipment and the facility. |
| **e. Were you regularly required wear any protective or safety gear for this position?** <br><br> _____  _____ <br> **YES        NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f.  Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, hairnet, beard net, and ear plugs.<br><br>About 10 minutes. |
| **g.  If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____    _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**      **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Ear plugs, hairnet and beard net in bins in the hallway. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.** For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker room. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____      _____<br>**YES**      **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.** For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____      _____<br>**YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About 7 minutes. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 10 - 15 minutes |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, long sleeve flame retardant, electrical safe snap shirt, and lace up steel toed boots. |

| | |
|---|---|
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 10 - 15 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant at about 5:25pm, go to the uniform locker, grab shirt and pants, then go to the locker room and change from street clothes to uniform, put on safety gear, go through footbath |

| | | |
|---|---|---|
| | **activities.** | and wash and sanitize hands, then go to time clock to clock in. General exchange of information with the previous shift. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait until the end of the shift, then go clock out, then go to the locker room to change, put away safety gear, put boots away, put dirty uniform in bin, then leave the building. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ YES _____ NO<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ YES _____ NO<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders** |

| | | |
|---|---|---|
| | number of seconds or minutes you regularly spent in a pre-shift meeting. | that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>   YES        NO<br><br>If "YES," state the | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| estimated total number of seconds or minutes you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.       If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____   No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | |
|---|---|
| **a. How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b. State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I do not know the dates. It seems like each time we had a new supervisor we would bring up the issue of not being paid for having to put on and take off a uniform pre and post shift. |
| **c. Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Supervisors. |
| **d. Describe what you said and what those present said relating to your concern or complaint.** | We would ask why we were not being paid for having to put on and take off a uniform pre and post shift. The supervisors would go to HR and come back and tell us that was Schrieber's rules and that was the way it was. |

5.　　Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:　　　　　Yes ＿＿＿＿＿＿　　　　　No ＿＿No＿＿＿＿＿

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

6.　　Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:　　　　　Yes ＿＿＿＿＿＿　　　　　No ＿＿No＿＿＿＿

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

7.  Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes __Yes_____            No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Just depended on what was going on with the machines. It didn't occur every week but probably every two to three weeks.

If "Yes," above, were you paid for all overtime worked?

Response:            Yes ___Yes_____            No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

       8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:         Yes ____Yes_____         No _____

     If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Maybe two times for 10 minutes; 15 minutes at the most.</u>

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Given a tardy.</u>

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:         Yes _____         No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

I can't recall a specific time I clocked out early.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

_/s/ C. Jason Brown_
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Chris Satterfield, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _23_ day of _march_, 2012.

_____
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                      Shred Knock Down

| | | |
|---|---|---|
| a. | State the dates that you held this position. | January 2009 through April 2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville Texas |
| c. | Identify your supervisor(s) for this position. | Unable to recall names at this time. |
| d. | Describe your job duties for this position. | Put blocks of cheese on the line. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____ YES     _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | Yes. |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____    _____<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, ear protection, hairnet and beard net.<br><br>About 5 minutes. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____    _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**      **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Ear protection, hairnet and beard net in the hall. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____      _____<br>**YES**      **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ YES      _____ NO<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the hallway.<br><br>About 30 seconds. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)? <br><br> _____      _____ <br>   **YES**        **NO** <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Between 10-20 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Pants, long sleeve snap up shirt, steel toed shoes. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **n.  Were you allowed to take your uniform for this position home?**<br><br>_____  _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walk into the building, to the locker to get clean uniform, then to the regular locker in the locker room, change from street clothes into uniform, grab hard hat, safety glasses, walk to get hairnet, beard net, and ear protection. Put on safety gear while waiting to clock in. Clock in. Grab apron and gloves at work station, exchange information with partner and |

| | | take over work. |
|---|---|---|
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for relief partner, exchange information, throw away gloves and apron, turn in paperwork, clock out, go to locker room and change from uniform to street clothes.  Then put safety gear in locker with uniform or put uniform in bin and leave. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____     _____<br>**YES             NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____     _____<br>**YES             NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls** |

| | | |
|---|---|---|
| | minutes you regularly spent in a pre-shift meeting. | Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| **YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | |
| **u.**   **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-10 minutes. |
| **v.**   **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____   No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | During my employment. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Supervisor Todd Nelson . |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I asked him why we didn't get paid for time spent putting on the uniform. He said that was the policy. |

5.    Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.    Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Just whatever was available.


If "Yes," above, were you paid for all overtime worked?

Response:            Yes ___Yes_____            No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

        8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:      Yes _____         No ___No_____

      If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?  _____

_____

      If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

      **Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

<u>Response</u>:          Yes _____          No ___No_____

       If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

       If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____


**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


<div align="center"><u>**Certificate of Service**</u></div>

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street

Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, _____Cody Brewer_____, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _15_ day of __March__, 2012.


_____Cody Brewer_____
Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held:        Line 3 wrapper operator

| | |
|---|---|
| a. State the dates that you held this position. | 2008-2010 |
| b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Mt. Vernon MO |
| c. Identify your supervisor(s) for this position. | Dewayne Glover, Kyle do not remember last name |
| d. Describe your job duties for this position. | Change the foil and slice cut on machine with different orders, if trouble on line then I helped problem shoot it, if wrapper broke I would break it down and fix it |
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>X_     _____<br>YES     NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X__    _____<br>YES         NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>The safety gear I wore was helmet, safety glasses hairnet, ear plugs, glove for box knives<br><br>To retrieve my gear with the walk and put it on took approximately 15 minutes |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time |

| | |
|---|---|
| facility?<br><br>**_X__       _____<br>YES             NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify.** | periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Hair net ear plugs by the time clock<br><br>Hat and glasses in locker |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I put the gear on in the locker room |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**X_       _____<br>YES            NO**<br><br>**If "NO," how frequently did you** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery** |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X_**      **_____**<br>**YES**           **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take the gear off and put it away was a lot faster, it took about 10 minutes. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>**_X__      _____**<br>**YES        NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To get my boots and uniforms took 20 minutes total , because I had two separate lockers, I had combinations to work on both and after I got the uniform out of the first I would go to my personal locker and put my clothes in that locker and get dressed. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Lace-up steel toe Boots, pants, shirt. |

| | |
|---|---|
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_**X**__ _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It took approximately 15-20 minutes to change out of the uniform because you had to take the uniform to the laundry, get in your own personal locker and get dressed. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____     __**X**_<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I get to plant put tea in fridge, get stuff (uniform and gear) out take into locker room, get everything out, get dressed, get in line |

| | | |
|---|---|---|
| | **activities.** | to clock in. |
| **p.** | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> At the end of the shift, I would make sure there were enough people to cover the next shift, turn paperwork over, go off floor, head downstairs clock out, go to locker room, get undressed get normal clothes on, put safety gear away, take dirty uniform to hamper and leave. |
| **q.** | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?** <br><br> _____     _X_ <br> **YES**       **NO** <br><br> **If "YES," did you regularly attend pre-shift meetings?** <br><br> _____     _____ <br> **YES**       **NO** <br><br> **If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> There was a special clock in for pre-shift meetings. |
| **r.** | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders** |

| | | |
|---|---|---|
| | number of seconds or minutes you regularly spent in a pre-shift meeting. | that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term ''meetings'' is not defined by the Defendant. The term ''meetings'' could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, ''meetings'' is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?  _____    _X_      YES        NO   If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>**_X__**     **_____**<br>  **YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I would have to stay after the shift until next shift came to tell them what was going on with the machine what was needed and general information regarding our position. I had to stay on the floor until the next shift person showed up.<br><br>On average I waited on the floor 10 minutes, if there was a meeting this could be longer. |
| **v.** While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>**_____**     **_X_**<br>  **YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _X__

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _X_

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No _X_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management **not** to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No __X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to **not** record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No __X___

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __X___          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked overtime on a daily basis_____

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

On average I worked 10 hours of overtime per week_____

       8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:          Yes __X_____          No _____

     If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? I may have done this a few times, I tried to call and say I was going to be late, usually a flat tire or something, I tried to keep perfect attendance. _____

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  No I was not because I had legitimate reasons_____

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:          Yes _____          No __X____

     If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? Unless I was sent home

early due to lack of work.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

_/s/ C. Jason Brown_
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

       I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Constance Irwin, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ⟨29⟩ day of ⟨February⟩ 2012.

_Constance J. Irwin_
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ Electrician _____

| | |
|---|---|
| **a. State the dates that you held this position.** | November 2001 - December 2010 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Mt. Vernon |
| **c. Identify your supervisor(s) for this position.** | Mike Logan |
| **d. Describe your job duties for this position.** | Electrical and electronics jobs. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ _____<br>**YES          NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)? <br><br> _____      _____ <br> **YES**              **NO** <br><br> If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets). <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Hard hat, earplugs, hairnet, beard bag, safety glasses, safety shoes and uniform. <br><br> 6 minutes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____    _____<br>**YES**          **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got protective gear from different areas of the facility, specify.** | **assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety glasses, hard hat, uniform, and shoes - my locker in the plant locker room.<br><br>Earplugs, hairnet, beard bag - by break room door. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Uniforms, safety shoes, safety glasses, and hard hat are put on in the plant locker room.<br><br>Earplugs, hairnet, beard bag are put on by breakroom. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____    _____<br>**YES**          **NO**<br><br>**If "NO," how frequently did you** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery** |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____        _____<br>**YES**            **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the locker room.<br><br>5 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____   _____<br>**YES        NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shoes, pants, shirt, and bump cap. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____   _____<br>**YES        NO**<br><br>If "YES," state the | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the** |

| | |
|---|---|
| estimated total number of seconds or minutes it typically took you to change out of your uniform. | right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| n.  Were you allowed to take your uniform for this position home?<br><br>_____          _____<br>**YES**                **NO** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I would make sure that I arrived at work 15 minutes early so I could clock in first, put on all my safety gear, and talk to the previous shift maintenance men about what they fixed or needed to be done yet. This 15 minutes each day was not paid. |
| p.  Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I was required to stay suited up with all safety gear till I clocked |

| | | |
|---|---|---|
| | uniform) in terms of time and sequence of activities. | out. After clocking out I removed all safety items except my uniform. I would wear the uniform home, shower, change clothes. The dirty uniform was returned to work laundry. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    _____<br>YES          NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    _____<br>YES          NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| | | |

| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>  YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 10-15 minutes. |
| u. | While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections,** |

| | |
|---|---|
| to clocking out?<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. Most of the time.<br><br>Most of the time (about 75%) I was still clocked in about 10-15 minutes. |
| v.   **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  __Yes____          No _____

If you checked "Yes," which activities were you paid for?

Discussing work information with other partners - about 75% of the time I was able to do

<u>this while I was clocked in.</u>

        4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

        Response: Yes __Yes____ No _____

        If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | I talked to Rod Poziwilko - maintenance manage and Barb - payroll/time person about my hours. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | About July 2005 and September 2009. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Rod Poziwilko and Barb Henson. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I told them that the time only came up to two hours a week but, Rod asked Barb to take all early clock-ins and late clock out back to 7am to 7pm. I was not allowed any extra time unless it was pre-approved. |

5.    Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:         Yes _____              No ____ No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.    Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:         Yes _____              No ___ No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:               Yes __Yes_____          No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Every other Sunday I worked 4 hours overtime on a recurring basis. There was unexpected overtime sometimes.</u>

        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:               Yes ___Yes_____          No _____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes ___Yes_____        No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>One time when my truck broke down and I was 45 minutes late.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>I lost .50 per hour for that week.</u>

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____           No \_\_\_ No _____

    If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

    If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

<u>/s/ C.  Jason Brown</u>
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

    I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl

Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, DALE MCALISTER, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _6_ day of _March_, 2012.


_Dale McAlister_
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held:          AST

| | | |
|---|---|---|
| a. | State the dates that you held this position. | 9/25/07-8/28/09 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Schreiber Foods Ravenna NE Plant |
| c. | Identify your supervisor(s) for this position. | Brynn Husk |
| d. | Describe your job duties for this position. | Quality Control, packaging cheese according to customer request |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>X_      _____<br>YES        NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X_     _____<br>**YES**       **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I put on bump hat, steel toed shoes, hearing plugs, hairnet, safety glasses, cutting gloves<br><br>It took approximately 15-20 minutes before each shift. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>X_     _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Uniforms were in different closet outside locker room. The rest of the gear was kept inside locker room. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put it on in the locker room. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_      _____<br>YES        NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** Did you regularly take off required protective or safety gear after clocking out?<br><br>**_X_**     _____<br>**YES**      **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Took off after leaving the production floor and changed in the locker room.  It took 15-20 minutes each day worked. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X__      _____<br>  **YES**          **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>15-20 minutes |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Schreiber top and bottom, jacket, steel toed shoes and all the ppe gear. |
| **m.** Were you required to change out of uniform | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In** |

| | |
|---|---|
| at the facility after your shift (i.e., after clocking out)?<br><br>_X_      _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>It took approximately 15-20 minutes each shift |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____      _X_<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>All activities needed to be complete before clocking in and going to the floor |
| **p.** Describe the process you used for clocking | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The** |

| | |
|---|---|
| out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Leave the floor, clock out, head to locker room take gear off and leave. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>**_X__      _____**<br>**YES          NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>**_X__      _____**<br>**YES          NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>We usually go to clock in but other times a sheet would get passed around to sign for time adjusted, meetings were once a month unless specifically had important to discuss |
| **r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff** |

| | | reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
|---|---|---|
| | | Pre-shift was also exercise done before we worked outside of the production area |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>What each line was doing for the day and what orders had to be out. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _X__<br> YES      NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>(TA) shift managers job |

| | |
|---|---|
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ \_\_X\_\_<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ \_X\_<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No _X_

If you checked "Yes," which activities were you paid for?  We had to have all ppe on

before entering the plant_

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No _X_

If you checked "Yes," which activities were you paid for?  Had to clock out before the

five minute walk to the locker room._____

4.  If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____    No _X_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.  Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:    Yes _____    No __X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly
burdensome and calling for speculation. Plaintiff may be unaware of the position of an
individual instructing them to work before or after their shift and to not record that time.
This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right
to supplement his/her responses to this question after having an adequate opportunity to
conduct and review discovery.  Question contains impermissible subparts and actually
contains at least 2 separate and distinct questions.  This interrogatory and the
corresponding subpart exceeds the 25 interrogatories and discrete subparts that are
allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the
best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____            No ___X__

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?
        **Question is overly broad, vague, and ambiguous.  The term "overtime" is vague,
ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also
calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime"
means work performed in excess of 40 hours in a work week.  Plaintiff further assumes
that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week
or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does
not necessarily assume that Defendant's use of the term "overtime" includes or refers to
pre or post shift work that was performed but was rounded away or that was performed
before clocking in or after clocking out.   Question contains impermissible subparts and
actually contains at least 4 separate and distinct questions. This interrogatory is also
premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her
responses to this question after having an adequate opportunity to conduct and review
discovery.  This interrogatory and the corresponding subpart exceeds the 25
interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without
waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes __X_            No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I usually worked 2-6 hours of OT a week_____

If "Yes," above, were you paid for all overtime worked?

Response:                Yes ___x_____                No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I averaged weekly 8 hours of OT, but this did not happen every week just most weeks___

8.    Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                Yes _____                No ____x___

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?  I was in admin office talking with insurance rep and I was harassed by my supervisor Matt Dunn half the night for clocking in 5 minutes late

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  _____

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes _____        No ____X__

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were        disciplined        and        who        disciplined        you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

_/s/ C. Jason Brown_
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**Certificate of Service**

       I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Darci Schwadeser, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _12_ day of _March_, 2012.

_____

Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

**Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.**

**Position Held:            Cut Line Breaker, Trainer, Safety Committee**

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | 2005-2010 |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville TX plant |
| **c.** | **Identify your supervisor(s) for this position.** | Jannie Wease |
| **d.** | **Describe your job duties for this position.** | Brought package to run the orders and filled in for line operator while they were on break or restroom break.<br><br>Trainer- I trained and interviewed people and did this without extra pay.<br><br><br>Safety committee- I made sure people had safety gear on. |

| | |
|---|---|
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>X_ \_\_\_\_\_<br>YES NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X\_\_ \_\_\_\_\_<br>YES NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I wore safety glasses, ear plugs, hard hat, and hair net.<br><br>I estimate it took 10-15 minutes to retrieve and put on these items. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time |

| | |
|---|---|
| facility?<br><br>**X_** _____<br>**YES**        **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | **periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My safety gear was kept in a office on the second floor and you would get a week's supply and then keep that in the locker. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I put the gear on in the locker room. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**X_** _____<br>**YES**        **NO**<br><br>**If "NO," how frequently did you** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery** |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X__ _____**<br>**YES NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I took the gear off in the locker room.<br><br>It took approximately 2 minutes to take off and put away. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>**_X_**      **_____**<br>  **YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It took approximately 40 minutes to retrieve the uniform and put the boots, pants, jacket and shirt on due to the locker room being so crowded. It could take up to 40 minutes due to the overcrowded condition in the locker room. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My uniform was boots pants shirts and jacket. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_X_      _____<br>YES         NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>It took approximately 40 minutes to change and drop the uniform off in the laundry due to crowded conditions of locker room. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____     _X_<br>YES         NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I would arrive at around 2 and sit in break room and have a cup of coffee or snack. When others came in I would go to locker room and change and then head to time clock. |

| | | |
|---|---|---|
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Leave the floor, clock out, walk to locker room and get in line to wait to change in locker room, change and leave. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____  \_\_**X**\_\_<br>YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____  _____<br>YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It did happen a few times, but not regularly. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also** |

| | |
|---|---|
| meeting. | an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_X__      _____<br>   YES         NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>This happened on a daily basis and the exchange took about 10 minutes. |
| u. While you worked in this position, were you | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging |

| | |
|---|---|
| required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_X__    _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I would talk with the next shift to let them know what was going on for around 10 minutes. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _X__<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No  X

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _X

If you checked "Yes," which activities were you paid for?  _____

_____

4.       If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No _X_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes __X__            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

<u>Don Hull, told me to not record my time for changing my clothes.</u>

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No __X___

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

4

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes __X_            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>I worked OT on a daily basis</u>.


If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:            Yes _____            No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I a weekly basis I averaged 40 hours of OT.

       8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:        Yes __X_____       No _____

      If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Occasionally I clocked in 5-10 minutes late.</u>

      If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Yes I received discipline and was docked for 2 hours .</u>

       9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:        Yes __X_____       No _____

      If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>In emergency cases and I would request however much time I needed.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

Yes, I was docked for two hours.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Edgar Garcia, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _29_ day of _Feb_ , 2012.

_____
Signature

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.　　Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.　Complete a separate Attachment A for each position.

Response:　See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** _____ **Trayer** _____

| | |
|---|---|
| **a. State the dates that you held this position.** | March 2010 through July 2011 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Richland Center, WI |
| **c. Identify your supervisor(s) for this position.** | Cannot remember. |
| **d. Describe your job duties for this position.** | Pick up yogurt from conveyer belt and put in boxes. Clean inside filler room. Sorting and other various tasks. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ _____<br>**YES NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**     **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Uniforms, steel toed shoes, safety glasses, earplugs and hairnets.<br><br>Before they built the new locker rooms the old ones were very small so it took 10-15 minutes with a lot of people changing at once. With the new locker rooms there was more room so it took less time about 5-10 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety** |

| | |
|---|---|
| facility?<br><br>_____ _____<br>**YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes and No.<br><br>Before new locker rooms were built there was not enough lockers for everyone. After everyone had their own I did not have a locker at first my stuff was kept in my car. By the time I left they ran out of lockers again and some were without a locker again. |
| h.   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| i.   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>   **YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Wrote down the times under section "f".<br><br>10-15 minutes for old locker rooms.<br><br>5-10 minutes for new. |
| **l.  If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shoes, pants, belt, hairnet, safety glasses and shirt. |
| **m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____    _____ | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits,** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n. Were you allowed to take your uniform home for this position?**<br><br>_____      _____<br>**YES**          **NO** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Come in grabbed my uniform, went to the locker room, opened my locker, took off my street clothes, put on my uniform. Put on my belt. Put on my shoes. Went to break room and put away my lunch. Got a hairnet and put it on. Put on my safety glasses, punched in went to morning meeting, washed hands, went in to work. Can't remember exactly how long for each thing. It was a year ago. |
| **p. Describe the process you used for clocking out of your shift for this position in** | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request |

| | |
|---|---|
| relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Clocked out for lunch. Got my lunch with co-workers for 20-25 minutes. Punched back in, went to work. I kept my hairnet and everything else on. To punch out I went to the locker room, changed into my street clothes, gathered my used uniform, put it into clothes hamper. Got my lunch and keys and punched out. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____     _____<br>**YES**      **NO**<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____     _____<br>**YES**      **NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon |

| | |
|---|---|
| | review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In the break room. Lasted 5-10 minutes. |
| **s.** **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Safety, complaints from customers, upcoming events, concerns on the floor. |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br> **YES** **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____     No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____     No _____

If you checked "Yes," which activities were you paid for?   All didn't punch out until I

was done with everything.

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management _not_ to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:             Yes _____                    No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to _not_ record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:             Yes _____                    No __No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:              Yes __Yes_____              No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Weekly basis. Not sure how many hours per week.  Typically 8 or more.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:              Yes ___Yes_____              No _____

If you checked "Yes," proceed to the next question.   If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).   If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8. Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>3 or 4 times.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>No, had to fill out a blue sheet.</u>

9. Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# VERIFICATION

I, ERIN LEY, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___6___ day of _March_, 2012.

_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,      )
On Behalf Of Themselves     )
All Others Similarly Situated,   )
                            )
      Plaintiffs,       )
                            )   Case No.: 10-1117
vs.                      )
                            )   **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.      )
                            )
      Defendant.      )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.  Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held: fork lift material handler

| | |
|---|---|
| **a.** State the dates that you held this position. | 2008-2009 |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Shippensburg PA |
| **c.** Identify your supervisor(s) for this position. | Roy Edwards |
| **d.** Describe your job duties for this position. | Pick-up load, unload, and do put aways. |
| **e.** Were you regularly required wear any protective or safety gear for this position?<br><br>_X_ ____<br>YES NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X__       _____<br>**YES**      **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My safety gear consisted of hard hat, goggles, cold weather jump suit, ear plugs, and hairnet<br><br>To retrieve my gear and put it on took between 5-10 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_X__       _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

4

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I kept the safety gear in my personal locker |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the safety gear on in the locker room. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_      _____<br>YES          NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_X__      _____<br>**YES**      **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take off my safety gear and put it away took around 5 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>**_X__**      **_____**<br>  **YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To put my boots on took no more than 2-3 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I had lace-up steel toed work boots. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different** |

| | |
|---|---|
| clocking out)?<br><br>**_X__**      **_____**<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>To take my boots off and put them away took 2-3 minutes |
| **n. Were you allowed to take your uniform for this position home?**<br><br>**_X__**      **_____**<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Except for boots. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Go into building, get ready for day then go clock in, I got to plant about 30 minutes early. |
| **p. Describe the process you used for clocking out of your shift for this position in** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request** |

| | | |
|---|---|---|
| | relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Leave the floor, clock out, take off stuff and put it away go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    \_X\_<br>YES              NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    _____<br>YES              NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>On my unpaid lunch break we had meetings. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These** |

| | | |
|---|---|---|
| | | questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_X__ _____<br>  YES        NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>A normal pass down took 10-15 minutes. |
| u. | While you worked in this position, were you | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging |

| | |
|---|---|
| required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____  \_X\_\_<br> YES         NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| v.  While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>\_X\_  _____<br> YES         NO<br><br> If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I filled paperwork out for about 10 minutes. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No _X__

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No _X_

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes _X_  No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | verbally |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I do not remember when I raised the issue |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Roy Edwards |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I complained about doing paperwork off the clock |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:           Yes _____              No ___X___

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:           Yes __X_              No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

Roy Edwards, _____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___X__          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked overtime on a daily basis_____

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I worked on average between 10-1 hours of overtime a week_____

8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes __X___           No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  I did this maybe two or there times

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  No, I do not believe I was_____

_____

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____           No _X_____

        If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

     If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


<u>**Certificate of Service**</u>

      I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Gregg Branche, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23 day of March, 2012.

_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,                    )
On Behalf Of Themselves                   )
All Others Similarly Situated,            )
                                          )
      Plaintiffs,      )
                                          )    Case No.: 10-1117
                                          )
vs.                                       )
                                          )    **JURY TRIAL DEMANDED**
                                          )
SCHREIBER FOODS INC.                      )
                                          )
      Defendant.       )

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS</u>

## <u>QUESTIONS</u>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held:          Knockdown Block Handler

| | | |
|---|---|---|
| a. | State the dates that you held this position. | October 2010-February 2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | DDN |
| c. | Identify your supervisor(s) for this position. | Rob Lato |
| d. | Describe your job duties for this position. | Open boxes of cheese and feed the line to ensure production goals were met.<br><br>Clean the area around my work station.<br><br>Assist other partners when needed. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____ YES    _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____   _____<br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. It was required to put on certain PPE before clocking in.<br><br>Hair and beard nets<br><br>Shoes<br><br>I don't remember the exact time it took. I would estimate the amount of time to change shoes and put on the hair and beard nets at a couple of minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to** |

| | | |
|---|---|---|
| | on-site at the Schreiber facility?<br><br>_____ YES      _____ NO<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room<br><br>The hair/beard nets, and ear plugs are at the entrance to the production area. |
| h. | **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room |
| i. | **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ YES      _____ NO | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____        _____<br>**YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hair/beard nets went in the trash by the door as I walked out of the production area.  Shoes were changed in the locker room.  Both of these occurred after clocking out. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Not at the facility. I would put the uniform on before leaving my house. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all** |

| | |
|---|---|
| of seconds or minutes it typically took you to change out of your uniform. | discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Enter the building. Put my food in the refrigerator. Walk to the area where the hair/beard nets and ear plugs were. Grab a set of them. Enter the locker room. Go to my locker and change into my work boots. Put on hair/beard net, and hard hat. Walk to clock in area. Put in ear plugs and then clock in. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait to be relieved by the on-coming partner. Discuss the |

| | | |
|---|---|---|
| | uniform) in terms of time and sequence of activities. | production schedule with that person. Walk to the time clock and clock out. Then I would swiftly walk to the front of the building outside of the production area. Next to the door was a trash can were I would place the hair/beard nets and ear plugs. I would then walk to my locker and change my shoes. Then I would leave. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____     _____<br>YES          NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____     _____<br>YES          NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with the front of Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes we had pre-shift meetings but we were allowed to clock in for them. If I remember correctly they were once a month.<br><br><br>I did not regularly attend. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | | |
|---|---|---|
| | | knowledge, as follows: |
| **s.** | **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **t.** | **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____  _____<br>   **YES**       **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** | **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| _____      _____<br>   **YES**        **NO**<br><br>  **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Yes.  It would depend on the person that was relieving me.  It would range from a couple of minutes up to 10 or 15 depending on the day. |
| v.   **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>   _____      _____<br>   **YES**        **NO**<br><br>  **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No |

2.       If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>: Yes ___X___     No _____

If you checked "Yes," which activities were you paid for? I was paid for the pre-shift

meetings that I was required to attend.

3.       If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>: Yes _____      No __X___

If you checked "Yes," which activities were you paid for? _____

_____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No ___X___

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____X_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____X_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

4

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes ___X_____              No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

We were required to work overtime when production needs were required.  I cannot remember what dates or how often I worked over time.

        If "Yes," above, were you paid for all overtime worked?

        Response:              Yes ___X___          No _____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes ____X____              No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  I cannot remember the exact date, but I did come into work late at least once due to my son being sick.

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

 I don't recall being disciplined, but the time missed was factored into the percentage allowed for missed work.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes ___X_____          No _____

      If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

 I do not recall a specific date, but do remember leaving early a time or two.

      If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

      <u>I don't recall being disciplined, but the time missed was factored into the percentage allowed for missed work.</u>

      **OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

<u>*/s/ C. Jason Brown*</u>
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

      I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110

Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Harold Dump II, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___11^{th}___ day of ___March___, 2012.


_Harold L. Dump II_

Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
| Defendant. ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    Machine Operator

| | | |
|---|---|---|
| a. | State the dates that you held this position. | February 2010 through September 2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Shippensburg Pennsylvania |
| c. | Identify your supervisor(s) for this position. | Shelly Carr, Rob, Charlie Haynes |
| d. | Describe your job duties for this position. | Load cups, foil, and lids into the machine.  Pack cream cheese into boxes. Palletize and clean |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____  _____<br>YES      NO | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____     _____<br>YES       NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>‾‾‾‾‾ ‾‾‾‾‾<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **m.** Were you required to change out of uniform at the facility after | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____    _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked into the building, get uniform, drop lunch box off in cafeteria, change into my uniform, put on captive boots, wait in cafeteria area until about 7 minutes till the start of my shift and clock in, put hairnet on and earplugs in. Check schedule for job assignment, wash hands, then go out on to production floor. Exchange information with partner and then take over their job. |

| | | |
|---|---|---|
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>When we ran out of cream cheese we would start tearing the machine down, rinse, clean and sanitize parts, get TA approval, put machine back together and then clock out. I would then go to my locker and take off my boots, get my lunch box and then leave the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    _____<br>**YES**     **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>**YES**     **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or** |

| | | |
|---|---|---|
| | spent in a pre-shift meeting. | minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____     _____<br>YES         NO | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES        NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Most of the time I worked on the last shift so didn't have to exchange information. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES        NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.       If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>: Yes _____        No \_\_No\_\_\_\_

      If you checked "Yes," which activities were you paid for? _____

_____

_____

3.       If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>: Yes _____        No \_No\_\_\_

      If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

<u>Response</u>:              Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Daily basis.  Worked about 115-125 hours every two weeks.</u>

If "Yes," above, were you paid for all overtime worked?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:              Yes ___Yes_____            No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8. Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  <u>I don't believe so.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9. Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Maybe twice. Two hours early.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.  Pointed by TA.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, _Haylie Wright_ , affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 2012.

_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,                )
On Behalf Of Themselves               )
All Others Similarly Situated,        )
                                      )
    Plaintiffs,   )
                                      )   Case No.: 10-1117
vs.                                   )
                                      )   **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.                  )
                                      )
    Defendant.     )

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS</u>

## <u>QUESTIONS</u>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**                  **Wrapper Operator**

| | |
|---|---|
| **a.** **State the dates that you held this position.** | Mid July 2008 to mid June 2009. |
| **b.** **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Monett Missouri. |
| **c.** **Identify your supervisor(s) for this position.** | Raymond Talley and Allen Hardwick. |
| **d.** **Describe your job duties for this position.** | Operated wrapper machine and quality checks. Did change over. |
| **e.** **Were you regularly required wear any protective or safety gear for this position?** <br><br> _____      _____ <br> **YES**        **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety glasses, hairnet, earplugs, and helmet.<br><br>About 3 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____     _____<br>**YES**       **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____      _____<br>**YES**       **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>A minute or so. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____  _____<br>**YES     NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-6 minutes. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Button up shirt, pants and safety shoes. |
| **m. Were you required to** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n.** **Were you allowed to take your uniform for this position home?**<br><br>_____    _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.** **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Stored my lunch, picked up ear plugs, hairnets outside of break room, entered locker room. Put on uniform, steel toes, hair nets, earplugs, hard hat, safety glasses. Clocked in 7 minutes prior to shift and headed to the floor for shift hand off. Did not get paid for this 7 minutes but was required to be on the floor at this time. |

| | | |
|---|---|---|
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Clocked out headed to locker room, removed uniform, dressed in my own clothing, removed steel toes, hairnet, earplugs, safety glasses, hardhat, etc. Put on shoes. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____   _____<br>  YES      NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____   _____<br>  YES      NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also** |

| | | |
|---|---|---|
| | meeting. | an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>   YES        NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No.<br><br>But we did have to be on the floor 6-7 minutes early to exchange information with the previous shift. We were clocked in but our pay didn't start until 7:00pm. |

| | |
|---|---|
| **doing so.** | |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-7 minutes. And unless we stayed until 7:08am we did not get paid for it. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES** **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes __Yes____    No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Do not know dates. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Complained to supervisors and HR. Supervisors were Allen Harwick and Raymond Talley. HR Andrew Maddox. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | People being late from meetings caused us to be late clocking out and we don't get paid for that.<br><br>Day shift relief shift.<br><br>Don't remember exact people or dates. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____            No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____            No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Every day we stayed a few minutes after and only got paid if it ran over 8 minutes.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No ___No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

Typically 10-14 minutes per day. And probably another 10 minutes per day getting into and out

of uniform per day.

8.    Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____                    No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?  _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____                    No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff submits the attached Safety Shoe Policy. Plaintiff has no other responsive documentation.**

Respectfully submitted:

/s/ C. Jason Brown
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, __Holly O'Hara__ FKA Holly A. Sutton, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __6th__ day of __March__, 2012.

Holly A O'Hara (fka) Holly A. Sutton
Signature

**SCHREIBER FOODS INC.**

**PARTNER POLICIES AND PROCEDURES**

**SUBJECT:**                                Safety Shoe Policy
**SFI EFFECTIVE DATE:**          October 28, 2004
**PLANT EFFECTIVE DATE:**
**POLICY NO:**                              S-34
**SUPERSEDES:**                          New Policy
**POLICY STANDARDIZED BY SCHREIBER FOODS INC.**

**PHILOSOPHY:**        It is Schreiber Foods Inc., policy to provide a safe working environment for all partners.

**POLICY:**        In order to maintain a safe working environment for partners, all SFI Partners working in areas where it has been determined there is a need for Safety Footwear will be required to wear and maintain a pair of safety shoes or boots.

**PROCEDURE:**

1. Schreiber Foods' partners may utilize one of two Safety Footwear options as listed below.

   A. Partners may be issued plant Sanitation Safety Footwear at no cost to the partner.

   B. Partners may be reimbursed 100% of the cost of Safety Footwear up to a maximum of $50.00 annually or $100.00 every two years.

      (Partners in areas considered to be "Excessive Wear Areas" may receive reimbursement once each six (6) month period with prior TA/TL approval)

**SAFETY FOOTWEAR REQUIREMENTS**

1. All safety shoes or boots must meet the ANSI Standard for Safety Footwear.

2. Footwear that covers the entire foot must be worn. Any footwear that exposes portions of the foot such as sandals, open heeled, or low cut instep type footwear, as well as moccasins, will not be permitted.

3. Spike heeled shoes and shoes with deep grooved soles (1/4 inch or more deep) are not permitted.

4. Shoes must be kept clean, neat and in good repair.

5. In plants with a "Captive Footwear" policy, partners will be issued plant specific colored shoes strings to use, or apply plant specific paint to identify the Safety Footwear for in plant use.

6. If medical conditions exist which may require custom made Safety Footwear or Safety Shoe Caps, please notify your Team Advisor or Team Leader.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
|     Defendant. ) | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS</u>

# <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

   Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

   **Position Held:**                      **Operator**

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | 2008 through the end of 2010 - Deployed overseas for a good portion of that time. |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| **c.** | **Identify your supervisor(s) for this position.** | Roen |
| **d.** | **Describe your job duties for this position.** | Responsible for operation of entire shred line. Maintain operation of machine as well as maintain financial and quality paperwork, sanitation issues, and quality control. |
| **e.** | **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____      _____<br>**YES**      **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states,** |

3

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>\_\_\_yes\_\_\_ \_\_\_\_<br>**YES**            **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Helmet, safety glasses, ear plugs, hair net, sanitation gear, boots, special sleeves<br><br>About a minute. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | | |
|---|---|---|
| | _____ YES  _____ NO<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got protective gear from different areas of the facility, specify. | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Helmet safety glasses, boots in my locker.<br><br>Hairnet and ear protection in dispenser before the clock.<br><br>Sanitation gear was in my locker. Special sleeves to do knock down were on the floor after clocking in. |
| h. | Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Plant locker room or in hallway prior to clocking in.  Except for special sleeves. |
| i. | Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____ YES  _____ NO<br><br>If "NO," how | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to** |

| | |
|---|---|
| frequently did you typically wear it (e.g., every other day, once a week)? | supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>In hallway or locker room.<br><br>Maybe 30 seconds except for the boots. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES          NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Depended on how crowded the locker room was. The uniforms are in a separate locker from personal locker. Could take from 6 to 10 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Blue Pants, White button up shirt and steel toed lace up boots |

| | |
|---|---|
| | |
| **m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____    _____<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Between 15 to 25 minutes. The locker room was so crowded at the end of the shift it took longer to take the uniform off than it took to put it on. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____    _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The** |

| | |
|---|---|
| **into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Arrive at the plant, walk in, go to the locker where the uniform company stored the uniforms, if the uniform was there, I would get my uniform and proceed to the locker room. The locker where the uniform was kept was different from the locker room. The locker where the uniform was kept had a key lock. I would proceed to the locker room and open my locker. The locker had a combination lock. I would change out of my street clothes, put them in my locker, and then change into my uniform and boots. I would put on protective gear and clock in. Sometimes there would be a line to clock in. If there was some time remaining before I had to go clock in I would sometimes go to the break room. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> I was supposed to wait for the relief person to come, I would brief them, go to time clock, exit production area, take off helmet, ear plugs, safety glasses, take off uniform, and boots. I would put on street clothes, put boots away, go to drop uniform area then leave. On occasions I would then have to go and talk to HR about USSERA laws regarding my service. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?** <br><br> _____ _____ <br> **YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts** |

| | | |
|---|---|---|
| If "YES," did you regularly attend pre-shift meetings?<br><br>_____ _____<br>  YES       NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Yes.<br><br>Once a week. | |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Usually on a Thursday.<br><br>20-30 minutes before the shift started in a classroom outside the production area.<br><br>20-30 minutes |
| s. | If you attended regular pre-shift meetings for this position, what type of information was | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is |

| | |
|---|---|
| **typically exchanged?** | **interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Production numbers, goals, prevailing issues about quality, complaints from customers and what we were going to do to correct any issues. |
| **t.  While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES          NO** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes |

| | |
|---|---|
| **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | It could take between 5 - 45 minutes.<br><br>Typically it would take 5-15 minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Varied between 5-45 minutes.<br><br>On an average about 5 minutes. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No ___No___

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____   No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Unknown. Towards the beginning of my tenure with Schreiber. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | I mentioned it to two ladies in Human Resources. I do not remember their names. I spoke with Roen. He mentioned he felt the same but that Schreiber's attorney's already vented the issue in the past and had been resolved and determined they could do it. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I told them I was under the impression we had to be paid for all work. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____              No _____No____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes ___Yes_____          No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Weekly basis for four hours or so.</u>


        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:              Yes ___Yes_____          No _____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

        8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:            Yes ____Yes_____        No _____

       If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Unknown. Maybe a few minutes.</u>

       If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>I don't recall.</u>

        9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:             Yes ____Yes_____        No _____

       If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early? There would be times of

production cuts or sanitation would be completed early and they would tell us to go home early.


If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

I don't believe so.



**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on
March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**VERIFICATION**

I, James Scott, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___5___ day of ___March___, 2012.


_____
Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    General Partner and Case Pack Operator

| | |
|---|---|
| **a.** **State the dates that you held this position.** | **General Partner -** July 2007 to 2009<br><br>**Case Pack Operator -** 2009 to July 2011 |
| **b.** **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Richland Center |
| **c.** **Identify your supervisor(s) for this position.** | Dan Swinefuss, Ray Lindvig, Tom Gernomas |
| **d.** **Describe your job duties for this position.** | **General Partner -** Whatever they needed done.<br><br>**Case Pack Operator -** Took care of loading machines, changing them over and cleaning the area. |
| **e.** **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ _____<br>**YES** **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| | |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____ YES    _____ NO<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety glasses, safety shoes, earplugs, change into Schreiber clothes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____ YES    _____ NO | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker in the locker room. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Plant locker room. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____     _____<br>**YES**      **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as** |

| | |
|---|---|
| | follows:<br><br>Yes. |
| **j.** Did you regularly take off required protective or safety gear after clocking out?<br><br>_____ YES _____ NO<br><br>If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**         **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>10 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shirt, pants, safety shoes. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**         **NO**<br><br>If "YES," state the | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the** |

| | |
|---|---|
| estimated total number of seconds or minutes it typically took you to change out of your uniform. | right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Put lunch in fridge, get uniform out of uniform locker, get undressed and redressed, wait in line to clock in and then morning meeting. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Took off all safety gear, changed clothes, put clothes in dirty bin, |

| | | |
|---|---|---|
| | uniform) in terms of time and sequence of activities. | clock out, and leave. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____ YES _____ NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____ YES _____ NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Lunch room 10-15 minutes. |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Numbers from the day before, where we were to work that day, things that were going on. |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ _____<br>  **YES**        **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on the next shift to | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by** |

| | |
|---|---|
| perform their job prior to clocking out?<br><br>_____    _____<br>**YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>10-15 minutes. |
| **v.**  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    Response: Yes  __Yes____   No _____

    If you checked "Yes," which activities were you paid for?

    Attending meetings and discussing work information.

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    Response: Yes  __Yes____   No _____

    If you checked "Yes," which activities were you paid for?

    All.

4.      If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes _____        No _No_____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint

made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to

Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

We were told not to clock in before 6:00am. Management told us this.

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Yes we worked seven days a week usually.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No ____No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

We didn't get paid for putting on uniforms or safety gear in the mornings is 70 minutes a week.

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Two or three times maybe in four years of working there.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Ray Lindvig or Dan Swinefuss gave me a piece of paper and had me sign it.</u>

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes ____Yes_____            No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>If we got done and there was nothing to do.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Jamie Ramirez, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28 day of July, 2012.

Signature

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                        Stack Off

| | |
|---|---|
| **a.  State the dates that you held this position.** | Employment ended August 15, 2011. |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Gainesville Georgia |
| **c.  Identify your supervisor(s) for this position.** | Brian Sharp |
| **d.  Describe your job duties for this position.** | Stacking, cleaning up, and packing. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  _____<br>**YES          NO** | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hardhat, earplugs, safety glasses, hairnet.<br><br>About 15 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>In locker. |
| **h.**  **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the bathroom. |
| **i.**  **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____      _____<br>**YES**      **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ YES        _____ NO<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the bathroom.<br><br>About ten minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES        NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection:** Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>10-15 minutes |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection:** Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, and steel toed boots. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>**YES        NO**<br><br>If "YES," state the estimated total number | **Objection:** Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the |

| | |
|---|---|
| of seconds or minutes it typically took you to change out of your uniform. | right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>10-15 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____ _____<br>**YES** **NO** | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrive at the plant, go into the building, put lunch away, get uniform from uniform locker, go to bathroom to change from street clothes to uniform, put on safety gear, go through foot sanitation, go into plant to clock in, get paperwork, exchange information with partner and assume their duties.  . |
| **p.** Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of |

| | | |
|---|---|---|
| | (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | his/her knowledge, as follows:<br><br>Wait for partner to relieve me, exchange information r, turn paperwork in to operator or supervisor, clock out, grab lunch bag, go to bathroom to change into street clothes and take off and put away safety gear, and go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____   _____<br>YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____   _____<br>YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | |
|---|---|
| | knowledge, as follows: |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>   YES            NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections,** |

| | |
|---|---|
| to clocking out?<br><br>_____    _____<br>**YES**          **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>If there were no problems it might take 5-10 minutes.  If there were problems it would take about 10 minutes. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**          **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions.**

**This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Throughout my employment with Schreiber. I complained during meetings. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Brian Sharp or Shelly Duffy. Other partners from the department. Perry Richardson, Judy, Mark Wilson, Tiny Smith, Demetris, Cedrick Huff, and Betty Rode. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Told them we needed to get paid for putting on and taking off uniforms and PPE. That's the policy. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:            Yes _____              No ____No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:            Yes _____              No __No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes ___Yes_____        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

On a regular basis depending on orders.

If "Yes," above, were you paid for all overtime worked?

Response:        Yes _____        I am not for sure.        No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8.    Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Maybe 3-5 times for a couple minutes or so.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>I was fired for being late.</u>

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**


Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


<u>**Certificate of Service**</u>

     I hereby certify that a true and correct copy of the above and foregoing was sent on May 7, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.       Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.       Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.       Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.       Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.       Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.       Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.       Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff is looking to see if she has any responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 7, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

ANTHONY POLZIN et. al,           )
On Behalf Of Themselves          )
All Others Similarly Situated,   )
                                 )
    Plaintiffs,              )
                                 )    Case No.: 10-1117
vs.                              )
                                 )    **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.             )
                                 )
    Defendant.               )

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** Light Duty Utility

| | |
|---|---|
| **a.** State the dates that you held this position. | June 2010 to October 2010 |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Logan |
| **c.** Identify your supervisor(s) for this position. | Cannot remember names other than Matt |
| **d.** Describe your job duties for this position. | Maintain paperwork for inventory, process paperwork for job flow, hourly averages, pile off, mid-shift and end-shift paperwork, and clean. |
| **e.** Were you regularly required wear any protective or safety gear for this position?<br><br>_____ _____<br>YES        NO | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states,** |

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>Yes |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes<br><br>Hard hat, safety glasses, hairnet.<br><br>About 20 seconds. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.** For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Parking Lot. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____     _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.** For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Right after clocking out at the hallway.<br><br>A few seconds. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____      _____<br>**YES**         **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____      _____<br>**YES**         **NO**<br><br>If "YES," state the estimated total number of seconds or minutes | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a |

| | |
|---|---|
| it typically took you to change out of your uniform. | compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| n. Were you allowed to take your uniform for this position home?<br><br>\_\_\_\_\_ \_\_\_\_\_<br>YES NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes |
| o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrived at the plant, walk through the building, go to the break room or check for pre-shift meeting then supposed to wait until 7 minutes till to clock in. Then talk to partners about the last shift, make sure we were stocked for the shift, check for any problems, and do a quick pre-shift with supervisors. |
| p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for partner to relieve me, give them information about the |

| | | |
|---|---|---|
| | **time and sequence of activities.** | shift, how the machine was running and then clock out. |
| **q.** | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **r.** | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | |
| **s.**    **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **t.**    **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?** <br><br> _____     _____ <br>    **YES**        **NO** <br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| **u.**    **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| _____ YES      _____ NO<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Yes.<br><br>Between 2-7 minutes. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ YES      _____ NO<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____         No __No__

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____         No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____   No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I do not remember the dates. I would estimate I raised concerns about not being properly paid a few times to my supervisors. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Cannot remember supervisors names. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I told my supervisors I didn't think I was getting paid for working early or clocking in early and the same for clocking out late. They would say they would take care of it or take the issue to HR. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:          Yes ___Yes_____          No _____

        If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

<u>I don't know the name of the supervisor but I was told to clock out and return to the floor to work</u>

<u>on quite a few occasions.</u>

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:          Yes ___Yes____          No _____

        If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

<u>I don't know the name of the supervisor but I was told to clock out and return to the floor to work</u>

on quite a few occasions.

7.      Did you ever work overtime?


**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

         Response:            Yes _____Yes_____            No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis for about 4-8 hours.

        If "Yes," above, were you paid for all overtime worked?

         Response:            Yes _____            No ___No_____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I don't know the exact amount of time but it didn't seem like my paychecks were always correct.

8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ____Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Maybe 4-5 times for 10 minutes at the most. Usually I was talking to a supervisor that would cause me to be clocked in late.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  No.

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes.____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Maybe 5 times.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you. <u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

  I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,        )
On Behalf Of Themselves       )
All Others Similarly Situated, )
                              )
    Plaintiffs,        )
                              )        Case No.: 10-1117
vs.                           )
                              )        **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.          )
                              )
    Defendant.          )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**          **Cooler Attendant**

| | |
|---|---|
| **a.  State the dates that you held this position.** | During my employment; dates unknown. |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Fairview Distribution Center |
| **c.  Identify your supervisor(s) for this position.** | Brandon and John (last names unknown). |
| **d.  Describe your job duties for this position.** | Loading trucks with forklift and pulling product from conveyer belt to fill orders. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>_____      _____<br>**YES          NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I don't recall specifically, but I believe we had to arrive and clock in 15 minutes before the start of the shift and we were not paid for all pre shift work.<br><br>During that time we had to put on our hard hat, safety glasses, hairnet, beard net, and boots.<br><br>About 10 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety** |

| | |
|---|---|
| facility?<br><br>_____ _____<br>**YES**       **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>See answer to h above. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____ _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery** |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>Thirty seconds to take it off. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____     _____<br>  **YES**       **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Just the lace up steel toed boots.<br><br>About 5 minutes. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Short sleeve shirt, pants, and lace up steel toed boots. |

| | |
|---|---|
| **m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Just the steel toed boots.<br><br>About 2 minutes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____  _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** Everything but the steel toed boots. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation** |

| | | |
|---|---|---|
| | you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Arrive at the plant, walk through employee entrance, clock in, go to the locker room and put on gear as described in h above, had a pre shift meeting with team advisor, do about 10 minutes of stretches and then relieve partner. Exchange information with partner. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** Wait for the partner to relieve me, give them a pass down, go to locker room change and then clock out. Then leave the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? _____     _____ **YES**         **NO** If "YES," did you regularly attend pre-shift meetings? _____     _____ **YES**         **NO** If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** No. |

| | | |
|---|---|---|
| | month, etc.). | |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| _____ _____ <br> **YES** **NO** <br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?** <br><br> _____ _____ <br> **YES** **NO** <br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?** <br><br> _____ _____ <br> **YES** **NO** <br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes __Yes____    No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| a. | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal. |
| b. | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Sometime during my employment. |
| c. | **Identify the person or** | Team Advisor Brandon. Doug Laney and Justin Diggs may have |

| | |
|---|---|
| **persons to whom you raised a concern or complained and identify anyone else who was present.** | been present. |
| **d. Describe what you said and what those present said relating to your concern or complaint.** | Generally, I noticed that I wasn't getting paid all my time on my paychecks. I asked why I wasn't getting paid for pre shift work. Brandon said that was the policy and Schreiber only paid for time on the floor. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

      6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:        Yes _____        No ____No_____

     If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

Response: Yes __Yes_____ No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

A little Sporadic. Exact amount of time unknown.

If "Yes," above, were you paid for all overtime worked?

Response: Yes ___Yes, but see below_____ No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

Generally, I noticed that I wasn't getting paid all my time on my paychecks. I asked why I wasn't getting paid for pre shift work. Brandon said that was the policy and Schreiber only paid for time on the floor.

8. Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds**

**the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Around 5 times.  Late by no more than 5 minutes. Verbally reprimanded once for clocking in at the start of my shift and not 15 minutes early as required.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Verbally reprimanded once for clocking in at the start of my shift and not 15 minutes early as required.

9.       Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
# REQUEST FOR DOCUMENTS

1.    Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.    Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.    Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.    Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.    Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.    Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.    Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Jeremy Puckett, affirm and attest that I have read my ~~Answers to Defendant's~~ Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare ~~under penalty of perjury that the~~ foregoing is true and correct.

Executed on this __ZO__ day of __MARCH__, 2012.

_____ **Signature**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

**Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.**

## Position Held:          Knockdown, Sanitation,

| | |
|---|---|
| **a.  State the dates that you held this position.** | Knockdown 11/06-9/09<br><br>Sanitation- 9/05-9/09 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Clinton facility |
| **c.  Identify your supervisor(s) for this position.** | John Julius- for both positions<br><br>John cannot remember last name during knockdown |
| **d.  Describe your job duties for this position.** | Knockdown- Knocking cardboard down and palletizing the cheese<br><br>Sanitation- full plant clean-up, cleaned up spills sewage etc.. |

| | |
|---|---|
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>X \_\_\_\_\_<br>YES NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>X\_ \_\_\_\_\_<br>YES NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Hard hat, safety glasses, ear muffs, hairnet, and beardnet, latex gloves, Kevlar gloves while in knockdown<br><br>Sanitation- put full gear on before clocking in<br><br>Knockdown it took approximately 5 minutes to put the gear on<br><br>Sanitation it took approximately 6 minutes to put the gear on |

| | | |
|---|---|---|
| g. | If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>X\_ _____<br>YES NO<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My hat, glasses, and ear muffs were in personal locker,<br><br>Sanitation gear kept in chemical room which is about 60-90 second walk from locker room |
| h. | Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Look at previous question for answer |
| i. | Did you wear the listed protective and safety gear every time you worked in this position? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time** |

| | |
|---|---|
| X       _____<br>**YES**          **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Was required |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_X_       _____<br>  **YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I took the gear off in the locker room, and it took approximately 3-4 minutes to take the gear off |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>**_X_**      **_____**<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I only kept boots there and it took 2-2 1/2 minutes to put on my boots |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Boots |
| **m.** Were you required to change out of uniform | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In** |

| | |
|---|---|
| at the facility after your shift (i.e., after clocking out)?<br><br>**X** _____<br>**YES**          **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I took the boots off after clocking out and it took 3-5 minutes because of the cheese that was caked on |
| **n. Were you allowed to take your uniform for this position home?**<br><br>**_X\_\_** _____<br>**YES**          **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My boots were kept in the locker |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Come in early to avoid discipline, have a smoke and coffee, go to locker room and suit up then wait at time clock to go to meeting. |
| **p. Describe the process** | **Objection: Plaintiff objects to this interrogatory as being** |

8

| | | |
|---|---|---|
| | you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Walk to the time clock, clock out, go to locker room, take off gear, go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? <br><br> _____      X <br> YES        NO <br><br> If "YES," did you regularly attend pre-shift meetings? <br><br> _____     _____ <br> YES         NO <br><br> If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. <br><br> These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or |

| | |
|---|---|
| meeting. | minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?  _____  _X_  YES  NO  If "YES," state the | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| estimated total number of seconds or minutes you typically spent doing so. | |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ \_X\_<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ \_X\_<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No _X

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No _X_

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No _X

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

# **ATTACHMENT B**

| | |
|---|---|
| **a. How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | |
| **b. State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | |
| **c. Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | |
| **d. Describe what you said and what those present said relating to your concern or complaint.** | |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management **not** to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes _____              No __X_

        If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to **not** record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes _____              No _X_

        If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes __X____          No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked OT on daily basis usually_____


        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:            Yes _____          No _____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I worked 25-30 hours of OT on average per week._____

8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       Response:            Yes __X____            No _____

       If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically      clocked      in      late?        Maybe      once_____

_____

       If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

No_____

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       Response:            Yes _____            No ___X_____

       If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____


**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com

ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

/s/ C. Jason Brown
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**Certificate of Service**

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, John MacDonald, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28 day of February, 2012.

_John Mac Donald_
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held: bar line breaker

| | |
|---|---|
| **a. State the dates that you held this position.** | 2003-2011 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stevensville |
| **c. Identify your supervisor(s) for this position.** | Don Hall, Kyle McGill I can't remember anyone else at this time. |
| **d. Describe your job duties for this position.** | Gave operators their breaks and got packaging for operators to operate machines. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>X_        _____<br>YES       NO | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>**X** _____<br>**YES**       **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Hard hat, safety glass, ear plugs, steel toes boots, plastic gloves, hairnet and a radio the first two years.<br><br>It took me approximately 10 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>**X** _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

Case 3:10-cv-01117-GAF    Document 314-1    Filed 01/04/13    Page 733 of 1589

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Was kept in locker in Schreiber locker room. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Put it on in the locker room. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>X _____<br>YES NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.**   **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**X**        _____<br> **YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Took it off in the locker room and took about 5-10 minutes approximately. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>**X** _____<br>**YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>15 minutes to put on uniform and tuck everything in. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It was prior to shift and I put on pants, shirt and everything tucked in. |
| **m. Were you required to change out of uniform at the facility after** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>X _____ _____<br>  YES           NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Took approximately 10 minutes to undress. |
| n. Were you allowed to take your uniform home for this position home?<br><br>_____ X<br>  YES           NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I went straight to locker room got dressed and then once a week pre-shift meeting, then clock in. |
| p. Describe the process you used for clocking out of your shift for | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what |

| | | |
|---|---|---|
| | this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Clock out while on the floor, leave the floor go to the locker room, change and go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    X<br>YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    X<br>YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon |

| | |
|---|---|
| | review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection:** Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>X _____<br>YES       NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection:** This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Spent 5-10 minutes exchanging information with previous shift. |
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on | **Objection:** This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 |

| | |
|---|---|
| the next shift to perform their job prior to clocking out?<br><br>**X** _____<br>  **YES**       **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Spent 5-10 minutes exchanging information with previous shift. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    **X**<br>  **YES**       **NO**<br><br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No  X

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No  X

        If you checked "Yes," which activities were you paid for?  _____

_____

4. If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes X    No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

## **ATTACHMENT B**

| | |
|---|---|
| **a. How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal complaint. |
| **b. State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | 2005 when we went to captive uniform. |
| **c. Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Complained to immediate supervisor. |
| **d. Describe what you said and what those present said relating to your concern or complaint.** | Complained about not getting paid to don and doff uniform and gear. |

5.    Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No X

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.    Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No X

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes X          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>OT was daily.</u>


If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:          Yes _____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

 Per week I worked  15 hours of OT per week.

       8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:          Yes X       No _____

     If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Maybe once or twice.</u>

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  Yes I was docked.

_____

_____

       9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:          Yes X       No _____

     If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

<u>Only with permission from supervisor.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

<u>No, because had supervisor permission.</u>

### OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

### <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Kandice Frost, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this $\underline{20}$ day of $\underline{February}$ 2012.

_Kandice Frost_
Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
|     Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

### Position Held:        Maintenance Dept and Processing

| | |
|---|---|
| **a.  State the dates that you held this position.** | 2010-present for maintenance and 2008-2010 for processing |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Fairview in Carthage MO |
| **c.  Identify your supervisor(s) for this position.** | Jerry Curty and Neil Sands |
| **d.  Describe your job duties for this position.** | Maintenance- troubleshoot and repair equipment<br><br>Processing- loaded ingredients |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>**X** _____<br>**YES          NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states,** |

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>Maintenance- helmet, boots, gloves, hair net, ear plugs, radios, safety glasses.<br><br>Processing- same as above minus radios and we wear Kevlar gloves. |
| f. **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>**X** _____<br>**YES**      **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Gear described above was put on before shift and takes about 5 minutes.<br><br>Treated uniform that is fire treated. Hairnets, hardhat, safety boots (steel toed, anti-shock soles), safety glasses, and earplugs. |
| g. **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>**X** _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | | |
|---|---|---|
| | **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Gear was kept in locker room that is separate from uniform locker room.<br><br>1. Uniform kept in uniform locker and boots.<br><br>2. Hard hat, hairnet, safety boots, and other equipment like radios that are required to carry we keep in maintenance office locker. |
| h. | **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room is where it was put on. |
| i. | **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**X**     _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound** |

| | |
|---|---|
| **every other day, once a week)?** | **question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Required everyday. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**X** _____<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Must clock out then go to locker room and take gear off.<br><br>Took approximately 5 minutes to take gear off.<br><br>In changing locker room.<br><br>5-10 minutes to change back into attire. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X_     _____<br>YES       NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>5-10 minutes to put on uniform and boots. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Steel toed Boots, shirt, pants. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different** |

| | |
|---|---|
| clocking out)?<br><br>**X** _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>10 minutes t change out of uniform. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ **X**<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Enter the building, go through break room and drop off lunch, go to uniform locker room and grab uniform, go to next locker room and change and get gear go to time clock, clock in. |
| **p. Describe the process you used for clocking out of your shift for this position in** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request** |

| | | |
|---|---|---|
| | relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Leave floor, clock out, go to locker room drop off gear, go to other locker room undress and go home. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>**X** _____<br>**YES            NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>**X** _____<br>**YES            NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Processing- had a daily pre-shift meeting and it took approximately five minutes. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These** |

| | |
|---|---|
| | questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>They took place in the hall after getting dresses before clock in. |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To tell what product was being run and give job assignment. |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>X  _____<br>  YES          NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Maintenance we are on the clock.<br><br>Processing that was completed in pre-shift meeting.<br><br>10-15 minutes normal sometimes to discuss parts or equipment tools up to 30 minutes. |
| **u.** While you worked in this position, were you | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging** |

| | |
|---|---|
| required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____    **X**<br>**YES        NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| v.  While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____    **X**<br>**YES        NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

　　　　Response: Yes  X　　　No  X

　　　　If you checked "Yes," which activities were you paid for?

　　　　In maintenance we do retrieve some gear after clocking in at the maintenance office.

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

　　　　Response: Yes  _____　　　No  X

　　　　If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No X

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:              Yes _____              No X

If you checked "No," proceed to the next question. If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:           Yes _____                    No X

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                Yes X          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I do not recall a time that I just worked 40 hours per week. Overtime occurs on a weekly basis but varies depending on need.

If "Yes," above, were you paid for all overtime worked?

Response:                Yes __Yes_____          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I believe I worked approximately 32-36 hours of OT a week in processing. In maintenance I work approximately 20-35 hours of OT in a week. I believe I am paid for all OT hours.

8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                Yes _____          No X

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes X          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? In maintenance if you come in on a weekend shift you may leave before end of shift if all work is complete.

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

<u>Not disciplined because directed by policy of company.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

   I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.　　Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.　Complete a separate Attachment A for each position.

Response:　See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**      **Clean and Grind**

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | March 20, 2007 through present |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Mount Vernon Missouri |
| c. | **Identify your supervisor(s) for this position.** | Shannon Schnacky, Carl Winker, Kyle Jensen, Keith Wolf, Jamie Morris. |
| d. | **Describe your job duties for this position.** | Unload elevator, cut tops off barrels of cheese, open cream and cheddar blocks, run manipulator, grind cheese and perform other duties as necessary. |
| e. | **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ YES    _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states,** |

4

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>Yes. |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____      ____<br>**YES**         **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, hairnet, earplugs, kevlar gloves and sleeves, beard bag, padlocks, knife holder.<br><br>About ten minutes. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____      _____<br>**YES**          **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question that is composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat, safety glasses, padlocks, knife holder in locker.<br><br>Hairnet, beard bag, earplugs, apron, kevlar gloves and sleeves in hallway. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Knife holder and padlocks in locker room.<br><br>Hard hat, safety glasses, hairnet, beard bag, earplugs, apron, kevlar gloves and sleeves in the hallway. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____      _____<br>**YES**          **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>**YES         NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Kevlar gloves, sleeves and apron go in a locker across the hall from the safety office.<br><br>The rest of the protective equipment comes off in the locker room.<br><br>Couple of minutes. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>YES         NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| m. Were you required to change out of uniform at the facility after | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____  _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____  _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go into the building, open locker in hallway to get pants and shirt, then to locker room to change and put boots on, put on knife holder, grab padlocks, put on hard hat and safety glasses, go get kevlar gloves and sleeves, grab apron, put on hairnet and beardbag and put them on in the hallway, then wait to clock in 7 minutes early. Then go out to the floor, talk to the partner I am relieving, get their box knife and begin work. |

| | | |
|---|---|---|
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Wait for partner to relieve me, give them box knife, exchange information, take paperwork to the office, Kevlar gloves, sleeves and apron put them in the locker across the hall from the safety office. Then clock out, go to the locker room and change, put uniform in dirty bin and then leave. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? <br><br> _____   _____ <br>   YES        NO <br><br> If "YES," did you regularly attend pre-shift meetings? <br><br> _____   _____ <br>   YES        NO <br><br> If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders** |

| | | |
|---|---|---|
| | number of seconds or minutes you regularly spent in a pre-shift meeting. | that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: No. |

| | |
|---|---|
| <br>**YES**    **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES**        **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Couple of minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**        **NO**<br><br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.       If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.       If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____      No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:      Yes _____      No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

        6.        Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____        No ___No_____

    If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.    Did you ever work overtime?
        **Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                    Yes __Yes_____                    No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Couple times a month. No more than 3 twelve hour days.

If "Yes," above, were you paid for all overtime worked?

Response:                    Yes ___Yes_____                    No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

        8.        Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                    Yes ___Yes_____                    No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Probably no more than five times in five years generally 1-2 minutes late.  On one occasion it was about an hour and a half.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  No.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Unknown.  Most of the time I don't clock out early but it has happened in the past.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were       disciplined       and       who       disciplined       you.                 No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

      I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, _Matt Hoover_, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _7_ day of _March_, 2012.

_Matt Hoover_
_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SCHREIBER FOODS INC. QUESTIONNAIRE AND REQUEST FOR DOCUMENTS TO ADAM MEIER

Defendant Schreiber Foods Inc. ("Schreiber") hereby serves the following questions and document requests pursuant to Fed. R. Civ. P. 33 and 34.

## INSTRUCTIONS

1.      Completely, accurately and legibly answer all of the questions in the space provided. If you need additional sheets to complete your answer, be sure to indicate the question number on the additional sheet. For some questions, there are attached forms for you to complete that relate to your position(s) at Schreiber. Therefore, if you held multiple positions, you will need to complete multiple copies of that form. There are three copies of each form provided for your use if necessary. If you need additional forms, make copies to use. For example, Question 1 asks you to complete Attachment A for each position you held between August 15, 2008 and the present. If there are not enough forms to cover each position you held, photocopy Attachment A, and fill one out for each position.

2.      Sign the verification on page 16 of this packet.

3.      Study the list of documents requested on pages 17-18 and attach photocopies of the documents requested.  After completing a thorough search, if you do not have any of the documents requested, please note this under that specific request.

4.      Return the entire completed packet, including any attached documents, to your attorney on or before _____, 2012.

5.      Many questions herein ask whether, where, when, etc. you "regularly," "typically," or "normally" perform certain activities, such as put on protective gear.  We understand that you may not perform some activity the same way, at the same time, and in the same manner every single day.  The terms "regularly," "typically," and "normally," seek a description of your typical work day or work activities.


## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.  Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**                          **Material Handler**

| | | |
|---|---|---|
| a. | State the dates that you held this position. | May 24, 2010-August 12, 2010. General Partner |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Logan Utah |
| c. | Identify your supervisor(s) for this position. | Ben Williams |
| d. | Describe your job duties for this position. | General Partner. Jobs varied by shift. |
| e. | Were you regularly required wear any protective or safety gear for this position?  _____ YES     _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>YES          NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, earplugs, safety glasses, hair net.<br><br>About 5 minutes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses were in the locker.<br><br>Earplugs and hairnet were out of the locker room and down the hallway. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway ten to fifteen feet from the time clock. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>\_\_\_\_\_      _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>  **YES**        **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hallway.<br><br>Maybe a minute. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>  YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Varied depending on how crowded it was in the locker room. Generally about 15 minutes. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, short sleeve snap up shirt and lace up steel toed boots. |

| | |
|---|---|
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 15 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked into the building, then go to locker with the uniform, open the combination lock, grab my uniform, put the hangers on the hanger rack, go to personal locker, open it, |

| | |
|---|---|
| activities. | take off street clothes, put on uniform and boots, grab box knife or scissors, grab hard hat, safety glasses, walk out to hallway to get earplugs and hairnet, put the protective gear on and waited until 7 minutes till the start of the shift to clock in. Then go in and talk to the partner I was relieving to get a shift rundown of what was going on, get paperwork from partner, and begin job duties. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait to be relieved from the oncoming partner, give them a shift rundown, give them paperwork, clock out, take off protective gear in hallway on the way to the locker, change from uniform to street clothes, put up box cutter or scissors, put away protective gear, lock locker, put uniform in dirty bin and then leave the plant. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **r. If you attended regular** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 |

| | |
|---|---|
| **your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 10 minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| clocked out. | |
|---|---|

2.　　If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.　　If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes __Yes____   No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I don't recall the dates but I raised concerns that I wasn't being paid properly for all pre and post shift work. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Raised the complaints to other employees and coworkers. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Told them it wasn't fair we had to do all this stuff before and after work without getting paid. They said it was part of the job. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____              No ____No_____

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

<u>All of our supervisors.</u>

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Generally a weekly basis. The amount of overtime varied.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:            Yes ___Yes_____            No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:         Yes _____            No ___No_____

      If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

      If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:         Yes _____            No _No_____

      If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you. _____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, , 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# VERIFICATION

I, _Michael L. Meier Jr._, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _10th_ day of _March_, 2012.

_Michael L. Meier Jr._

Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

**ANTHONY POLZIN et. al,**     )
On Behalf Of Themselves     )
All Others Similarly Situated,     )
     )
     Plaintiffs,     )
     )     Case No.: 10-1117
vs.     )
     )     **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.**     )
     )
     Defendant.     )

**DEFENDANT SCHREIBER FOODS INC. QUESTIONNAIRE AND
PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

# QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

**Note:** Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** Sanitarian - Casing Operator - Set Up Room

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | Sanitarian - July 2008 to June 2010<br><br>Casing - July 2010 to July 2011 |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Monett, Missouri SFI |
| c. | **Identify your supervisor(s) for this position.** | Doug Garbee |
| d. | **Describe your job duties for this position.** | Sanitarian - Responsible for chemicals and cleaning pipes and cookers, "CIP" spills.<br><br>Casing - Packaged product in cases, put on pallets for distribution. |
| e. | **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ YES  _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**          **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety shoes, safety glasses, earplugs, hairnets, beard bag, and helmet, Kevlar glove for making with utility knife.<br><br>About 3 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____     _____<br>**YES**        **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____     _____<br>**YES**        **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>A minute or so. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-7 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shirt, pants and safety boots. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____    _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Got earplugs and hairnet/beard bag in the hallway, put lunch in cooler. Went to locker room, got dressed in uniform and required PPE. Clocked in 7 minutes prior to shift start at 6:53. |
| **p. Describe the process** | **Objection: Plaintiff objects to this interrogatory as being** |

| | | |
|---|---|---|
| | you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Clocked out, went to locker room, removed PPE, changed shoes. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    _____<br>YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    _____<br>YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts |

| | |
|---|---|
| meeting. | that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ _____<br> YES NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No.<br><br>Had to be clocked in 6-7 minutes early, talk to the outgoing shift. Didn't get paid till 7. |

| | |
|---|---|
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out? <br><br> _____ _____ <br> **YES** **NO** <br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> 6-7 minutes. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out? <br><br> _____ _____ <br> **YES** **NO** <br><br> If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |

2.　　If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains**

**impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>: Yes _____          No \_\_No\_\_\_\_

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.        If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>: Yes _____          No \_\_No\_\_\_\_

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes __Yes____     No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint

made. If you checked "No," then you do not need to complete Attachment B. Proceed to

Question No. 5.


## ATTACHMENT B

| a. | How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)? | Brought it up in meetings to supervisor or HR. |
|---|---|---|
| b. | State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained. | Don't remember. |
| c. | Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present. | Doug Garbee<br><br>Andrew Maddux HR |
| d. | Describe what you said | Senior shifts 9 out of 10 times being 5 - 10 minutes late. Nothing |

| | |
|---|---|
| **and what those present said relating to your concern or complaint.** | ever being done about it. |

       5.       Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:          Yes _____          No \_\_\_No_____

       If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

       6.       Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the**

corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

Response:          Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Sanitation every other week 8-10 hours. It happened so much that you start to think its normal.

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:          Yes _____          No ___No_____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

<u>Probably 10-15 minutes per day.</u>

       8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:** This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

<u>Response</u>:　　　　Yes _____　　　　No ____No_____

　　　　If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

　　　　If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

<u>*/s/ C. Jason Brown*</u>
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## **Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, MICHAEL OHARA, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _7th_ day of _March_, 2012.


_Michael F. Ohara_

Signature

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.       Complete **Attachment A** for each position you held while you were employed by

Schreiber for the period of August 15, 2008 through the present.   Complete a separate

Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held:        Knock Down Block Handler

| | |
|---|---|
| **a.  State the dates that you held this position.** | 7/08-11/09 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Clinton MO |
| **c.  Identify your supervisor(s) for this position.** | Rob Lotto |
| **d.  Describe your job duties for this position.** | Opened up cheese and put it on line to be shredded |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>**_X__          _____**<br>**YES            NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states,** |

| | to the best of his/her knowledge, as follows: |
|---|---|
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X__ _____<br>**YES**         **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Kevlar sleeves and gloves, hairnet, ear plugs, safety glasses, hard hat<br><br>To get my gear and put it on took around 5 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_X__ _____<br>**YES**         **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I kept my gear in a locker |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the gear on in the locker room |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_ _____<br>YES NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X_      _____**<br>**YES            NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take my gear off and put it away took around 5 minutes |

| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X_         _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To get my boots and put them on took around 2 minutes |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Boots were the only captive item |
| m. Were you required to change out of uniform at the facility after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_X_       _____<br>**YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>It took around 2 minutes to take my boots off and put them away |
| **n.**   **Were you allowed to take your uniform home for this position?**<br><br>_X___       _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Except for boots |
| **o.**   **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Get to the plant about 30 minutes early go put gear, boots on, go to break room, wait until 7 til, then go clock in |
| **p.**   **Describe the process you used for clocking out of your shift for** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | |
|---|---|
| this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I would wait for relief, clock out, go put stuff in locker, change, go outside and leave |
| **q.** **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ \_X\_\_<br>  **YES**      **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>  **YES**      **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.<br><br>These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **r.** **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts |

9

| | |
|---|---|
| | that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **s.** **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?** _____ __X__  YES NO  **If "YES," state the estimated total number of seconds or minutes** | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| you typically spent doing so. | |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>__X__    _____<br> **YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>This communication depended what was going on, could take up to 10 minutes |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    __X_<br> **YES**     **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _X__

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _X_

If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __X__

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

# **ATTACHMENT B**

| | |
|---|---|
| **a.** **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | |
| **b.** **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | |
| **c.** **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | |
| **d.** **Describe what you said and what those present said relating to your concern or complaint.** | |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:              Yes _____                    No ___X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:              Yes _____                    No ___X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation.  For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:           Yes __X___           No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked overtime on a weekly basis_____

        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:           Yes _____           No _____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

On average I worked at least 8 hours of overtime a week_____

8.  Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _X____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late? Just a couple of times_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.  Depending on how late, got ¼ or ½

absences_____

9.  Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __X____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early? 1

time_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you. I did not get in trouble, gave notice to my supervisor_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, MIGUEL LOPEZ, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of March, 2012.

_____
Signature

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,      )
On Behalf Of Themselves      )
All Others Similarly Situated,      )
      )
      Plaintiffs,      )
      )      Case No.: 10-1117
vs.      )
      )      **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.      )
      )
      Defendant.      )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                 Machine Operator and Receiving

| | |
|---|---|
| **a.  State the dates that you held this position.** | February 14, 2010 through December 2010 through February 2011 through June 18, 2011 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Shippensburg Pennsylvania |
| **c.  Identify your supervisor(s) for this position.** | **Machine Operator -** Shelly Carr, Charlie Haines<br><br>**Receiving -** Cannot recall name at this time. |
| **d.  Describe your job duties for this position.** | **Machine Operator -**  Get packaging for the machine, scan it in, get the machine ready to run, run the machine, put in boxes, tear down machine, clean machine, put machine back together, complete paperwork, palletize.<br><br>**Receiving -** Received the milk or cream for the plant. |

| | |
|---|---|
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>\_\_\_\_\_     \_\_\_\_\_<br>**YES**        **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>\_\_\_\_\_     \_\_\_\_\_<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Earplugs, safety glasses, hairnet.<br><br>About a minute. |
| **g. If you regularly put on required protective or safety gear for this** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on** |

| | |
|---|---|
| position, was it kept on-site at the Schreiber facility?<br><br>_____    _____<br>**YES**          **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Safety glasses in the locker.<br><br>Earplugs and hairnet in the hallway. |
| h.  **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the locker room. |
| i.  **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____    _____<br>**YES**          **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>**YES**       **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br> **YES** **NO**<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **m.** Were you required to change out of uniform at the facility after | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____     _____<br>  YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| n.  Were you allowed to take your uniform home for this position?<br><br>_____     _____<br>  YES        NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrived at the plant, walk into the building, grab earplugs and hairnet, change into lace up steel toed boots, grab safety glasses and then clock in.  At first we got paperwork from the partner we were relieving. It then changed to having to get paperwork from the office. Exchange information about the shift with the partner then take over job duties. |

| | |
|---|---|
| **p.** Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>**Machine Operator -** It would depend on what line I was working.<br><br>If my shift was the last shift of the day, we would wait for cheese to run out, break down the machine, clean machine, get approval if necessary to put machine back together, turn in paperwork and then clock out. Then go to the locker room change and leave.<br><br>If I was being relieved by a partner, wait for the partner, exchange information, turn in paperwork clock out Then go to the locker room change and leave.<br><br>**Receiving -** Wait for the next partner, exchange information, turn in paperwork clock out Then go to the locker room change and leave. |
| **q.** While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____ _____<br>  YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | |
|---|---|
| **YES          NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | knowledge, as follows:<br><br>No. |
| **r.  If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **s.  If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes -<br><br>It could vary from a minute to five minutes. |
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by** |

| | | |
|---|---|---|
| _____  _____<br>**YES**  **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. | |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response: Yes _____        No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response: Yes _____        No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____                    No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____                    No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Daily basis when I worked as a Machine Operator. Overtime could vary depending on what line I was on.  It could be up to 40 hours overtime in a two week period. I generally did not get overtime in Receiving.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I questioned some of my paychecks but didn't go to any manager about it.

        8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:          Yes ___Yes_____         No _____

        If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

On two occasions. I don't know the exact amount of time.

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Yes. I was written up.

        9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No _____

       If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>I don't recall ever leaving early.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were       disciplined       and       who       disciplined       you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, MIRANDA COVERT, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _6_ day of _March_ , 2012.

_____
Signature

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND**
**REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by

Schreiber for the period of August 15, 2008 through the present.   Complete a separate

Attachment A for each position.

Response: See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: Blender (Alt)

| | | |
|---|---|---|
| a. | State the dates that you held this position. | December 15th 2005 thru April 26th 2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville, TX |
| c. | Identify your supervisor(s) for this position. | Jeff Pate |
| d. | Describe your job duties for this position. | General food production and sanitation |
| e. | Were you regularly required wear any protective or safety gear for this position?  _____ YES    _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:  Yes |

| | |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____ YES   _____ NO<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety glasses, ear plugs, hard hat, hairnet, uniform shirt, uniform pants, and steal toed boots. It takes about 7 minutes to change completely into our complete uniform head to toe. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____ YES   _____ NO<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the plant in the locker room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____  _____<br>**YES**        **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Every time, in the locker room. Again 7 minutes. |
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>7 minutes. |

| | |
|---|---|
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Pants, shirt, and steal toed boots. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>It would take 7 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>_____  _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement** |

| | |
|---|---|
| | his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Put away lunch, dress into full uniform, including safety gear, then clock in. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Clocked out then undressed out of uniform and safety gear. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," did you regularly attend pre-** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete** |

| | | |
|---|---|---|
| | shift meetings?<br><br>_____    _____<br>**YES**        **NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Pre-shift meetings. We would clock in 7 minutes before our shift but not before then because they didn't start paying us until the actual hour we were scheduled to work. i.e, if our shift started at 7am we clocked in at 6:53am. Our hours didn't start until 7am. Once a week. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Five minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25** |

| | |
|---|---|
| | interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Exchange of information about the previous shift. |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>   **YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Two minutes. |
| **u.** **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>   **YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes, but this was during our normal work hours 5 minutes. |
| **v.** **While you worked in this position, were you required to do any paperwork after you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| clocked out?<br><br>_____      _____<br>**YES**          **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| --- | --- |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:  Yes  _____          No __No____

     If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or**

**not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>: Yes _____        No __No_____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No_____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:             Yes _____                    No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:             Yes _____                    No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

Unknown.

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes ___Yes_____        No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

On a weekly basis for about 4 hours per week.

If "Yes," above, were you paid for all overtime worked?

Response:        Yes _____        No ___No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I worked back to back shifts (16 hours) and was paid regular as the next shift was the next day.

       8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes _____        No ____No_____

      If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>1 time 1 hour.</u>

      If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>No.</u>

       9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes _____        No ___No_____

      If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>One time due to an injury two hours after clocking in.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Misti Brock, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of  April, 2012.


Misti Brock

Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,                )
On Behalf Of Themselves              )
All Others Similarly Situated,       )
                                      )
    Plaintiffs,  )
                                      )   Case No.: 10-1117
vs.                                   )
                                      )   **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.                  )
                                      )
    Defendant.    )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** **Slice Knock Down**

| | |
|---|---|
| **a. State the dates that you held this position.** | 2003 through about December 2010 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Clearfield Plant in Clinton Missouri |
| **c. Identify your supervisor(s) for this position.** | Gaylan Carter, Nina William, Virgil Bradley |
| **d. Describe your job duties for this position.** | Load blocks on line or open provolone packages and feed to slicer. |
| **e. Were you regularly required wear any protective or safety gear for this position?**  <br><br>_____ YES  _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____    _____<br>**YES**              **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, ear protection, and hair net.<br><br> A minute or so. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time** |

| | |
|---|---|
| _____ _____<br>**YES NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | **periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, and safely glasses were stored in my locker.<br><br>The ear protection and hair nets were in the hallway by the team leader's office. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES NO**<br><br>**If "NO," how frequently did you** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery** |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____      _____<br>**YES            NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About 30 seconds or so. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>\_\_\_\_\_ \_\_\_\_\_<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **m.** Were you required to change out of uniform at the facility after | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____   _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____   _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant about 15 minutes early, walked into the building, walked through a foot bath, then went to the locker room and put on steel toed boots, hard hat, and safety glasses. Then went and picked up ear protection and hairnet. Then went to a pre-shift meeting in the hall by the team leader's office.  They would tell us how many pounds of cheese had to go out that night and then talked about what happened the previous night.  Walked through foot bath, then clocked in and went to my station and |

| | | talked with the partner I was relieving. |
|---|---|---|
| **p.** | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Waited for relief partner to arrive. Then tell them what they needed to get out and tell them about any problems we had. Clocked out, walked through foot baths, went to the locker room, took off protective gear and boots. Put boots on a rack. Put street shoes on and on the way out walked through another foot bath. |
| **q.** | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>  **YES**        **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>  **YES**        **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Daily. |
| **r.** | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is** |

| | | |
|---|---|---|
| | **estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In the hall by the team leader's office.<br><br>Took about 3 minutes. |
| s. | **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Told us how many pounds of cheese had to go out that night and then talked about what happened the previous night. |
| t. | **While you worked in this position, were you required to exchange information necessary for you to perform your job with other** | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by |

| | |
|---|---|
| partners in the previous shift prior to you clocking in?<br><br>_____     _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____     _____<br>**YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About a minute. |
| v. **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____     _____<br>**YES**        **NO**<br><br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| clocked out. | |
|---|---|

2. If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____     No __No____

If you checked "Yes," which activities were you paid for?

Not paid for preshift meetings but paid for weekly quality meeting which lasted about an

hour.

3. If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____     No _No_____

If you checked "Yes," which activities were you paid for? _____

_____

4.    If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes __Yes____   No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Whenever the next shift was late to the line. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Team Leader Nina Williams and Susan Keltner in HR. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I didn't think it was fair for us to stay over and not get paid. Susan Keltner said she agreed but it was over her head. She said she would present the issue to the boss and get back with me. She would get back with us and tell us that we would not get paid. |

4

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____              No _____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes __Yes_____        No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly for 4 hours.


If "Yes," above, were you paid for all overtime worked?

Response:        Yes _____        No ____No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an

approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

The amount of unpaid overtime would depend but could be 2 hours in a week.

      8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:         Yes _____           No ____No_____

    If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:         Yes ___Yes_____        No _____

    If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

<u>Maybe once a year due to sickness.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

<u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on
March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Naressa Veach, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _13_ day of _March_, 2012.


_____Naressa Veach_____
Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SCHREIBER FOODS INC. QUESTIONNAIRE AND REQUEST FOR DOCUMENTS TO NICOLE ROGERS

Defendant Schreiber Foods Inc. ("Schreiber") hereby serves the following questions and document requests pursuant to Fed. R. Civ. P. 33 and 34.

## INSTRUCTIONS

1.      Completely, accurately and legibly answer all of the questions in the space provided. If you need additional sheets to complete your answer, be sure to indicate the question number on the additional sheet. For some questions, there are attached forms for you to complete that relate to your position(s) at Schreiber. Therefore, if you held multiple positions, you will need to complete multiple copies of that form. There are three copies of each form provided for your use if necessary. If you need additional forms, make copies to use. For example, Question 1 asks you to complete Attachment A for each position you held between August 15, 2008 and the present. If there are not enough forms to cover each position you held, photocopy Attachment A, and fill one out for each position.

2.      Sign the verification on page 16 of this packet.

3.      Study the list of documents requested on pages 17-18 and attach photocopies of the documents requested.  After completing a thorough search, if you do not have any of the documents requested, please note this under that specific request.

4.      Return the entire completed packet, including any attached documents, to your attorney on or before _____, 2012.

5.      Many questions herein ask whether, where, when, etc. you "regularly," "typically," or "normally" perform certain activities, such as put on protective gear.   We understand that you may not perform some activity the same way, at the same time, and in the same manner every single day.   The terms "regularly," "typically," and "normally," seek a description of your typical work day or work activities.


## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** **Slack Line Case**

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | April 2010 to Unknown |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| c. | **Identify your supervisor(s) for this position.** | Adam Dedly |
| d. | **Describe your job duties for this position.** | In charge of six different machines making boxes. Make sure boxes go to the line, putting cheese in boxes and making sure no metal in line. |
| e. | **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states,** |

| | to the best of his/her knowledge, as follows: |
|---|---|
| | Yes. |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**         **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, earplugs, and hairnet.<br><br>Couple minutes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____     _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**       **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room or walking out of the locker room. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>\_\_\_\_\_      _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ YES    _____ NO<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Go through three sets of doors and take off protective gear in the hallway.<br><br>Twenty to Thirty seconds. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 15 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, long sleeve snap up shirt, and lace up steel toed boots. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)? <br><br> _____ _____ <br> **YES** **NO** <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Yes. <br><br> About 10 minutes. |
| **n. Were you allowed to take your uniform home for this position?** <br><br> _____ _____ <br> **YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Arrived at the plant at about 6:35, then walk into the building, then grab uniform out of the locker, go into locker room, open locker, change from street clothes to uniform, grab protective gear and put on in the locker room or on the way out. Go down |

| | | |
|---|---|---|
| | activities. | hallway to the clock and wait till seven minutes early to clock in. Then go out onto the floor, gather paperwork, gather knives, scissors, exchange information about the shift with the partner and start shift. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for the relief partner, exchange information, or if no partner arrives I would hunt down a TA to see what I needed to do. Put away knives, scissors and turn in paperwork. Clock out on the floor then walk through three sets of doors into the hallway, then into the locker room to change. Put uniform in dirty bin and leave the building. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____  _____<br>  **YES**      **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____  _____<br>  **YES**      **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | **If you attended regular pre-shift meetings for** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The** |

| | | |
|---|---|---|
| | this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| _____     _____<br>**YES**       **NO**<br><br>  **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | No. |
| **u.**  **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>  _____     _____<br>   **YES**       **NO**<br><br>  **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Between 5-10 minutes. |
| **v.**  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>  _____     _____<br>   **YES**       **NO**<br><br><br>  **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No ___No___

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes____   No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Throughout my employment. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Would mention it to the TA's. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Would ask why we don't get paid. They would say we don't get paid for it either. |

5. Were you ever told by any Schreiber manager, supervisor, or other member of management **not** to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____ No ____No_____

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6. Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to **not** record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____ No ____No_____

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Hours per two weeks would vary between 90 up to 140 hours worked.


If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:      Yes _____        No ____No_____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late? _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:                Yes ___Yes_____          No _____

        If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>On one occasion when the machine broke down.</u>

        If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.  <u>No.</u>

## <u>VERIFICATION</u>

I, _____, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 2012.


_____

Signature


**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S</u>
## <u>REQUEST FOR DOCUMENTS</u>

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

# QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: **Bossar Machine Operator**

| | | |
|---|---|---|
| a. | State the dates that you held this position. | 2008 to March 2010 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Gainesville Georgia |
| c. | Identify your supervisor(s) for this position. | Richard Smith |
| d. | Describe your job duties for this position. | Operate Bosssar machine. Package cheese. |
| e. | Were you regularly required wear any protective or safety gear for this position? _____ YES _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Yes. |

| | |
|---|---|
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>YES NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____<br>YES NO | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Plant locker. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Plant, shred department. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as** |

| | |
|---|---|
| | follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ YES      _____ NO<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>At the locker room.<br><br>Fifteen minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____      _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>15 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, boots, hat, safety glasses. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____      _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the |

| | |
|---|---|
| of seconds or minutes it typically took you to change out of your uniform. | right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>15 minutes. |
| **n.** Were you allowed to take your uniform for this position home?<br><br>\_\_\_\_\_ \_\_\_\_\_<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Time card / clock. Clock in 7 minutes before time. |
| **p.** Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of** |

| | | |
|---|---|---|
| | soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | his/her knowledge, as follows:<br><br>Time card / clock. Clock out 7 minutes after shift ends. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____  _____<br>YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____  _____<br>YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Every day. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | |
|---|---|
| | **knowledge, as follows:**<br><br>15 minutes before shift. Team advisor's office, break room.<br><br>15 minutes. |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Production results and new production schedule for the shift. Information from other partners. |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ _____<br>   **YES**       **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>15-20 minutes. |
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on the next shift to | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by** |

| | |
|---|---|
| perform their job prior to clocking out?<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>15-20 minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Production daily report. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____          No _____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions.**

**This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes __Yes____ No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Team advisors and other members. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | They will talk with the Team Leader. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No __No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:               Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>On a weekly basis. More than 6 hours every week.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:               Yes _____          No ___No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

<u>6-15 minutes every shift. Eight hour shift.</u>

8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Caution, verbal warning.</u>

      9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes ___Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Most of the time.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**


Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 7, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff does not believe she has any responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 7, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, __OLINIGA AWOH__, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __02__ day of __May__, 2012.

_Olingawoh_
_____
Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**ANTHONY POLZIN et. al,**          )
On Behalf Of Themselves            )
All Others Similarly Situated,     )
                                   )
    Plaintiffs,   )
                                   )          Case No.: 10-1117
vs.                                )
                                   )          **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.**            )
                                   )
    Defendant.     )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**          **Assembly Line Worker**

| | |
|---|---|
| **a. State the dates that you held this position.** | Cannot recall the dates I worked. I believe I worked about 3 months. |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| **c. Identify your supervisor(s) for this position.** | Jenny Weise |
| **d. Describe your job duties for this position.** | Basic assembly line work. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ YES     _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES**            **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hairnet, safety glasses, earplugs. I can not recall whether or not I had to wear a hard hat.<br><br>About five minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____ _____<br>**YES** **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Safety glasses and earplugs kept in locker.<br><br>Hairnets were close to the bathroom. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the locker room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.**   **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____      _____<br>  **YES**         **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About five minutes because I had to wait to get into the locker room. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**          **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection:** Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 5 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection:** Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Coveralls and steel toed lace up boots. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)? | **Objection:** Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such |

| | |
|---|---|
| _____  _____<br>**YES**  **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____  _____<br>**YES**  **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive about thirty minutes early, go into the locker room, get dressed and grab protective gear and go to the time clock to wait to clock in. Go to relieve assembly line partner, sign in, and exchange information. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process".** |

| | |
|---|---|
| conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for assembly line partner, exchange information about the shift, clock out then take off coveralls, steel toed boots and safety gear. Then leave. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    _____<br>YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    _____<br>YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I don't recall having a pre-shift meeting. |
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without |

| | | |
|---|---|---|
| | | waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>  YES       NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| u. | While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections,** |

| | |
|---|---|
| to clocking out?<br><br>_____   _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Tell them how many products needed, what size product working on, if we had finished the order or if starting new order, any problems with machine, and tell them if low on any product.<br><br>3-5 minutes depending on how much information we had to share. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____   _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

       6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes _____          No ___No_____

       If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.    Did you ever work overtime?

      **Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

**interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes _____        No ____No_____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

_____

_____

If "Yes," above, were you paid for all overtime worked?

Response:        Yes _____        No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

    8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to**

**conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:     Yes _____          No ___No_____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:     Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were                disciplined                and                who                disciplined                you.

_____

_____

### OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

**Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.**

**Position Held:**          **Machine Operator**

| | |
|---|---|
| **a. State the dates that you held this position.** | August 2008 through August 2010 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Gainesville |
| **c. Identify your supervisor(s) for this position.** | Jason Gilbert, Brian Sharp |
| **d. Describe your job duties for this position.** | Operated bossar machine. Turned film into package and put cheese in package with a date. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____      _____<br>**YES**         **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, earplugs, hairnet.<br><br>About two to four minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____      _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**       **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Earplugs and hairnet in hallway. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____      _____<br>**YES**      **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____     _____<br>**YES            NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hallway.<br><br>About 1 minute. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____          _____<br>**YES                NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>5-7 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, long sleeve snap-up shirt, and steel toed boots. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____          _____<br>**YES                NO**<br><br>If "YES," state the | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the |

| | |
|---|---|
| **estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>4-6 minutes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, walked into the building, go to uniform locker in hallway, grab hairnet and earplugs and take to the locker room, take off street clothes, put on uniform and put street clothes in locker and then go out to the hallway and put on protective equipment. Then go inside the manufacturing area and clock in. Go onto the floor and get gloves if needed, go to production office to get paperwork and have a pre-shift meeting with the team advisor, then go relieve the other shift. |
| **p. Describe the process you used for clocking out of your shift for this position in** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request** |

| | | |
|---|---|---|
| | relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for the next shift to get to my production area, give rundown if necessary, walk to production office, drop off paperwork, go clock out, wait to walk out of the production area then take off protective equipment on the way to the locker. Open locker, change from uniform to street clothes, put protective gear in locker, put dirty uniform in bins, then leave the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____   _____<br>YES          NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____   _____<br>YES          NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff |

| | | |
|---|---|---|
| | | reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>  YES        NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| u. | While you worked in this position, were you required to exchange information necessary | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| | |
|---|---|
| for other partners on the next shift to perform their job prior to clocking out?<br><br>_____     _____<br>**YES          NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>As necessary.<br><br>3-5 minutes. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____     _____<br>**YES          NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____         No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes  _____         No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4. If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No ___No___

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5. Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response:</u>        Yes _____        No ____No_____

If you checked "No," proceed to the next question. If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

  6.  Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

  <u>Response</u>:   Yes _____    No ____No_____

  If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.  Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                Yes __Yes_____                No _____

   If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis that could vary between 4 hours and up to 8 hours.

   If "Yes," above, were you paid for all overtime worked?

   Response:                Yes ___Yes_____                No _____

   If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

   8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and
overly burdensome in that it requests the Plaintiff to recall all time worked. This
interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to
supplement his/her responses to this question after having an adequate opportunity to
conduct and review discovery.  This interrogatory and the corresponding subpart exceeds
the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).
Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as
follows:**

   Response:                Yes ___Yes_____                No _____

   If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Maybe 2-4 times. 1-3 minutes late.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Yes, docked for fifteen minutes of pay and attendance points affected.

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                    No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Clocked out one minute early one time but I don't know the date.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.  Yes. I was written up.

**<u>VERIFICATION</u>**

I, Randall Lindsey, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __18th___ day of ___March_____, 2012.


_____
Signature

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**Certificate of Service**

      I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** Knock Down

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | December 22, 2006 to May 14, 2010 |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| c. | **Identify your supervisor(s) for this position.** | Tony Vanwinkle, Josh Chapman, Alenka Owens, Estaban Felix, Sherif H. (unknown last name), and Mary Mayes. |
| d. | **Describe your job duties for this position.** | Break down bulk product and provide shred and slice lines with product and put product in machines and some basic computer work, sweeping and cleaning machines and taking out trash. |
| e. | **Were you regularly required wear any protective or safety gear for this position?** <br><br> _____ YES _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states,** |

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Yes.<br><br>Hard hat, ear plugs at first, hairnet, and safely glasses.<br><br>Less than 10 seconds. |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____    \_\_\_\_\_<br>**YES              NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Hard helmet hat, earplugs or earmuffs which are attached to hard hat and fold down over ears.<br><br>Safety glasses, hairnet, and beard net before clocking in.<br><br>About 10 seconds.<br><br>After clocking in: Rubber gloves, plastic apron, and sleeves for arms. Less than 10 seconds. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to** |

| | | |
|---|---|---|
| | on-site at the Schreiber facility?<br><br>_____ YES      _____ NO<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses stored in dressing room.<br><br>The hairnet, ear plugs and beard net were located in the hallway by the dressing room. |
| h. | Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker room. |
| i. | Did you wear the listed protective and safety gear every time you worked in this position?<br><br>\_\_\_\_\_ YES      _____ NO | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to |

| | |
|---|---|
| If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.   Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____   _____<br>**YES           NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Dressing room.<br><br>Less than 10 seconds. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____   _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 5-10 minutes. |
| **l.  If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, long sleeve shirt, steel toed boots and jacket. |
| **m. Were you required to** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| **change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>5-10 minutes. |
| **n. Were you allowed to take your uniform home for this position?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant twenty to thirty minutes early, walked into the building, went to get clean shirt and pants, got a new hairnet, then went to the dressing room picked up boots, then opened the locker with a combination lock, then take off street clothes, put on long |

| | |
|---|---|
| activities. | sleeve shirt, pants and steel toed boots, hair net, jacket and hard hat. Went to the break room for 4-5 minutes to drink a cup of coffee, then went to clock in no earlier than 5-7 minutes early so could be in position about 2-5 minutes early to relieve other partners. On the way to the position picked plastic/rubber sleeves, rubber gloves, and apron then communicated with the partner about the shift, machine, or problems. |
| p. **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Partner would come to relieve me about 5 minutes till the end of my shift, communicate to the partner about the shift and take off plastic sleeves and apron, take paperwork to a box outside the supervisor's office and clock out 5-7 minutes after the end of the shift. Then I would go the dressing room, take off uniform and put pants and shirt into laundry box. My boots went on the rack. Opened locker with combination lock and put on street clothes and then put jacket, hard hat and safety glasses in the locker and then went to check the schedule, then went to the break room, got something to drink and then left. |
| q. **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____  _____<br>**YES       NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____  _____<br>**YES       NO**<br><br>**If "YES," estimate how** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| | often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>On average 1-2 minutes unless there was a problem with the machine. |
| **v.** While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ _____<br>**YES** **NO** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections,** |

| | Plaintiff states, to the best of his/her knowledge, as follows: |
|---|---|
| **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____  No _____

If you checked "Yes," which activities were you paid for?

Meetings.

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____  No _____

If you checked "Yes," which activities were you paid for?

Meetings.

4.	If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____	No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

4

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

         <u>Response</u>:            Yes ____Yes_____          No _____

         If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>On a weekly basis from 8-12 hours overtime per week.</u>

         If "Yes," above, were you paid for all overtime worked?

         <u>Response</u>:            Yes ___Yes_____          No _____

         If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:          Yes ___Yes_____        No _____

     If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>I was late a couple of minutes one or two times.</u>

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  Yes. Disciplined by attendance policy.

      9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:          Yes _____        No ____No _____

     If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

        If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

_/s/ C.  Jason Brown_
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

        I hereby certify that a true and correct copy of the above and foregoing was sent on
March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

/s/ C. Jason Brown
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Richard Roberts, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _2_ day of _3_, 2012.

Richard Roberts
_____
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|     Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS**</u>

<u>**QUESTIONS**</u>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                     RBS Cream Cheese Processor

| | | |
|---|---|---|
| a. | State the dates that you held this position. | January 1, 2004 to April 1, 2011. |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Logan. |
| c. | Identify your supervisor(s) for this position. | Mike Ramser and Coby Carling. |
| d. | Describe your job duties for this position. | Blending, Pasteurizing, Setting the Pre-Mix. |
| e. | Were you regularly required wear any protective or safety gear for this position? <br><br> _____ YES  _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____  _____<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Hard hat, safety glasses, hairnet, beard bag, ear plugs, rubber boots.<br><br>5 minutes. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____  _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Plant provided, locker room locker. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker room. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____ YES _____ NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____     _____<br>**YES**       **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>5 minutes. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>3 minutes. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shirt and pants. |
| **m. Were you required to** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>3 minutes. |
| n. Were you allowed to take your uniform home for this position?<br><br>_____  _____<br>YES        NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Got a clean uniform - 2 minutes.<br><br>Put it on - 3 minutes. |

| | | |
|---|---|---|
| | activities. | Put on safety items - 5 minutes.<br><br>Walked back to cream cheese department break room, stored lunch - 5 minutes.<br><br>Punched in. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Punched out.<br><br>Collected lunch items, walked to the locker room - 5 minutes.<br><br>Took off safety items - 2 minutes.<br><br>Took off uniform - 2 minutes.<br><br>Put dirty uniform in laundry bins - 1 minute. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____   _____<br>**YES**        **NO**<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____   _____<br>**YES**        **NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | | |
|---|---|---|
| | month, etc.). | I was compensated for all pre-shift quality meetings. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| s. | **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | **While you worked in this position, were you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging** |

| | |
|---|---|
| required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>  **YES**       **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____  _____<br>  **YES**       **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>10 minutes. |
| v.  While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____  _____<br>  **YES**       **NO**<br><br> If "YES," state the estimated total number | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| of seconds or minutes you spent completing paperwork after you clocked out. | |
|---|---|

2. If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____ No _____

If you checked "Yes," which activities were you paid for?

I believe I was paid for some shift change information exchanges with partners.

3. If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____ No _____

If you checked "Yes," which activities were you paid for?

I believe I was paid for some shift change information exchanges with partners.

4.    If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                    No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                    No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Approximately 16 hours a week for 8 years.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:       Yes _____          No ____No_____

     If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:       Yes _____          No ____No_____

     If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

### OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

   I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, ROBERT PALMER, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8TH day of _MARCH_, 2012.

_____

Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    Underground Shipping

| | | |
|---|---|---|
| a. | State the dates that you held this position. | 2008-2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Carthage Underground |
| c. | Identify your supervisor(s) for this position. | John Stevens |
| d. | Describe your job duties for this position. | Loaded and unloaded trucks |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>X_          _____<br>YES          NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, |

| | |
|---|---|
| | to the best of his/her knowledge, as follows: |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>X__      _____<br>YES            NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I wore hard hats, coveralls, eye safety glasses, ear plugs, hairnets<br><br>To get my gear and put it on took around 10-15 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_X__      _____<br>YES            NO | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I kept the gear in a locker |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the gear on in the locker room |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X__         _____<br>YES          NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j.** Did you regularly take off required protective or safety gear after clocking out?<br><br>_____  \_\_**X**\_<br>  **YES**    **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Most of the time I took it off and then clocked out |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X___          ____<br>   YES              NO<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>My boots had to stay there but not pants and shirts |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br><br>Just my boots were captive |
| m. Were you required to change out of uniform at the facility after | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____     \_X\_<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **n.** Were you allowed to take your uniform home for this position?<br><br>\_\_X\_     _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Get there go to break room, get cup of coffee, get stuff on that was not wore home, clock in, I would get to the plant around 30 minutes early |
| **p.** Describe the process you used for clocking out of your shift for | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | |
|---|---|
| this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Leave the floor, took off the gear, clocked out, went home. If we were running late we would clock out first then take things off. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?** <br><br> _____ \_\_**X**\_ <br> **YES**       **NO** <br><br> **If "YES," did you regularly attend pre-shift meetings?** <br><br> _____      _____ <br> **YES**       **NO** <br><br> **If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts** |

| | |
|---|---|
| | that are actually 2 separate and distinct questions. **Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?** <br><br> _____ \_X\_ <br> **YES NO** <br><br> **If "YES," state the estimated total number of seconds or minutes** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out? <br><br> _X__    _____ <br>  YES     NO <br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| v. While you worked in this position, were you required to do any paperwork after you clocked out? <br><br> _____    __X__ <br>  YES     NO <br><br> If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No _X__

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____        No _X_

        If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No _X_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.        Were you ever told by any Schreiber manager, supervisor, or other member of management **not** to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No ___X__

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.        Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record at that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No __X__

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __X__          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I would describe the overtime as worked on a weekly/daily basis. Around 20 hours a week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

My overtime hours varied depending on the work that was available.

8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___X____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Every once in a while but not to often. 1 or 2 times a year 10 minutes. One time read the schedule wrong and didn't go.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

I was disciplined verbally by John Stevens, board. Lost approximately $1,200. This action was not taken towards others who had not shown up. I was nearly fired.

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _X____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Maybe because of sickness two times a year.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## **Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Robert Stark, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___3___ day of _March_____, 2012.

_Robert Way Star_____

Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|       Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# <u>ATTACHMENT A</u>

**Note:** Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

<u>Position Held:</u>                    <u>Worked on the Line (Can't recall job title</u>

| | |
|---|---|
| **a.  State the dates that you held this position.** | Cannot recall dates. |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| **c.  Identify your supervisor(s) for this position.** | Chris ? |
| **d.  Describe your job duties for this position.** | Assembly line work. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**  _____  _____  **YES        NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

3

| | Yes. |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____     _____<br>**YES**         **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, and hairnet.<br><br>3-4 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____     _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

Case 3:10-cv-01117-GAF     Document 314-1     Filed 01/04/13     Page 1051 of 1589

| | |
|---|---|
| **YES**         **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Hairnet in the hallway. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>\_\_\_\_\_       _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ **YES** _____ **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Minute or so. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)? <br><br> _____     _____ <br> **YES**          **NO** <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> 10-15 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Boots and paper suit. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>5-7 minutes. |
| n. Were you allowed to take your uniform home for this position?<br><br>_____ _____<br>YES NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrive at the plant, grabbed a hairnet before going into the locker room, go into the locker room, put on boots, uniform, hairnet, grabbed hard hat and safety and went to the break room waited till 7 minutes before the start of my shift to clock in. Went to my |

| | | |
|---|---|---|
| | **activities.** | station, exchanged some information and began work. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for partner to relieve my shift, exchange some information, get in line to clock out, go to the locker room, change, and then leave. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>‾‾‾‾‾     ‾‾‾‾‾<br>**YES**      **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>‾‾‾‾‾     ‾‾‾‾‾<br>**YES**      **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls** |

| | | |
|---|---|---|
| | minutes you regularly spent in a pre-shift meeting. | Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? <br><br> _____  _____ <br> YES      NO <br><br> If "YES," state the estimated total number | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| of seconds or minutes you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____     _____<br>**YES**     **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About a minutes. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____     _____<br>**YES**     **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No _No_____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No ___No___

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                  No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____                  No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7. Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:           Yes ___Yes_____           No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>Generally on Fridays for a hour or two.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:           Yes ___Yes_____           No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an

approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____         No ____No_____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____         No ____No_____

    If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were          disciplined          and          who          disciplined          you.

_____

_____

### OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on Arpil 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

**Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.**

**Position Held:                          Packager, Palletizer, Rapid Pack Operator**

| | |
|---|---|
| **a.  State the dates that you held this position.** | Packager - February 2009 to June 2009<br><br>Palletizer - June 2010 to June 2011<br><br>Rapid Pack Operator - June 2011 to October 2011 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Ravenna Nebraska Plant. |
| **c.  Identify your supervisor(s) for this position.** | Packager - Jared ?<br><br>Palletizer - Mike Cox then Bruce Mitchell<br><br>Rapid Pack Operator - Bruce Mitchell |
| **d.  Describe your job duties for this position.** | Packager - Rotated from position to position every hour, loading and packaging cheese.<br><br>Palletizer - Load and inspected the boxes as they came off the line and remove the loaded pallet when the required amount of boxes were on in. Needed repairs.<br><br>Rapid Pack Operator - Set speed and alignment of film, load film, and inspect packages as they moved down the line. Perform needed repairs and adjustments. |

| | |
|---|---|
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>_____   _____<br>**YES**       **NO** | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____   _____<br>**YES**       **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>We were required to wear hard hats, safety glasses, earplugs and hairnets for all jobs as well as steel toed shoes and plastic gloves.<br><br>It  generally took 3 minutes to put on safety gear and an additional 10 minutes to find and put on company supplied uniforms. |

| | |
|---|---|
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____  _____<br>**YES**       **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>We got uniforms from supply area near the locker rooms. Our hard hats, shoes and glasses were in our lockers. We had to walk down the hall approximately 60 feet to get hairnets and earplugs. Then into a cleaning area next to hairnets to wash hands and shoes. Then approximately 100 feet to Leprino production to clean hands and shoes another  120 feet (approximately) to our area. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I put on hardhat, glasses, uniform and shoes in locker room. Hairnets and earplugs across from the break room. We put on sterile plastic gloves on the production floor after washing our hands. |
| i. Did you wear the listed | **Objection: Plaintiff objects to this interrogatory as vague.** |

| | |
|---|---|
| protective and safety gear every time you worked in this position?<br><br>_____      _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.**   **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____      _____<br>**YES**        **NO**<br><br>If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>I took my gloves off outside the production floor and threw them away. We were required to change gloves every time we touched something from the floor, and unsanitary part of the machine or other items. I changed gloves many times during the day. Everything else came off in the locker room.<br><br>It took roughly 1 minute to change gloves. Approximately 10 minutes to remove uniforms and safety gear in the locker room. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>  **YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>It took roughly 7-10 minutes to change from street clothes to uniforms. This includes the time it took to get uniforms. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My uniform consisted of 1 shirt, 1 pant, 2 jackets. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>  **YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to** |

| | |
|---|---|
| If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| n. Were you allowed to take your uniform for this position home?<br><br>_____      _____<br>YES          NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Stored my lunch in the break room cooler. (2 minutes).<br><br>Locate uniform, remove street clothes, put on uniform and gear. (7-10 minutes).<br><br>Put on hairnet and shoes in wash area. (2-3 minutes).<br><br>Walk to Leprino wash area and wash hands and shoes again. (3-4 minutes).<br><br>Walk to our area, clock in, gather gloves, then wait for crew meeting (time varied greatly). |
| p. Describe the process you used for clocking | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The |

| | | |
|---|---|---|
| | **out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Remove gloves, clock out, walk to Leprino floor, wash hands and shoes, turn in paperwork, walk to cleaning room, wash hands and shoes, retrieve lunch box from break room, go to locker room and change into street clothes, deposit uniform in large hampers, and leave the building. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No.<br><br>We clocked in at 5:53am then went to the crew meeting.<br><br>Yes.<br><br>We attended preshift meetings every morning. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls |

| | | |
|---|---|---|
| | minutes you regularly spent in a pre-shift meeting. | Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Preshift meetings occurred in front of the HR office or pallet staging areas. The time meetings lasted varied greatly. (5-15 minutes). |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Usually informed of who would work where, what was to be ran on each line, and notes from other departments or management. |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, |

| | |
|---|---|
| you clocking in?<br><br>_____ YES      _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Normally about 3-5 minutes. |
| u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ YES      _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Typically 3-5 minutes. |
| v.  While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ YES      _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No.<br><br>We had to complete and turn in our paperwork prior to clocking out. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?

<u>Preshift meetings were all we were paid for.</u>

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No ___No___

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

Several times with Mike Cox we would clock out and he would tell us to do rework.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

          <u>Response</u>:              Yes __Yes_____            No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>I am not sure of the amount of overtime I worked each week.</u>


        If "Yes," above, were you paid for all overtime worked?

        <u>Response</u>:              Yes _____              No ____No_____

        If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

No. There were 4 or more occasions where I can recall being shorted. I brought it up to Malissa.

Three of them I was paid on the next check.

        8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      Response:            Yes ___Yes_____            No _____

      If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

A few times I was called in and had to drive a hour to get there. Other times I was a few minutes late.

      If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

I never was disciplined for attendance because it didn't occur very often.

        9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      Response:            Yes ___Yes_____            No _____

      If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

Twice because I went home sick. Once I was called home for an emergency.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Royce Holliday, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _13th_ day of _March_ , 2012.


_____
Signature

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held:          autocaser

| | |
|---|---|
| **a.** State the dates that you held this position. | 2008-2010 |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville |
| **c.** Identify your supervisor(s) for this position. | Josh Jenkins, Christy Smith |
| **d.** Describe your job duties for this position. | I packaged cheese as it moved down the line |
| **e.** Were you regularly required wear any protective or safety gear for this position?<br><br>_X_      ____<br>YES      NO | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>\_X\_\_ _____<br>**YES** **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I wore ear plugs, helmet, safety glasses, hairnet, beard net,<br><br>To get me safety gear and put it on took no more than 10 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>\_X\_\_ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I kept the safety gear in a locker |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the safety gear on in the locker room |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_       _____<br>YES         NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | follows: |
|---|---|
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X__ _____**<br>**YES        NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take my gear off and put it away took around 5 minutes |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X__       _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To get my uniform and put it on took around 15 minutes |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My uniform consisted of lace-up steel toe boots, pant shirt, jacket |
| **m.** Were you required to change out of uniform at the facility after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_X__        _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>To take the uniform off and put ti away took 15 minutes |
| **n.** **Were you allowed to take your uniform home for this position home?**<br><br>_____        __X__<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.** **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I would arrive around 30 minutes early, go through doors, get uniform on, get something to eat or drink, go clock in |
| **p.** **Describe the process you used for clocking out of your shift for** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | | |
|---|---|---|
| | this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Clock out, get changed, and immediately leave |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____  __X_<br>YES       NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____  _____<br>YES       NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts |

| | |
|---|---|
| | that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **s.** **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ __X_<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes** | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_X_      _____<br>YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>The pass down took between 5-15 minutes most days |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_X__      _____<br>YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Sometimes I did this, maybe once a month |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No _X_

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No _X__

If you checked "Yes," which activities were you paid for? _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __X__

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes _____              No __X____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes __X__              No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

I was told by my TA Josh Jenkins to clock out and wait for the next shift person to arrive at my

position_____

7.     Did you ever work overtime?
       **Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:            Yes __X__          No _____

       If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked overtime on a weekly basis_____


       If "Yes," above, were you paid for all overtime worked?

       <u>Response</u>:            Yes _____          No _____

       If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an

approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

The weekly overtime varied depending on work and people missing their shift_____

      8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____          No __X____

     If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _X___          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

When my supervisor told me work was done go ahead and go home early

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

### OBJECTIONS BY PLAINTIFF'S COUNSEL

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

/s/ C. Jason Brown
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

       I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

SANDY PREVATT

## **VERIFICATION**

I, Sandy Prevatt, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 2012.

_____
                              Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

# <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    Rapid Pack Operator

| | |
|---|---|
| **a.** State the dates that you held this position. | |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Ravenna NE |
| **c.** Identify your supervisor(s) for this position. | |
| **d.** Describe your job duties for this position. | Operate rapid pack. |
| **e.** Were you regularly required wear any protective or safety gear for this position?<br><br>_____  _____<br>YES     NO | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**         **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection:** Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hardhat, safety glasses, hairnet, and earplugs.<br><br>About 4 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____     _____<br>**YES**         **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | **Objection:** Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hardhat and safety glasses in locker. |

| | |
|---|---|
| | Hairnet and earplugs in hallway. |
| h. **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Plant locker room. |
| i. **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____  _____<br>**YES        NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| j. **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES        NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room.<br><br>2-3 minutes. |
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Probably about 15 minutes. |

| | |
|---|---|
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, jacket and lace up steel toed boots. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>10 minutes. |
| n. Were you allowed to take your uniform for this position home?<br><br>_____  _____<br>YES      NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, |

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, get uniform from closet, put on uniform and safety gear in locker room, wait to clock in, paperwork, exchange information with partner and take over. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for relief partner, exchange information, turn in paperwork to supervisor, clock out, change from uniform to street clothes, put away safety gear, put uniform in bin and go home. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>**YES**      **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | |
|---|---|
| <u>     </u>    <u>     </u><br> **YES**       **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | knowledge, as follows:<br><br>No. |
| **r.**  **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **s.**  **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **t.**  **While you worked in this position, were you required to exchange** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question** |

| | |
|---|---|
| information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____      _____<br>**YES**          **NO**<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____      _____<br>**YES**          **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Anywhere from 5-10 minutes. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____      _____<br>**YES**          **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| **you spent completing paperwork after you clocked out.** | |
|---|---|
| | |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as
overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and
"proper compensation" are vague and ambiguous and subject to multiple meanings.
Question calls for speculation on the part of the plaintiff.  Question contains impermissible
subparts  in the attachment and actually contains at least 6 separate and distinct questions.
This question and subparts are not properly limited in scope. Question is over the 25
interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint

made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to

Question No. 5.

5.        Were you ever told by any Schreiber manager, supervisor, or other member of
management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous
requiring the plaintiff to speculate. More specifically, the statement "not comply with
Schreiber's policy regarding recording your time worked" does not inform the plaintiff of
what policy Defendant is referring too.  Question contains impermissible subparts and
actually contains at least 2 separate and distinct questions..  This interrogatory is also
premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her
responses to this question after having an adequate opportunity to conduct and review
discovery.  This interrogatory and the corresponding subpart exceeds the 25
interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without
waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____           No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____           No __No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

**interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis 4-12 hours a day as needed.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          Not for Sure   No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

6-15 minutes every shift. Eight hour shift.

8.       Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.


**OBJECTIONS BY PLAINTIFF'S COUNSEL**


Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 7, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff does not believe she has any responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing was sent on May 7, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

Executed on this _28____ day of _____february____, 2012.

_____setina lien_____ ____

Signature

[Quoted text hidden]

<div align="center">

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

</div>

| | |
|---|---|
| **ANTHONY POLZIN et. al,** | ) |
| On Behalf Of Themselves | ) |
| All Others Similarly Situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | )     Case No.: 10-1117 |
| vs. | ) |
| | )     **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) |
| | ) |
| Defendant. | ) |

<div align="center">

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND**
**REQUEST FOR DOCUMENTS**

## QUESTIONS

</div>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    Stack Off

| | | |
|---|---|---|
| a. | State the dates that you held this position. | July 2007 to October 16, 2008 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Gainesville Georgia |
| c. | Identify your supervisor(s) for this position. | Cannot remember. |
| d. | Describe your job duties for this position. | Make sure boxes of cheese were properly sealed and stack them off conveyer belt. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>YES          NO | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

3

| | |
|---|---|
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>YES        NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Safety glasses, hairnet, hardhat, and ear plugs.<br><br>About 5-6 minutes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>YES        NO<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In locker. |

| | |
|---|---|
| h. **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| i. **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**YES          NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| j. **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**YES          NO**<br><br>**If "YES," where were you typically located when you took off your** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to** |

| | |
|---|---|
| required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room.<br><br>Couple minutes. |
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>  YES            NO<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>All together it took about 20-25 minutes. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by |

| | |
|---|---|
| | Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, boots, freezer suit, and gloves. |
| **m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>**YES**         **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 15 minutes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>**YES**         **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request** |

| | | |
|---|---|---|
| | to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrived at the plant 30-45 minutes early, get uniform from hallway locker, go to locker room and change and put on safety gear, attend meetings on Tuesdays and Wednesdays, other days wait to clock at about 5 till the start of the shift, clock in, go relieve partner, exchange information while working. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for partner to relieve me, exchange information, then clock out, change from uniform to street clothes, put away gear, put uniform in laundry bin and then go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>   YES          NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>X       _____<br> YES         NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | | |
|---|---|---|
| | month, etc.). | |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
|      YES         NO<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | No. |
| **u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>     YES         NO<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 5 minutes. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>     YES         NO<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No unless I had to come back to correct paperwork.  That happened 2-3 times. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____     No X__

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____     No X__

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  _____          No  X

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____            No <u>X</u>

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____            No ___No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:                    Yes <u>X</u>                    No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

_____

_____

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:                    Yes <u>X</u>                    No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.    Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _Yes_        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Late more than once. Maybe 30 minutes to an hour.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Jason gave me some kind of points for being late.

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____                No __No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? I was sent to the hospital

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

  I hereby certify that a true and correct copy of the above and foregoing was sent on April 9, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

ANTHONY POLZIN et. al,               )
On Behalf Of Themselves              )
All Others Similarly Situated,       )
                                     )
    Plaintiffs,  )
                                     )   Case No.: 10-1117
vs.                                  )
                                     )   **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.                 )
                                     )
    Defendant.   )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND**
**REQUEST FOR DOCUMENTS**

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held: yogurt lab tech, QA

| | |
|---|---|
| **a. State the dates that you held this position.** | Yogurt Lab tech- 12/08-10/09<br><br>QA- 10/09-8/10 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Logan Utah |
| **c. Identify your supervisor(s) for this position.** | Chris Skeel and Karey Kruel |
| **d. Describe your job duties for this position.** | Lab Tech- gather samples, do hourly testing, swabs, plates, documentation and data entry.<br><br>QA- charts, tested products, visual testing of product, swabs, plates, documentation, data entry, hold and release of product, and sample gathering. |

| | |
|---|---|
| e. Were you regularly required wear any protective or safety gear for this position?<br><br>_X_       _____<br>**YES**       **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X_       _____<br>**YES**       **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>The safety gear I wore was hardhat, glasses, ear plugs, apron, hairnet and steel toed shoes.<br><br>I estimate to get my safety gear and get it on took 10 minutes on average, this was due to the fact it took awhile to get all my hair in the hairnet. (long hair had to be braided every day before I put on my hairnet). |
| g. If you regularly put on required protective or safety gear for this | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on** |

| | |
|---|---|
| position, was it kept on-site at the Schreiber facility?<br><br>_X__       _____<br>**YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I kept the gear in my personal locker and put the gear on in the locker room. If a locker room was not available (construction) I used the ladies bathroom.<br><br>My boots, hardhat, and gloves were stored in my locker. The hairnet, aprons, and earplugs were kept up front in the plant. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I put the gear on in the locker room and also in the ladies bathroom in the plant up front. |
| **i.** Did you wear the listed protective and safety gear every time you worked in this position?<br><br>X_       _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| j. Did you regularly take off required protective or safety gear after clocking out? <br><br> _X__       _____ <br>   YES            NO <br><br> If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well. <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> I took the gear off in the locker room after clocking out in the lobby. <br><br> To take the gear off and put it away took 5 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X__       _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Because I was QA, I did not wear my uniforms to go to and from the plant (cross contamination) so I changed clothes before and after my shift. This took about 15 minutes, twice a day. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shirt, pants, apron, hairnet, helmet, gloves, and earplugs. |
| **m.** Were you required to change out of uniform | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In** |

| | |
|---|---|
| at the facility after your shift (i.e., after clocking out)?<br><br>_X__     _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Shirt, pants, boots, hairnet, helmet, gloves. Approximately 15 minutes before and after shift. Approximately thirty minute per day. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_X_     _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes, before the Logan plant went to capsized uniforms. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>On average, I would get to the plant 30 minutes early to change clothes, put hair up and get to time clock 7 minutes prior to start of my shift |

| | | |
|---|---|---|
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Leave the floor, clock out, go to locker room, change clothes, leave the plant, this took approx. 15 minutes. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ \_\_**X**\_<br>YES NO<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>YES NO<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also** |

| | |
|---|---|
| meeting. | an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s.   If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t.   While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?   __X____      _____      YES           NO    If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:   In the yogurt lab and the QA lab we were required to exchange any information (lines down, product on hold etc.) with the shift coming in to start their work. |
| u.   While you worked in this position, were you | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging |

| | |
|---|---|
| required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>__x____    _____<br>   YES       NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes, you had to stay on the floor until the next shift arrived and exchange information, this could take a while if the next shift was late to arrive, on average this took 5 minutes, but depended on the next shift.  Also, if there were a lot of "holds" or other food product issues (5-10 minutes). |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _X_<br>   YES       NO<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No _X_

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No _X_

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No _X_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.


5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ___X____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____               No ___X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

**interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response:</u>           Yes __X__           No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>I worked overtime on a weekly basis. While I was in the yogurt lab I worked 6-7 days per week.</u>

<u>8-16 hours overtime or 48-56 hours per week.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response:</u>           Yes ___X_____           No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

On average I worked approximately 20 hours of overtime a week_____

        8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response:</u>           Yes __X___           No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>One time, I did because of a doctor appt. Eye doctor two hours late.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>No. I called Karey Kruel and brought in a doctor's note.</u>

9. Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>: Yes ___X_____ No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>When we were slow (January 2009 - May 2009) I was often sent home early.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

<u>/s/ C. Jason Brown</u>
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454

Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

<u>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S**</u>
<u>**REQUEST FOR DOCUMENTS**</u>

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff submits Schreiber Foods' Attendance Policy, Overtime Policy, Work Rules and Corrective Action Policy.  Plaintiff also has paystubs, 401k documents, a Doctor's excuse, a Exit Interview, Vacation Policy, Operations Incentive Plan from Mark at the Logan plant, Holiday Policy, Job Bid Policy, Layoff Policy, and Reporting Pay and Call-In Policy that will not be submitted as they are not responsive/relevant to the case.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

  I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Stephanie Hiles, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __8__ day of __March__, 2012.

_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
| Defendant. ) | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS</u>

## <u>QUESTIONS</u>

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

## Position Held:        lab tech

| | |
|---|---|
| **a.** State the dates that you held this position. | 2008- 7/11 |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville |
| **c.** Identify your supervisor(s) for this position. | Kristin Bender, John Franz |
| **d.** Describe your job duties for this position. | Checked quality of cheese and integrity of packaging |
| **e.** Were you regularly required wear any protective or safety gear for this position?<br><br>X_          ____<br>YES          NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X__     _____<br>**YES**        **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>The safety gear I wore was ear plugs, hard hat, safety glasses, hairnet,<br><br>To get my safety gear and put it on took 5 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_X__     _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>The gear was kept in my locker |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the gear on in the locker room |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X_     _____<br>YES       NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

| | |
|---|---|
| | follows: |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X__ _____**<br>**YES NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take the gear off and put it away took five minutes |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>__X__     _____<br>YES         NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It took 15 minutes to get my uniform and put it on. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, shirts, steel toed lace up boots. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different** |

| | |
|---|---|
| **clocking out)?**<br><br>**_X__  _____**<br>**YES        NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To change out of the uniform and put it away took 15 minutes. |
| **n.  Were you allowed to take your uniform for this position home?**<br><br>**_____    __X**<br>**YES        NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Park, come in to building, go into locker room and get my gear together, get dressed, wash hands, clock in.  I usually arrived at the facility 30 minutes before my shift. |
| **p.  Describe the process you used for clocking out of your shift for this position in** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request** |

| | | |
|---|---|---|
| | relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Clock out, go straight to locker room, change, put stuff away, leave |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____      \_\_X\_\_<br>YES          NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____      _____<br>YES          NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These |

| | |
|---|---|
| | questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_X___  __X__<br>  YES        NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Sometimes I would be on the clock for pass down and sometimes off, pass downs on average took 3-5 minutes. |
| **u.** While you worked in this position, were you | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging |

| | |
|---|---|
| **required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>**_X__   _X__**<br>**YES   NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Sometimes I would be on the clock for pass down and sometimes off, pass downs on average took 3-5 minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>**_X_   _____**<br>**YES   NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>On Tuesdays it could take up to an hour and a quick Tuesday was 30 minutes, on average on days other than Tuesday it took 15-30 minutes. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____          No __X__

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

        3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____          No _X_

        If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _X_  No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

# ATTACHMENT B

| | |
|---|---|
| **a.** **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | By email to my supervisor and had meeting with plant manager |
| **b.** **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | 12/10 |
| **c.** **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Loren, supervisor whose last name I cannot remember and Kristin Bender |
| **d.** **Describe what you said and what those present said relating to your concern or complaint.** | Questions about I have all this work left at the end of my shift, how do you want me to handle this |

4

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ___X___

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes __X___            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

<u>Kristin Bender told me this.</u>

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes __X___           No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>I worked overtime on a daily basis.</u>

If "Yes," above, were you paid for all overtime worked?

Response:         Yes _____                No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

On average I worked 10 hours of overtime per week.

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:         Yes __X___                No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

I was 2 minutes late in 2008, I think that is it.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  I was written up

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:** This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

<u>Response</u>:          Yes _____          No \_\_\_X\_\_\_\_

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

<div align="center">

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS**

</div>

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Thresia Derrick, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __14th__ day of __March__ , 2012.

_Thresia T. Derrick_

Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

# QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                        Processing

| | | |
|---|---|---|
| a. | State the dates that you held this position. | August 2008 to June 2010 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Richland Center, WI. |
| c. | Identify your supervisor(s) for this position. | Ben Johnson |
| d. | Describe your job duties for this position. | Receiving milk, batching, and sanitation. |
| e. | Were you regularly required wear any protective or safety gear for this position? _____ YES _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____      ____<br>**YES**                 **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hairnet, safety glasses, and earplugs.<br><br>About 3 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time** |

| | |
|---|---|
| _____  _____<br>**YES**          **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got protective gear from different areas of the facility, specify.** | periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Locker room. |
| h.  **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Plant locker room. |
| i.  **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____  _____<br>**YES**          **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES        NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No.<br><br>Locker room. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>15 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, shirt, and boots. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| **change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **p. Describe the process** | **Objection: Plaintiff objects to this interrogatory as being** |

| | | |
|---|---|---|
| | you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____   _____<br>YES         NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____   _____<br>YES         NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or |

| | | |
|---|---|---|
| | meeting. | minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>YES        NO<br><br>If "YES," state the | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>10 minutes. |

| | |
|---|---|
| estimated total number of seconds or minutes you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response: Yes _____          No __No____

        If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response: Yes _____   Not for sure        No _____

        If you checked "Yes," which activities were you paid for?

        Depending on how my time was rounded, I am not for sure whether I got paid for all post

shift activity.

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

      6.       Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection: The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:        Yes _____        No ____No_____

      If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

      **Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:        Yes ___Yes_____        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis - 1 - 4 hours. It always changed depending on who was calling into work.

If "Yes," above, were you paid for all overtime worked?

Response:                Yes ___Yes_____              No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

    8.    Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:                Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late? _____

_____

       If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

       9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:      Yes _____         No ___No_____

       If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were       disciplined       and       who       disciplined       you.

_____

_____

     **OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, TIMOTHY PICKEL, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___8___ day of ___MArch___, 2012.

_____
Signature

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response: See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    Production Partner

| | | |
|---|---|---|
| a. | State the dates that you held this position. | 2006-2012 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Shippensburg Pennsylvania. Both PDC and the Plant. |
| c. | Identify your supervisor(s) for this position. | Miranda Reed and Coreen Lewis. |
| d. | Describe your job duties for this position. | Bar Line - machine operator (backside and front side). Tanks, fillers, Jones 1, Jones 2, Zambelle. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____          _____<br>YES          NO | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)? <br><br> _____ _____ <br> **YES** **NO** <br><br> If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets). <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Cleanup - Protective gear - face shield, apron, rubber boots, gloves, hardhat, hairnet, earplugs and safety glasses. <br><br> About 5-7 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____ _____<br>**YES NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>PPE Locker.<br><br>Hairnets are in the hallway and woman's locker room. |
| **h.** **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I was located inside plant on production floor. |
| **i.** **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. **Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes and No.<br><br>Safety glasses, hairnet, hardhat, earplugs, and steel toed shoes with red shoe laces.<br><br>There were times when we did not have to have the hardhat on. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ YES     _____ NO<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>7-10 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Pants, shirt, and steel toed shoes. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____ | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as** |

| | |
|---|---|
|     **YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | to the total number of seconds or minutes it typically took to change out of a uniform at the facility. **Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **n.  Were you allowed to take your uniform for this position home?**<br><br>   _____     _____<br>   **YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Could not take home the steel toed shoes. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go to the PPE locker, put on shoes, and safety gear, get in line, wait till 7 minutes before shift to clock in, wash hands, relieve partner, exchange information, go to the office and verify information with the TA, grab paperwork and pass it out. |
| **p.  Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process".** |

| | |
|---|---|
| conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for partner to relieve my shift, go to PPE locker, about half the time I would change out of my uniform, put away safety gear and steel toed boots, then clocked out. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    _____<br>  YES        NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    _____<br>  YES        NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.<br><br>No. |
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without |

| | |
|---|---|
| | waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ YES _____ NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by |

| | |
|---|---|
| perform their job prior to clocking out?<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Depends on what was going on; could take between 5-15 minutes. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____        No __No_____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.       If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:  Yes _____        No __No_____

If you checked "Yes," which activities were you paid for? _____

_____

_____

4.       If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions.**

**This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

 

5. Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6. Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually**

**contains at least 2 separate and distinct questions. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____        No __No_____

    If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes ___Yes_____        No _____

    If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>A lot throughout 2006-2012.</u>

    If "Yes," above, were you paid for all overtime worked?

    <u>Response</u>:        Yes __Yes_____        No _____

    If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:           Yes ___Yes_____            No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

I do not know without seeing my records.

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Would go against attendance.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:        Yes ___Yes_____        No _____

       If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Several times when I was sick or the job was complete</u>

       If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

       <u>Would go against attendance.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

<u>*/s/ C. Jason Brown*</u>
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

       I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## VERIFICATION

I, Tina M. Powell, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of April , 2012.

_____
Signature

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**ANTHONY POLZIN et. al,**      )
On Behalf Of Themselves     )
All Others Similarly Situated,    )
                            )
       Plaintiffs,       )
                            )   Case No.: 10-1117
vs.                      )
                            )   **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.**     )
                            )
       Defendant.     )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                              Chunk Support Partner

| | |
|---|---|
| **a.  State the dates that you held this position.** | August 17, 2009 to March 31, 2011 (I may be wrong on exact dates) |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | DDN |
| **c.  Identify your supervisor(s) for this position.** | Jeremy Dye |
| **d.  Describe your job duties for this position.** | Weigh, trim, inspect, and feed chunks of cheese onto conveyer. Pack wrapped cheese in boxes. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>_____          _____<br>**YES            NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**            **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hairnet, hardhat, safety glasses, earplugs, uniform, steel-toed safety shoes.<br><br>5-10 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____ _____<br>**YES**       **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Except for uniforms which were kept at home.<br><br>Hairnets and earplugs are in a bin in the hallway. Everything else was kept in the locker room. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Uniform was put on at home.<br><br>Everything else was put on in the locker room. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES**       **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>‾‾‾‾‾‾ ‾‾‾‾‾‾<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Uniforms were taken off at home.<br><br>Everything else was taken off in the locker room.<br><br>5-10 minutes. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____   _____<br>   YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| m. Were you required to change out of uniform at the facility after | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____   _____<br>**YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| n.  **Were you allowed to take your uniform home for this position?**<br><br>_____   _____<br>**YES**        **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| o.  **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I entered the building and dripped my lunch off in the break room. I then got my hair net and ear plugs from the bins in the hall and went to the locker room. In the locker room it would take 5-10 minutes to unlock my locker, change my shoes, put my hair up and put on my safety glasses. I would then take off my jewelry and then wait by the time clock to clock in. |
| p.  **Describe the process** | **Objection: Plaintiff objects to this interrogatory as being** |

| | |
|---|---|
| you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>After clocking out I would throw away my hair net and ear plugs in the trash by the locker room. then I would go to my locker and take off my shoes, put them in my locker and put my regular shoes on. This took 5-10 minutes. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____  _____<br>YES       NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____  _____<br>YES       NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Yes.<br><br>They were not pre-shift but I was required to attend quarterly meetings in a different building (approximately 1 mile away) after I had clocked out. We did sign in for these meetings but I do not know if I was accurately compensated for my time. These meetings lasted 45-90 minutes and occurred every 3 months.<br><br>We also had meetings concerning insurance and ESOP. Those were held in the same building as the quarterly meetings and lasted about as long. I believe we had them twice a year. |
| r. If you attended regular | Objection: Plaintiff objects to this interrogatory as vague as |

| | |
|---|---|
| **pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>They were held at the Benson Center in Clinton, Missouri (approximately 1 mile away). They would last 45-90 minutes and occurred every 3 months for the quarterly meetings and I believe every 6 months for the insurance and ESOP meetings. |
| **s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Changes to insurance plans. How the employee stock was doing and how ESOP worked. How the plant and the company were doing. |
| **t. While you worked in this position, were you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging** |

| | |
|---|---|
| required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>**YES**          **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u.  **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES**          **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>If things weren't running well I would let the people on the next shift know before I left.<br><br>Typically only 30 seconds to 1 minute. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**          **NO**<br><br>If "YES," state the estimated total number | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **of seconds or minutes you spent completing paperwork after you clocked out.** | |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No ___No___

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:           Yes _____                  No ___No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:           Yes _____                  No ___No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.     Did you ever work overtime?
       **Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

       <u>Response</u>:          Yes ___Yes_____          No _____

       If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

       <u>At least once or twice a month I was required to stay late to work an extra 4 hours. I also worked several Saturdays and on one occasion I had to work Saturday and Sunday.</u>

       If "Yes," above, were you paid for all overtime worked?

       <u>Response</u>:          Yes ____Yes_____          No _____

       If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____         No ___No_____

     If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____         No ____No_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

> _/s/ C. Jason Brown_
> Charles Jason Brown, MO 49952
> Brown & Associates, LLC
> 301 S. US 169 Hwy
> Gower MO 64454
> Tel: 816-505-4529
> Fax: 816-424-1337
> brown@brownandwatkins.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S**
**REQUEST FOR DOCUMENTS**

1.       Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.       Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.       Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.       Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.       Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.       Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.       Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SCHREIBER FOODS INC. QUESTIONNAIRE AND REQUEST FOR DOCUMENTS TO TRAVIS SAMUELSON

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.  Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**          **General Laborer**

| | | |
|---|---|---|
| a. | State the dates that you held this position. | May 2008 - February 2009 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Ravenna Nebraska |
| c. | Identify your supervisor(s) for this position. | Dan ?, Jerrod ? (nights) and Christine Schott (days) |
| d. | Describe your job duties for this position. | Inspect package and string cheese. |
| e. | Were you regularly required wear any protective or safety gear for this position? _____ _____ YES NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?** <br><br> _____      _____ <br> **YES**         **NO** <br><br> **If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Hard hat, safety glasses, ear plugs, hair net, and beard net. <br><br> About 5 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** <br><br> _____      _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat, safety glasses in locker.<br><br>Ear plugs, hair net, and beard net in the hallway. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway before walking through the Laprino cheese plant. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____     _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____    _____<br>**YES**        **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Beard net in the hallway and the rest in the locker room.<br><br>About 5 minutes. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES         NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 20 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, shirt, steel toed boots. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| **change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 15-20 minutes. |
| **n. Were you allowed to take your uniform home for this position?**<br><br>_____ _____<br>**YES NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the parking lot of Laprino, enter pass code to get in the plant, go to closet room to find uniform, then to locker room to change and grab safety gear, then go into hallway and get hairnet, beard net, and earplugs, put on safety gear, go in first door, wash |

| | | |
|---|---|---|
| | activities. | hands, through second door through foot bath, walk about 100 yards from last door to time clock, wait till 7 minutes before the start of the shift to clock in, do stretches in a big room, then they would tell us where we were starting on the line, then went to the line, relieve partner, and assume duties. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Wait for partner to relieve us, then go to where they put cheese on pallets, wait for supervisors to tell us we could go, then clock out, then walk back the 100 yards or so, go to the locker room, change, put up protective gear, put uniforms in dirty bin, and then leave the building. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? <br><br> _____ _____ <br> YES NO <br><br> If "YES," did you regularly attend pre-shift meetings? <br><br> _____ _____ <br> YES NO <br><br> If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| r. | If you attended regular pre-shift meetings for | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The** |

| | | |
|---|---|---|
| | this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by |

| | |
|---|---|
| partners in the previous shift prior to you clocking in?<br><br>_____     _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____     _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____     _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| clocked out. | |
|---|---|

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  _Yes_____    No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Sometime in February 2008. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Dan. There were two other trainers there when I asked. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Asked why they didn't have a time clock up front so we could clock in before changing into their uniform. They said we weren't actually performing work duties so there was no real reason to pay us. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes __Yes_____        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly for about 8 hours.

If "Yes," above, were you paid for all overtime worked?

Response:        Yes ___Yes_____        No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:        Yes ___Maybe_____        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Maybe once or twice for a couple minutes.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>No.</u>

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:        Yes ___Yes_____        No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Probably only happened two or three times. Not more than six hours.</u>

        If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

<u>I believe so.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 31, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Travis Samuelson, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _2 1_ day of _March_, 2012.


_____
Signature

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,      )
On Behalf Of Themselves     )
All Others Similarly Situated,   )
                              )
       Plaintiffs,         )
                              )   Case No.: 10-1117
vs.                         )
                              )   **JURY TRIAL DEMANDED**
SCHREIBER FOODS INC.      )
                              )
       Defendant.        )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

## ATTACHMENT A

   **Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.**

### Position Held:          packaging

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | 8/2008-present |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Fairview plant |
| c. | **Identify your supervisor(s) for this position.** | Beatrice Parmelee, Mike Ramser, AJ Lutz, Bacari Roberts that is all I can remember right now |
| d. | **Describe your job duties for this position.** | I operate a setup machine and load it with supplies |
| e. | **Were you regularly required wear any protective or safety gear for this position?**<br><br>**X_       _____**<br>**YES            NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states,** |

| | |
|---|---|
| | to the best of his/her knowledge, as follows: |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_X_      _____<br>**YES**      **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My safety gear consisted of hard hat, safety glasses, ear plugs, hairnet,<br><br>To get the gear and put it on takes 5 minutes |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_X_      _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

4

| | |
|---|---|
| If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I keep the gear in my locker |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I put the gear on in the locker room |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_X__      _____<br>YES          NO<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as |

5

Case 3:10-cv-01117-GAF    Document 314-1    Filed 01/04/13    Page 1261 of 1589

| | |
|---|---|
| | **follows:** |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X_ YES ______ NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To take the gear off and put it away takes 1-2 minutes |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X__      _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>To put my uniform on takes 5 minutes |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I wear a shirt, pants and slip on steel toed boots |
| m. Were you required to change out of uniform at the facility after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_X_      _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>To take my uniform off and put it away takes 5 minutes |
| **n.** Were you allowed to take your uniform home for this position?<br><br>_____      _X_<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Walk in go get uniform, go to locker room and change, go to pre-shift meetings and then clock in. I get to the plant approximately 20 minutes before the start of my shift. |
| **p.** Describe the process you used for clocking out of your shift for | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | | |
|---|---|---|
| | **this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Communicate with next shift, clock out, walk to locker room, change, take clothes to laundry bin and then leave. From the time I clock out until I leave is approximately 10 minutes. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>**_X__    _____**<br>**YES           NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>**_X__    _____**<br>**YES           NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Usually the meetings last 5-10 minutes. You must be at the meetings, they are not voluntary even though that is how they are described, I had a supervisor, B. Roberts yell at me in front of my shift for failing to attend a meeting and said I must be there. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon** |

| | |
|---|---|
| | review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Held in the front hallway |
| **s.** **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Discuss what is running for the night, what position people will work in |
| **t.** **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____    _X__<br> **YES**     **NO**<br><br>**If "YES," state the estimated total number** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| of seconds or minutes you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out? _____ _X_ YES NO If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| v. While you worked in this position, were you required to do any paperwork after you clocked out? _____ _X_ YES NO If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No _X_

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No _X_

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _X_ No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally complained to B Roberts, supervisor |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I do not remember a date |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Bacari Roberts |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I complained about attending pre-shift meetings off the clock and thought you should be paid for the meetings |

4

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No __X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No __X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:             Yes __X__           No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I work overtime on a weekly basis_____

If "Yes," above, were you paid for all overtime worked?

Response:             Yes _____           No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I average 8 OT hours a week_____

       8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____          No __X___

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  _____

_____

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

       9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____          No ___X___

    If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

       If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

     I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## **VERIFICATION**

I, Veronica Mulling, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _16_ day of _March_ , 2012.


_Signature_

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

   Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

   **Position Held:**              **Stack Off**

| | |
|---|---|
| **a.  State the dates that you held this position.** | October 2008 to August/September 2009 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Gainesville Georgia |
| **c.  Identify your supervisor(s) for this position.** | Chavis (spelling unknown) |
| **d.  Describe your job duties for this position.** | Stack boxes off line, put on pallet, put pallet at the end of the warehouse. If a machine went down help tear it down, clean it and reassemble. |
| **e.  Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  _____<br>**YES          NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, hairnet, and beard net.<br><br>About 3-5 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**           **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Hairnet and beard net in hallway. |
| **h.**   **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| **i.**   **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____     _____<br>**YES**          **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____      _____<br>**YES**          **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the hallway on the way to the locker room.<br><br>Couple minutes. |

| | | |
|---|---|---|
| k. | Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 10-15 minutes. |
| l. | If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, lace up steel toed shoes and a freezer jacket. |
| m. | Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>**YES**      **NO**<br><br>If "YES," state the | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the |

| | |
|---|---|
| **estimated total number of seconds or minutes it typically took you to change out of your uniform.** | **right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 10-15 minutes. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go into the building, grab uniform from hallway locker, go to the locker room and change from street clothes to uniform, gather hard hat and safety glasses, go out to the hallway, grab hairnet and beard net, put on safety gear, wait to clock in, go to line to relieve operator and exchange information, and then assume their duties. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process".** |

| | |
|---|---|
| conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for relief partner, exchange information, clock out, begin taking off safety gear on the way to the locker room, put up safety gear, change from uniform to street clothes, put uniform in dirty bin, and then go home. |
| q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____ _____<br>  YES      NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____ _____<br>  YES      NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.<br><br>These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without |

| | | waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
|---|---|---|
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?  _____  _____  **YES** **NO**  If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**  No. |
| u. | While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections,** |

| | |
|---|---|
| to clocking out?<br><br>\_\_\_\_\_     \_\_\_\_\_<br>**YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>No more than 5 minutes. |
| v.   **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>\_\_\_\_\_     \_\_\_\_\_<br>**YES**      **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____          No __No____

        If you checked "Yes," which activities were you paid for?

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:  Yes  _____          No __No____

        If you checked "Yes," which activities were you paid for?

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes __Yes____ No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint

made. If you checked "No," then you do not need to complete Attachment B. Proceed to

Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Unknown. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | I believe his name was Jason. He was a supervisor. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | I asked why we had to clock in after we put on our uniforms and don't get paid for that time. He said he couldn't answer that for me but to just be glad I had a job with the way the economy was. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:           Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

On a weekly basis. I would estimate a weekly average of at least 16 hours overtime.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          As far as I know.          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____I don't believe so_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately

on how many occasions have you clocked in late and how many minutes or hours have you

typically clocked in late?  _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

_____

_____

9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

_/s/ C. Jason Brown_
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on May
21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

# QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                    Production Worker/Utility

| | |
|---|---|
| **a.** State the dates that you held this position. | February 2012 through February 2011 |
| **b.** In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Clinton Missouri |
| **c.** Identify your supervisor(s) for this position. | Name Unknown |
| **d.** Describe your job duties for this position. | Production work as needed. |
| **e.** Were you regularly required wear any protective or safety gear for this position? <br><br> _____ YES   _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Yes. |

4

| | |
|---|---|
| | |
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hardhat, earplugs, safety glasses, hairnet.<br><br>About 2 minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No.<br><br>Hardhat, safety glasses and boots in the truck.<br><br>Hairnets in the hallway. |
| **h.**  **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| **i.**  **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____      _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>‾‾‾‾‾‾ ‾‾‾‾‾‾<br>**YES NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the hallway.<br><br>About a minute. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>**YES**     **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>**YES**     **NO**<br><br>If "YES," state the estimated total number of seconds or minutes | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a |

| | |
|---|---|
| it typically took you to change out of your uniform. | compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **n. Were you allowed to take your uniform for this position home?**<br><br>_____ _____<br>**YES       NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go into the building, put lunch away, maybe talk for a few minutes, put on safety gear and boots, wait until 7 minutes before the start of my shift to clock in, clock in, go talk with other partner to find out what had been going on the previous shift. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| | **workers, took off my uniform) in terms of time and sequence of activities.** | Wait for partner to relieve me, exchange information with partner, turn in paperwork, clock out, take off boots and safety gear, grab lunch box and go home. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES        NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES        NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| _____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Yes.<br><br>Depended on what was going on. It might take 2-3 minutes and sometimes it would take 5-10 minutes. |
| v. **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

      3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>: Yes _____      No __No____

      If you checked "Yes," which activities were you paid for? _____

_____

_____

      4.      If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____      No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are**

allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

Response:          Yes _____          No __No_____

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.       Did you ever work overtime?


**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and

for how long. If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible. If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

As needed. I would need to see my time records to know about how much time on average.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          I am not for sure.          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

        8.      Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes ___Yes_____          No _____

        If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>One time. I was about an hour late.</u>

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>I was written up my a production manager.</u>

        9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:          Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.


**Position Held:**                                    **Spotter and Operator**

| | |
|---|---|
| **a.  State the dates that you held this position.** | Unsure through 2010 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas. |
| **c.  Identify your supervisor(s) for this position.** | Rhon and Nick (last names unknown). |

| | |
|---|---|
| **d.** **Describe your job duties for this position.** | Spotter - Make sure bags were good.<br><br>Operator - Make sure machine running right and no leaks. |
| **e.** **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____<br>**YES           NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____<br>**YES           NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| **do so.** | Hardhat, safety glasses, ear plugs, hair net, and gloves.<br><br>Maybe a minute. |
| **g.** **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat and safety glasses in my locker.<br><br>Hairnet, ear protection and gloves were in the hallway. |
| **h.** **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are** |

| | |
|---|---|
| gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Usually in the hallway. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| well.<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Usually in the hallway.<br><br>Maybe a minute. |
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, shirt, and steel toed boots. |
| **m. Were you required to change out of uniform at the facility after** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **n. Were you allowed to take your uniform home for this position?**<br><br>_____ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go to the break room have a cup of coffee, then go to my locker and put on uniform and boots, gather safety gear, go to hallway grab other safety gear and put on safety gear in the hallway.  I would then clock in, go talk with the partner I was relieving, exchange information, and assume duties. |
| **p. Describe the process you used for clocking** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The** |

| | | |
|---|---|---|
| | out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait for the relief partner, exchange information, turn in paperwork to supervisor, then clock out, then take off safety gear on the way to the locker room, change into street clothes, put away safety gear, put dirty uniform in the dirty bin, and the go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____   _____<br>YES         NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____   _____<br>YES         NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts |

| | |
|---|---|
| meeting. | that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____      _____<br>  YES          NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. While you worked in this position, were you required to exchange | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question |

| | |
|---|---|
| **information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____  _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>It could take between 2-5 minutes. |
| v.  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.       If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No \_\_No\_\_\_\_

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.       If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No \_\_\_No\_\_\_

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.


5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            <u>No, but I don't understand the question</u>

If you checked "No," proceed to the next question. If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

**interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Overtime occurred on a random basis.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.   If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).   If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

I don't know the number of times it happened.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

I got written up but they later removed the write up.

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Only I was sick.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

I was not disciplined.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy

Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

        I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.  Complete a separate Attachment A for each position.

Response:  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ Material Handler/Inventory Specialist _____

| | | |
|---|---|---|
| a. | State the dates that you held this position. | 8/08-2010 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Stephenville Texas. |
| c. | Identify your supervisor(s) for this position. | Eric Chamberlain, and Lowell Taylor. |
| d. | Describe your job duties for this position. | Building loads for trucks to go out and accepting incoming loads. |
| e. | Were you regularly required wear any protective or safety gear for this position?  ___ YES  _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:  Yes. |

| | |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>**_X_ _____**<br>**YES NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Hard hat with ear muffs, safety glasses, hair net, and cut resistant gloves.<br><br>To get my safety gear and put it on took approximately 4-6 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>**_X_ _____** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**          **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.** | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>I kept the gear in a locker. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I put the gear on at the distribution center lockers. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>  **_X_**        **_____**<br>  **YES**         **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_X__** **___**<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>During lunch I would take off the gear after clocking out, at the end of the day I would clock out before taking it off. I took it off at the distribution center lockers. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_X__       _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I only wore bibs and steel toed boots that were lace ups daily. It took approximately 4-6 minutes to put on. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I wore bibs and steel toed lace up boots daily. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_X_       _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all** |

| | |
|---|---|
| of seconds or minutes it typically took you to change out of your uniform. | discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>It took approximately 10 minutes to change and put the bibs and shoes away. |
| **n.  Were you allowed to take your uniform for this position home?**<br><br>_____        **_X_**<br>**YES           NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>I arrived at work, get there early to have a cigarette, go to locker, work the combination, get out gear and get dressed then go to clock in, then wait for assignment and get to work.  I arrived usually 20 minutes before my shift started. |
| **p.  Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>About 20 minutes before shift ended we swept and took out trash, |

| | | |
|---|---|---|
| | **uniform) in terms of time and sequence of activities.** | when it was time we would clock out, if it was still early we may change before clocking out, but this was not the norm, get changed put my gear away and leave. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____     _X_<br>  YES      NO<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____     _____<br>  YES       NO<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| **s.** If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | |
| **t.** While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_X__ _____<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>This was merely passing on paperwork and information from the previous shift on where they were in the shipment or pallet, this happened every other day and took approximately 2 minutes. |
| **u.** While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_X__ _____<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>This took approximately 2 minutes. |

| | |
|---|---|
| **v.** **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>**_X_**     **_____**<br>   **YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>It usually took approximately 1-2 minutes after clocking out. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____       No _X_

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____       No _X_

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _X_  No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | I verbally complained. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | I don't remember the dates. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | I complained to Eric Chamberlain. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Complained about not getting paid to get dressed . |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____                    No __X__

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes _____                    No __X____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7. Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes __X___          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

I worked overtime on a weekly basis.

If "Yes," above, were you paid for all overtime worked?

Response:        Yes _____          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I averaged 4-12 hours of overtime weekly.

        8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:            Yes _X____         No _____

        If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

I clocked in late a few times, and it was 1-2 minutes and a few up to 2 hours late, but not many of the 2 hour variety.

        If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

I was given attendance hits.

        9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:            Yes __X___         No _____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early? Yes, I cannot remember

why I did _____

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

Yes, hits on my attendance.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on May
21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S</u>
## <u>REQUEST FOR DOCUMENTS</u>

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012 via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: **Machine Operator**

| | | |
|---|---|---|
| a. | **State the dates that you held this position.** | About October 2008 through February 2010 |
| b. | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| c. | **Identify your supervisor(s) for this position.** | Team Leader Jenny Weise, Don Hall shift manager, and Todd (last name unknown) plant manager. |
| d. | **Describe your job duties for this position.** | Loaded packaging materials to package 8 oz creme cheese bars and trained alternates. |
| e. | **Were you regularly required wear any protective or safety gear for this position?**  _____ YES  _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

3

| | Yes |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?** <br><br> _____     _____ <br> **YES**           **NO** <br><br> **If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes <br><br> Hard hat, safety glasses, ear plugs and hair net and beard net. <br><br> From the time you get them to putting them on about 5-7 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** <br><br> _____     _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**        **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety were in locker.<br><br>Ear plugs, hairnet, beard net were in the hallway or locker room. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room or on the way to clock in. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____       _____<br>**YES**        **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____          _____<br>**YES                NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About a minute. |

| | |
|---|---|
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 7 minutes. |
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, snap up shirt, jacket and lace up steel toed boots. |
| m. Were you required to | Objection: Plaintiff objects to this interrogatory as vague as |

| | |
|---|---|
| **change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____   _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 7-10 minutes. |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____   _____<br>**YES          NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the facility, walked into the old side of the building, opened locker with key to get uniforms then walk to locker room with combination lock, try to pick up ear plugs, hair net and beard net if available then change from street clothes into captive |

| | |
|---|---|
| activities. | uniform. Put on hard hat and safety glasses. If the hairnet and beard net were not available, carry hard hat in hand until could get beard net and hair net. Then would go clock in at 7 minutes till the start of my shift. Then I would go to my machine and exchange information. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for partner to come to relieve me, exchange information with partner, turn in paperwork, clock out, then go to the locker room, change from uniform to street clothes, put away safety gear, put uniform in the bin then leave. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **r. If you attended regular pre-shift meetings for this position, state** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders** |

| | | |
|---|---|---|
| | when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>YES          NO | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | |
| u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____  _____<br>  YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 2 minutes. |
| v. While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____  _____<br>  YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2. If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____      No \_\_\_No\_\_\_

If you checked "Yes," which activities were you paid for? _____

_____

_____

3. If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____      No \_\_No\_\_\_\_

If you checked "Yes," which activities were you paid for? _____

_____

4.          If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____          No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes _____           No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.


6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes _____           No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Most overtime occurred from September to December. Amount of overtime varied.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes __Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

5

_____

_____

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:        Yes ___Yes_____       No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?  <u>One occasion was an hour and a half.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  <u>Got pointed.</u>

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

     <u>Response</u>:        Yes ___Yes____       No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? <u>There were times from January to March where we were asked to go home early because there wasn't enough work.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were          disciplined          and          who          disciplined          you.          <u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

7

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on March 26, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|        Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
|        Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

Response:  See Attachment A.

**Position Held:**                              **Cooler Attendant**

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | December 23, 2009 through January 15, 2012. |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | FDC Carthage Missouri. |
| **c.** | **Identify your supervisor(s) for this position.** | TL - George Bene<br><br>TA - Alex Mowing, Jonathan Gillian, and Brandon Carrier |

| | |
|---|---|
| **d.** **Describe your job duties for this position.** | Order pick based on customer orders and unload inbound product and scan into system. |
| **e.** **Were you regularly required wear any protective or safety gear for this position?**<br><br>____<br>**YES**        **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>____<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hardhat, safety glasses, and ear plugs. |

| | |
|---|---|
| | A couple of minutes. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____    _____<br>**YES           NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, skull cap and safety glasses in my locker.<br><br>Hairnet in the hallway. |
| **h.** Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are** |

| | |
|---|---|
| gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Usually in the hallway. |
| **i.** **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| well.<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Usually in the hallway.<br><br>Couple of minutes. |
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____  _____<br>**YES**          **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this question is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>I had to put on steel toed safety boots at the facility. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Lace up steel toed boots. |
| **m. Were you required to** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| **change out of uniform at the facility after your shift (i.e., after clocking out)?** _____ _____ **YES NO** **If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Just the boots. |
| **n. Were you allowed to take your uniform for this position home?** _____ _____ **YES NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Not the boots. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go to the locker room, put on boots, gather safety gear, go out into the hallway and put on safety gear, clock in, then go to relieve partner, exchange information, and assume duties. |
| **p. Describe the process** | **Objection: Plaintiff objects to this interrogatory as being** |

| | | |
|---|---|---|
| | you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Wait for the relief partner, exchange information, clock out, take off safety gear on the way to the locker room, put gear and boots in locker and go home. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)? <br><br> _____    _____ <br> YES            NO <br><br> If "YES," did you regularly attend pre-shift meetings? <br><br> _____    _____ <br> YES            NO <br><br> If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts |

| | |
|---|---|
| meeting. | that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br> _____  _____<br>   YES        NO<br><br>  If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. While you worked in | Objection: This interrogatory calls Plaintiff to speculate as to |

| | |
|---|---|
| **this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____   _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Generally 3-5 minutes.  Could take longer though. |
| **v.   While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____   _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No ___No___

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____      No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

# ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | During my employment. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Brandon Carrier, Jonathan Gillian, and Alex Mowing. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | You want us to clock in and out at a certain time but it takes longer than you give us to change. They would say those are our policies and if you don't like it you can quit or get written up for it. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes _____            No ___No____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:            Yes ___Yes_____            No _____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

<u>Brandon Carrier. I don't know the date. I think it was around October/November 2010.</u>

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Weekly basis.  Amount of overtime would vary.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          Not Always.  No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

There were times when the company would short my check and I would have to call them on it. Then they would go back and pay me.

        8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes \_\_\_\_Yes\_\_\_\_\_        No _____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Two times. Maybe 5 minutes.</u>

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>I was pointed.</u>

        9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes _____        No \_\_\_No\_\_\_\_

    If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**<u>Certificate of Service</u>**

  I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.    Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.    Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.    Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.    Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.    Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.    Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.    Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has documents regarding his termination.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by

Schreiber for the period of August 15, 2008 through the present.   Complete a separate

Attachment A for each position.

Response:  See Attachment A.

**Position Held:                          3lb line packager**

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | 2008-2009 |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Shippensburg, Pennsylvania |
| **c.** | **Identify your supervisor(s) for this position.** | Sarah. |
| **d.** | **Describe your job duties for this position.** | Utility, packer, sleever, palletizer, machine operator. |

3

| | |
|---|---|
| **e.** **Were you regularly required wear any protective or safety gear for this position?**<br><br>_x___          _____<br>**YES**              **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>We wore your basic latex gloves, steel toed boots , earplugs, safety glasses and hairnets during run times<br><br>We  wore safety gear during clean up (goggles, rubber boots, safety gloves, apron) helmet if going in the warehouse |
| **f.** **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>__x___          _____<br>**YES**              **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of** |

| | |
|---|---|
| If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | his/her knowledge, as follows:<br><br>We came on the floor with the basic items on and if we were doing clean up we put on safety gear before we came to the floor.<br><br>About five minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>**___x___      _____**<br>**YES              NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In my locker on the packaging floor, usually behind or in front of a production line. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves** |

| | | |
|---|---|---|
| | you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

At the locker it was located in or at the work station before dealing with chemicals-the rubber boots were in the locker room, hairnets and earplugs were in a bin in the hallway.

For basics we put on the earplugs, safety glasses and hairnets by the time clock, our steel toed boots were put on in the locker room.

For cleanup which was at the end of the shift, we went to our locker-room and traded boots, then went and got goggles, aprons and heavy duty gloves out of the locker on the floor. |
| i. | **Did you wear the listed protective and safety gear every time you worked in this position?**

___x___   _____
**YES            NO**

If "NO," how frequently did you typically wear it (e.g., every other day, once a week)? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| j. | **Did you regularly take off required protective or safety gear after clocking out?**

__x_____   _____
**YES            NO**

If "YES," where were | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to** |

| | |
|---|---|
| you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In  the hallway after leaving the floor. |
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____          ___x___<br>  YES                 NO<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Not the uniform, but everything else (boots, gloves, earplugs, safety glasses).  During this year (2008) the company hadn't started that policy yet for my dept.  The  yogurt dept started this policy. |

| | |
|---|---|
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ \_\_\_**x**\_\_\_<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| n. Were you allowed to take your uniform for this position home?<br><br>\_\_\_**x**\_\_\_ _____<br>**YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | I washed and ironed my own uniforms during this year. |
| **o.** **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Came to work, I changed into my boots, got earplugs put them on, put safety glasses on and clocked in once the clock indicated 53 minutes after the hour and went to the floor to relieve the previous shift. |
| **p.** **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Finished work, clocked out then removed all work gear. We would get wrote up if we clocked out late. Which is 7 minutes after the hour. |
| **q.** **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____  _____<br>**YES**      **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an** |

| | | |
|---|---|---|
| | If "YES," did you regularly attend pre-shift meetings?<br><br>_____ YES _____ NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Warnings, benefits, all types of info about the company-new |

| | employees, changes affecting company etc. |
|---|---|
| t. **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>___**x**___ _____<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>2 minutes. |
| u. **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____**x**<br>**YES** **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>My shift was the last.  No third shift unless mandated. |
| v. **While you worked in this position, were you** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing** |

| | |
|---|---|
| **required to do any paperwork after you clocked out?**<br><br>_____  \_\_\_\_**x**\_\_\_<br>  **YES**   **NO**<br><br><br>  **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

2.	If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes x _____        No _____

If you checked "Yes," which activities were you paid for?

Only the meetings were paid.

3.	If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __x____        No _____

If you checked "Yes," which activities were you paid for?

<u>Just meetings</u>.

        4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes _____      No __x____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.     Were you ever told by any Schreiber manager, supervisor, or other member of management **not** to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes _____          No _____x____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to **not** record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        Response:              Yes _____          No _____x_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ____x_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Overtime was mandated on this line and sometimes mandated for other lines. We would usually work a twelve hr shift on my line and whatever on another line.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___x_____          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

       8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes ___x_____        No _____

     If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>From 1 minute to one hour</u>.

     If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>TA disciplined and they usually took something from you like oip checks or the ability to bid for different jobs.</u>

     9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to**

**conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No __x_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Not that I remember.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

## <u>VERIFICATION</u>

        I, _____Janice Duncan_____, affirm and attest that I have read my Answers to Defendant's Questionnaire, and that, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

        Executed on this __21___ day of __May_____, 2012.


_____Janice Duncan_____

Signature

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
# REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has documents regarding his termination.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** **Boxer Line 10 - Trained to Be an Operator for about 10 weeks**

| | |
|---|---|
| **a. State the dates that you held this position.** | Boxer Line 10 - December 9 2008 - August 2011<br><br>Operator - Unknown |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Smithfield Utah |
| **c. Identify your supervisor(s) for this position.** | Boxer Line 10 - Kade Turner, Mohammad Hosain, Josh Bradley Garrelt Blok<br><br>Operator - Mohommad Hosain |
| **d. Describe your job duties for this position.** | Boxer Line 10 - Keep machines running, package product, keep paperwork, and put in correct amount of product.<br><br>Operator - Keep track of product and amount of cheese, make sure machine was running properly, complete paperwork, inform line about what we were running. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____ YES _____ NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states,** |

3

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>Yes. |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____    \_\_\_\_\_<br>**YES            NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, hairnet, ear plugs and safety glasses.<br><br>2-5 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____    \_\_\_\_\_ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**       **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat, safety glasses kept in my locker.<br><br>Hairnets and earplugs were in the hallway. |
| **h.**  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| **i.**  Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____      _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j. Did you regularly take off required protective or safety gear after clocking out?**<br><br>**_____     _____**<br>**YES              NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____  _____<br> **YES**      **NO**<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Depending on how crowded it was, it would take 2-3 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Lace up steel toed boots. |
| **m.** Were you required to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>2-3 minutes or so. |
| n.  Were you allowed to take your uniform home for this position?<br><br>_____    _____<br>YES        NO | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked into the building, went to the locker room, put on steel toed boots, grabbed safety glasses and hard hat out of locker, went down hall to get hairnet and earplugs, put on safety gear, then clocked in. Grabbed paperwork, went to the |

| | | |
|---|---|---|
| | **activities.** | line, got information from the partner I was relieving, then assume their duties. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Wait for partner to relieve me, give them information about the shift, turn in paperwork at the supervisors office, took off safety gear on the way to the time clock, then clock out.  Go to the locker room, put away safety gear and change back into street shoes and then go home. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?** <br><br> _____     _____ <br> **YES          NO** <br><br> **If "YES," did you regularly attend pre-shift meetings?** <br><br> _____     _____ <br> **YES          NO** <br><br> **If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is** |

| | |
|---|---|
| estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s.  If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t.  While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____     _____<br>   YES          NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| doing so. | |
| u. **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>A couple minutes. |
| v. **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __Yes____          No _____

If you checked "Yes," which activities were you paid for?

Taking off safety gear on the way to the time clock.

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of

management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ____Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

All the time. On average I believe I worked 110-130 hours every two week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes __Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8. Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes ____Yes_____        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

I am not sure.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Yes. I was pointed.

9. Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:        Yes ___Yes_____        No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early? Maybe once every two to three months.

Maybe 3-4 times when it was authorized or I was sick.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

<u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**ANTHONY POLZIN et. al,**     )
On Behalf Of Themselves     )
All Others Similarly Situated,     )
     )
     Plaintiffs,     )
     )     Case No.: 10-1117
vs.     )
     )     **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.**     )
     )
     Defendant.     )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.     Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ Maintenance _____

| | |
|---|---|
| **a. State the dates that you held this position.** | July 2005 through the Present |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Richland Center WI. |
| **c. Identify your supervisor(s) for this position.** | Brent Weckworth |
| **d. Describe your job duties for this position.** | General Maintenance. |
| **e. Were you regularly required wear any protective or safety gear for this position?** <br><br> _____ YES    _____ NO | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| **f.  Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____      ____<br>**YES                NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat (just started a 3-4 months ago), safety glasses, earplugs and hairnet.<br><br>Couple minutes, maybe 3. |
| **g.  If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** | **Objection: Plaintiff objects to this interrogatory as vague.  Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____  _____<br>**YES**       **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got protective gear from different areas of the facility, specify.** | **assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>Hairnet and earplugs in the hallway. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Used to be in the compressor room. Now I put the gear on in a locker room. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____  _____<br>**YES**       **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES**      **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Used to be that we would clock out and then take off gear and change uniforms.<br><br>Probably 5 minutes by the time we walked from the time clock to the compressor room and took off gear and put hard hat and safety in locker.<br><br>Now we take off gear and change uniforms, then clock out. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**          **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Fire retardant pants and shirt and shock resistant safety shoes. |
| **m.** Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____     _____<br>**YES**          **NO**<br><br>If "YES," state the estimated total number of seconds or minutes | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a** |

| | |
|---|---|
| it typically took you to change out of your uniform. | compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>When we were in the compressor room we had to.  Since we have been in the new locker room we can change then clock out. |
| **n.  Were you allowed to take your uniform for this position home?**<br><br>_____  _____<br>**YES          NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>**Compressor Room:** Park by the shop, walk through the shop to compressor room, change to uniform and safety gear, then punch in.<br><br>**Locker Room:** Arrive at the plant, get uniform from locker, go to locker room and change from street clothes to uniform and safety shoes, wash hands, then put on hairnet, and earplugs, then punch in. |
| **p.  Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of** |

| | | |
|---|---|---|
| | (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | his/her knowledge, as follows:<br><br>**Compressor Room:** Wait for shift to end, exchange information as necessary with other maintenance members, clock out, go to compressor room, change, put up hard hat and safety gear, put uniform in bin, and leave through the shop.<br><br>**Locker Room:** Wait for shift to end, exchange information as necessary with other maintenance members, go to the locker room, change, put up hard hat and safety gear, put uniform in bin, and then clock out. |
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____    _____<br>**YES          NO**<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____    _____<br>**YES          NO**<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions.**<br><br>**These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff** |

| | |
|---|---|
| | reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?  _____    _____   YES        NO  If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:  No. |
| u. While you worked in this position, were you | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging |

| | |
|---|---|
| required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____     _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Probably 15 minutes. |
| v.   While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____     _____<br>**YES**        **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes __I believe so____   No _____

If you checked "Yes," which activities were you paid for?

We are allowed to change before clocking out now that we are in the new locker room.

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____      No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.  Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:           Yes ___Yes_____         No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>It used to be overtime in every week plus emergencies. Now I don't work overtime because of an injury.</u>

If "Yes," above, were you paid for all overtime worked?

      <u>Response</u>:           Yes ___Yes_____         No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:              Yes ___Yes_____        No ____ _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>One time. Late about ten minutes.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

      <u>Response</u>:              Yes ___Yes_____        No _____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

<u>When approved. At the most probably three times for Dr. appointments. Maybe a half hour early.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you

were disciplined and who disciplined you.

<u>No.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

<u>*/s/ C. Jason Brown*</u>
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on May
21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation. Plaintiff does have worker's compensation related documents and can produce those if requested.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

**ANTHONY POLZIN et. al,**      )
On Behalf Of Themselves      )
All Others Similarly Situated,     )
                                  )
        Plaintiffs,         )
                                 )    Case No.: 10-1117
vs.                           )
                                 )    **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.**      )
                                 )
        Defendant.       )

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

## <u>QUESTIONS</u>

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

<u>**Position Held:**</u>               **Scraper**

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | April 2009 - July 2009 |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Smithfield Utah. |
| **c.** | **Identify your supervisor(s) for this position.** | Mohammad (last name unknown) |

| | | |
|---|---|---|
| **d.** | **Describe your job duties for this position.** | Put cheese on conveyer belt to keep the line going with cheese. |
| **e.** | **Were you regularly required wear any protective or safety gear for this position?**<br><br>____  ____<br>**YES**      **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered ''protective'' or ''safety gear'' for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. ''protective'' or ''safety gear'' may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **f.** | **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>____<br>**YES**      **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hardhat, safely glasses, hairnet, beard net, gloves, and earplugs. |

<table>
<tr><td></td><td>About a minute or two.<br><br>A couple of minutes.</td></tr>
<tr>
<td>g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____    _____<br>**YES**         **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify.</td>
<td>**Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No.</td>
</tr>
<tr>
<td>h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective</td>
<td>**Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are**</td>
</tr>
</table>

| | |
|---|---|
| gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker room. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>\_\_\_\_\_          _____<br>**YES               NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **j.  Did you regularly take off required protective or safety gear after clocking out?**<br><br>\_\_\_\_\_          _____<br>**YES               NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| well.<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Locker room.<br><br>About one minute. |
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>  **YES**        **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| **m. Were you required to change out of uniform at the facility after** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____       _____<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| **n.  Were you allowed to take your uniform home for this position?**<br><br>_____       _____<br>**YES**       **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, walked into the building, clocked in, put on safety gear then went to the line where I was assigned to work. |
| **p.  Describe the process you used for clocking out of your shift for** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what** |

| | |
|---|---|
| **this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Someone would come to relieve me and I would talk to them for about 5 minutes and tell them what was on the line, how much product was left to do and other job related issues. Then go clock out then take off protective gear in the locker room and then go home. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>‾‾‾‾‾  ‾‾‾‾‾<br>**YES**  **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>‾‾‾‾‾  ‾‾‾‾‾<br>**YES**  **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Meetings occurred once a month and started about an hour before the shift started. I was not paid for this time. |
| **r. If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff** |

| | |
|---|---|
| | reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>The meetings were held in a room above the cafeteria.<br><br>They meetings lasted about a hour. |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>The meetings covered what the new products would be, protocols, how much we needed, types of cheese to use. |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____ _____<br> YES NO<br><br> If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u. While you worked in | Objection: This interrogatory calls Plaintiff to speculate as to |

| | |
|---|---|
| **this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____  _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Exchange typically lasted about 5 minutes. |
| **v.  While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____  _____<br>**YES          NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.        Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response:</u>            Yes ____Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

<u>My supervisor, Mohammad, told me to come in a hour early to talk. I got in trouble for clocking in early.</u>

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes __Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

On a daily basis. About 35-40 hours per week in overtime.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No ____No_____

If you checked "Yes," proceed to the next question.  If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I don't believe I was paid for about 80 hours of overtime.

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ____Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Once. I was 45 minutes to a hour late.

If you checked "Yes," and you were disciplined for clocking in late, state when and how

you were disciplined and who disciplined you.

Yes. I was written up by Mohammad.

        9.       Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No __No_____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**Certificate of Service**

       I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl

Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has documents regarding his termination.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.       Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.


**Position Held:**                         **Packaging Operator**

| | |
|---|---|
| **a.  State the dates that you held this position.** | November 2007 - October 29, 2010 |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Fairview |
| **c.  Identify your supervisor(s) for this position.** | TA - Matt Moody, Austin (in training). |
| **d.  Describe your job** | Set up machine for product, change over machine, |

| | |
|---|---|
| **duties for this position.** | documentation, make sure had materials needed, metal checks, check weight, set up bar code machine, and other duties as necessary. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>\_\_\_\_\_     \_\_\_\_\_<br>**YES**         **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>\_\_\_\_\_     \_\_\_\_\_<br>**YES**         **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| | of seconds or minutes it typically took you to do so. | Yes.<br><br>Hard hat, safety glasses, hairnet, and earplugs. Lock out/Tag out equipment.<br><br>About 5 minutes. |
| g. | If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses and lock out/tag out in locker.<br><br>Hairnet and earplugs in hallway. (Would keep them in locker for as long as I could). |
| h. | Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a** |

| | |
|---|---|
| required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Locker room. |
| **i.** **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____ YES  _____ NO<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____ YES  _____ NO<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| **well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | Maybe take off hard hat on the way to the locker room. Take the rest of it off in the locker room.<br><br>About 5 minutes. |
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>10-12 minutes. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, shirt, and steel toed boots. |
| **m. Were you required to change out of uniform** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In** |

| | | |
|---|---|
| at the facility after your shift (i.e., after clocking out)? <br><br> _____ _____ <br> **YES** **NO** <br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Yes. <br><br> About 10 minutes. |
| **n.** Were you allowed to take your uniform for this position home? <br><br> _____ _____ <br> **YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| **o.** Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Arrive at the plant, go to outer locker room, grab uniform, go to the changing room, change into uniform and put on safety gear, go out in the hall and wait for the pre-shift meeting to start at a quarter till. Then clock in. |

| | | |
|---|---|---|
| | | Packaging Operator - Go to station, exchange information and assume duties.<br><br>Alternate Packaging Operator - Go to the office to see if any changes that needed to be made, then go to the floor to make sure partners at all machines, get materials, give someone a break and perform other duties as necessary. |
| **p.** | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Packaging Operator - Wait for partner, exchange information, turn in paperwork, then clock out, then go to the locker room and change and put up safety gear. Then leave.<br><br>Alternate Packaging Operator - Turn in paperwork, then clock out, then go to the locker room and change and put up safety gear. Then leave. |
| **q.** | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g.,** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | | |
|---|---|---|
| | once a week, once a month, etc.). | Yes.<br><br>Daily. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>5-10 minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>What was going on in the plant, how the previous shift had done, where we were on product, and sometime they used the time to chew us out. |
| t. | While you worked in this position, were you required to exchange information necessary | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| | |
|---|---|
| **for you to perform your job with other partners in the previous shift prior to you clocking in?**<br><br>_____ _____<br>**YES NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____ _____<br>**YES NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Packaging Operator - Information about the day, how many cases left, what product was up next, etc.<br><br>About 5 minutes.<br><br>Alternate Packaging Operator - Tell them about the shift, if maintenance had been working on a machine, how close we were to change over, about inventory, and other information.<br><br>About 5 minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____ _____<br>**YES NO** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | No. |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.     If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.


5.     Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:        Yes _____            No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

        6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:          Yes _____          No ___No_____

    If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25**

interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

Response:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and for how long.  If you do not know exactly when and for how long, give an approximate answer, being as specific as possible.  If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

On a daily basis.  There was a lot of overtime.  I don't know the exact amount.

If "Yes," above, were you paid for all overtime worked?

Response:            Yes __Yes_____            No _____

If you checked "Yes," proceed to the next question.   If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.).   If you do not know the exact amount of time, give an approximate answer, being as specific as possible.  If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Probably not more than 3 times. At the most about 5 minutes.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Yes.

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

Probably no more than 3 times.  Maybe a minute.

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952

Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overly broad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has documents regarding his termination.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**Certificate of Service**

       I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND**
**REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present.   Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:                     Separator Operator

| | |
|---|---|
| **a. State the dates that you held this position.** | Dates Unknown. |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Shippensburg Pennsylvania |
| **c. Identify your supervisor(s) for this position.** | Charlie Haynes and Tim McClure |
| **d. Describe your job duties for this position.** | Separate curd from whey and make cream cheese. |
| **e. Were you regularly required wear any protective or safety gear for this position?** <br><br> _____ YES    _____ NO | - Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Yes. |

| | |
|---|---|
| f. **Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?** _____ _____ **YES**      **NO** **If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).** **If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** Yes. Hardhat, earplugs, safety glasses, hairnet, and beardnet. About 5 minutes. |
| g. **If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** _____ _____ **YES**      **NO** **If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| different areas of the facility, specify. | Yes. Hardhat and safety glasses in locker, the rest in the hallway. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** In the hallway. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>**_____        _____**<br>**YES            NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** Yes. |
| **j.  Did you regularly take off required protective or safety gear after** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as** |

| | |
|---|---|
| clocking out?<br><br>_____   _____<br>**YES**         **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>In the locker room.<br><br>About 5 minutes. |
| **k.** **Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____   _____<br>**YES**         **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 15 minutes. |

| | |
|---|---|
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Pants, shirt, and steel toed boots. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____  _____<br>YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 15 minutes. |
| n. Were you allowed to take your uniform for this position home?<br><br>_____  _____<br>YES        NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, |

| | |
|---|---|
| | to the best of his/her knowledge, as follows:<br><br>No. |
| o. **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant, go into the locker room, put on uniform, go to hallway to wait to clock in, put on safety gear, clock in about 7 minutes till, go relieve partner and exchange information then assume duties. |
| p. **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for partner to relieve me, exchange information with partner, clock out, go to locker room, take of safety gear, change from uniform to street clothes, turn in paperwork and go home. |
| q. **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | | knowledge, as follows: |
|---|---|---|
| **_____     _____** <br> **YES              NO** <br><br> **If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | | No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| s. | **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | **While you worked in** | **Objection: This interrogatory calls Plaintiff to speculate as to** |

| | |
|---|---|
| this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____   _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____   _____<br>**YES**       **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-10 minutes depending on the shift. |
| v.  While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____   _____<br>**YES**       **NO**<br><br>If "YES," state the | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

| | |
|---|---|
| estimated total number of seconds or minutes you spent completing paperwork after you clocked out. | |

2. If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3. If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____        No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim

you were not compensated, did you ever raise any concerns or complain to any Schreiber

manager, supervisor, human resources representative, or other member of management that you

were not properly compensated for all time you or others worked, including any time worked

before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes __Yes____        No _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint

made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to

Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbal. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Throughout my employment. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | My supervisors Charlie Haines and Tim McClure. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Generally, I might be a couple minutes late and they would say something about being there on time and I would tell them I give them time before the shift and time after the shift and I don't get paid for that. They would say that's just the company policy. |

5.     Were you ever told by any Schreiber manager, supervisor, or other member of

management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.     Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____               No __No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:     Yes ___Yes_____     No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

About 10 hours a week.

If "Yes," above, were you paid for all overtime worked?

Response:     Yes ___Yes_____     No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

8.      Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Maybe 3-4 times for a couple of minutes.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

I would get a verbal from my supervisor.

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes _____          No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

<u>**Certificate of Service**</u>

       I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S</u>
## <u>REQUEST FOR DOCUMENTS</u>

1.     Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.     Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.     Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.     Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.     Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.     Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.     Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND**
**REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by

Schreiber for the period of August 15, 2008 through the present.   Complete a separate

Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:**        **Material Handler**

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | October 2006 to February 2009 |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| **c.** | **Identify your supervisor(s) for this position.** | Changed too many times. |
| **d.** | **Describe your job duties for this position.** | Machine Operator. |
| **e.** | **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____      _____<br>**YES**      **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| | Yes. |
| f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____     _____<br>**YES**           **NO**<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to ''protective'' or ''safety gear'' that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. Required to be fully dressed before entering the floor.<br><br>Hard hat, ear plugs, steel toed shoes, company uniform and hair net.<br><br>20-30 minutes. |
| g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility? | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover ''protective'' or ''safety gear'' that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff** |

| | |
|---|---|
| _____          _____<br>**YES             NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got protective gear from different areas of the facility, specify.** | assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>In the locker room. |
| **h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>On site/job. |
| **i. Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____          _____<br>**YES             NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2** |

| | |
|---|---|
| week)? | separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| | Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?** <br><br> _____     _____ <br> **YES**     **NO** <br><br> **If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.** <br><br> **If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Back to the locker room. <br><br> 20-30 minutes. |

| | | |
|---|---|---|
| k. | Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____    _____<br>YES          NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>The clock is on the floor. We could not go on the floor unless we were fully dressed. |
| l. | If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Shirt, pants, shoes, jacket, hard hat, earplugs, and hairnet. |
| m. | Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____    _____<br>YES          NO | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to** |

| | |
|---|---|
| **If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: <br><br> Yes. <br><br> 20-30 minutes. |
| **n.** **Were you allowed to take your uniform for this position home?** <br><br> _____ _____ <br> **YES** **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| **o.** **Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Always got there early. Sometimes even ate breakfast cause I worked the night shift. Would get dressed then wait for time to clock in. |
| **p.** **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of** |

| | | |
|---|---|---|
| | **(e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | his/her knowledge, as follows:<br><br>Would clock out before we left the floor. Then went to the locker room to change. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____    _____<br>**YES            NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____    _____<br>**YES            NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>We had to be in complete uniform and clock into meeting using a code. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her** |

| | | |
|---|---|---|
| | | **knowledge, as follows:** |
| | | Anywhere from 1-2 hours depending. Always before or after shift and always under meeting code. |
| **s.** | **If you attended regular pre-shift meetings for this position, what type of information was typically exchanged?** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.   These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Numbers and quality. |
| **t.** | **While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?** <br><br> _____    _____ <br>   **YES**         **NO** <br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Yes. <br><br> Some of them would be on break and catch me to discuss problems they were having with the machine. |
| **u.** | **While you worked in this position, were you required to exchange information necessary** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and** |

| | |
|---|---|
| for other partners on the next shift to perform their job prior to clocking out?<br><br>_____     _____<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Always when they came to the line to relieve me. |
| v. **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____     _____<br>**YES**       **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.      If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.      If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.


5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:        Yes _____        No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes _____          No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name of the person who told you this and the approximate date.

_____

_____

7.      Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her**

**responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:          Yes ____Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

<u>All the time until we went to 12 hour shifts then not very often.</u>

If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:          Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

     8.     Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes ___Yes_____  No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Just a couple of minutes but docked two hours.</u>

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

<u>Docked for two  hours no matter how late. Fifteen minute increments docked more each increment.</u>

9.      Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes ___Yes_____  No _____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Not many.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

<u>Same as clocking in late.</u>

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
Brown & Associates, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **ANTHONY POLZIN et. al,** ) | |
| On Behalf Of Themselves ) | |
| All Others Similarly Situated, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No.: 10-1117 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** ) | |
| ) | |
|     Defendant. ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**</u>

<u>QUESTIONS</u>

1.    Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:          Cream Cheese Support

| | | |
|---|---|---|
| **a.** | **State the dates that you held this position.** | Around July 2007 - August 2009 |
| **b.** | **In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Stephenville Texas |
| **c.** | **Identify your supervisor(s) for this position.** | Cannot recall names. |
| **d.** | **Describe your job duties for this position.** | Packaging and checking seals. |
| **e.** | **Were you regularly required wear any protective or safety gear for this position?**<br><br>_____    _____<br>**YES          NO** | **- Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____ _____<br>**YES**        **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, earplugs, hairnet, and beard net.<br><br>3-4 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____      _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| **YES**      **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify.** | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>In locker. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.  Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____      _____<br>**YES**      **NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____    _____<br>**YES**        **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>About 3 minutes. |

| | |
|---|---|
| **k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____    _____<br>**YES**            **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 2 minutes. |
| **l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Bunny Suit. |
| **m. Were you required to** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____ _____<br>YES NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About a minute. |
| n. Were you allowed to take your uniform home for this position?<br><br>_____ _____<br>YES NO | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrive at the plant, walked in the general entrance, went to the locker room to put on bunny suit and boots and put on safety gear. Went to the hallway and wait to clock in. Clock in between 3-5 minutes before the start of the shift, walk through |

| | | |
|---|---|---|
| | **activities.** | foot bath, go to my station, exchange information with partner, assume duties. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> Waited partner to arrive and exchange information. Then clock out, walk through foot bath, go to the locker room, take off boots, bunny suit, and safety gear, then leave the building. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?** <br><br> _____   _____ <br> **YES         NO** <br><br> **If "YES," did you regularly attend pre-shift meetings?** <br><br> _____   _____ <br> **YES         NO** <br><br> **If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles.  For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** <br><br> No. |
| r. | **If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant.  The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders** |

| | | |
|---|---|---|
| | number of seconds or minutes you regularly spent in a pre-shift meeting. | that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in? | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: No. |

| | |
|---|---|
| _____    _____<br>**YES**      **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | |
| **u. While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____    _____<br>**YES**      **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>2-3 minutes. |
| **v. While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____    _____<br>**YES**      **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2. If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____ No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3. If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____ No __No____

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____        No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made. If you checked "No," then you do not need to complete Attachment B. Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management <u>not</u> to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:            Yes _____            No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

When I first started it was almost weekly. (maybe 20 hours overtime a week). Towards the end it

was more sporadic. (closer to 5-6 hours overtime a week).

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:         Yes _____         No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late? _____

_____

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

_____

_____

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:         Yes _____         No ___No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

_____

_____

_____

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

_____

_____

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on May 21, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**ANTHONY POLZIN et. al,** )
On Behalf Of Themselves )
All Others Similarly Situated, )
           )
       Plaintiffs, )
           )   Case No.: 10-1117
vs. )
           )   **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.** )
           )
       Defendant. )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held: _____ Machine Operator _____

| | | |
|---|---|---|
| a. | State the dates that you held this position. | September 18, 2006 - July 1, 2011 |
| b. | In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)? | Fairview Plant in Carthage Missouri and |
| c. | Identify your supervisor(s) for this position. | Jamie Morris, Kye Luker, Samantha, Bakaria Robert, Veatrice, Matt Moody, and Julie |
| d. | Describe your job duties for this position. | Setting up the machine to run different size product, checking the cheese, running machines, and computer work. |
| e. | Were you regularly required wear any protective or safety gear for this position?<br><br>_____ _____<br>YES NO | - Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |

| | |
|---|---|
| | Yes. |
| **f.  Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____     _____<br>**YES           NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague.  Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, hairnet.<br><br>Thirty seconds to a minute. |
| **g.  If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?**<br><br>_____     _____ | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.  In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

4

| | |
|---|---|
| **YES**       **NO**<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Hard hat and safety glasses in locker room.<br><br>Hairnet in hallway. |
| h. Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Usually in the hallway. |
| i. Did you wear the listed protective and safety gear every time you worked in this position?<br><br>_____       _____<br>**YES**       **NO**<br><br>If "NO," how frequently did you typically wear it (e.g., every other day, once a | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said** |

| | |
|---|---|
| week)? | objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____    _____<br>**YES**       **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position? If you were in the plant, specify the area. If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>In the locker room.<br><br>About thirty seconds. |

| | |
|---|---|
| **k.** Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____ _____<br>**YES** **NO**<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 5 minutes. |
| **l.** If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, short sleeve snap up shirt, and lace up steel toed boots. |
| **m.** Were you required to change out of uniform at the facility after | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  In addition, this interrogatory is vague as to the timeframe in** |

| | |
|---|---|
| your shift (i.e., after clocking out)?<br><br>_____     _____<br>**YES**         **NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>About 5 minutes. |
| **n.  Were you allowed to take your uniform for this position home?**<br><br>_____     _____<br>**YES**         **NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>At first but it was changed to a captive uniform. |
| **o.  Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrive at the plant and walk into the building, go into uniform locker room and get uniform (shirt and pants), go into locker room, unlock locker, change from street clothes to uniform, put on boots, fold up clothes put in locker, grab hard hat and safety glasses, go to the hallway and get hairnet and hat, wait for the TA or TL to give us a shift briefing and then punch in.  Then wash |

| | | |
|---|---|---|
| | | hands in hallway, then go to fill room or cook stations and wash or sanitize hands again, pick up paperwork from scheduler's office, put on gloves and sleeves, and then go to the line. Exchange information with the partner about orders or problems for up to 5 minutes and work my position. |
| p. | **Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait for partner to come relieve my position, exchange information with partner about orders or problems, put gloves and sleeves in trash, then go turn in paperwork, then go clock out, then go to the locker room to changes and put up safety gear, then put dirty uniform in bin and then leave the plant. |
| q. | **While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES** **NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Yes.<br><br>Every day I worked. |
| r. | **If you attended regular** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | | |
|---|---|---|
| | pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>In hallway by the time clock.<br><br>Lasted anywhere from 5-10 minutes. |
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>What cheese was being run, go over some of the problems, quota information, tell us about previous shift, tell us if anyone coming in to inspect, and tell us about what lines we would be running. |
| t. | **While you worked in** | **Objection: This interrogatory calls Plaintiff to speculate as to** |

| | |
|---|---|
| this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____    _____<br>   **YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | the total number of seconds or minutes spent exchanging information.  This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| u.  While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?<br><br>_____    _____<br>   **YES**      **NO**<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>Generally a couple of minutes. |
| v.  While you worked in this position, were you required to do any paperwork after you clocked out?<br><br>_____    _____<br>   **YES**      **NO**<br><br>If "YES," state the | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |

| | |
|---|---|
| **estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | |

2.    If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No. ____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.    If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:  Yes  _____          No __No. ____

If you checked "Yes," which activities were you paid for?  _____

_____

4.        If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  __Yes.____  No  _____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

## ATTACHMENT B

| | | |
|---|---|---|
| **a.** | **How did you raise the concern or complaint regarding your compensation (e.g., verbal or written)?** | Verbally. |
| **b.** | **State the dates of each instance, or approximate dates if you do not know the exact date, when you raised a concern or complained.** | Throughout my employment. |
| **c.** | **Identify the person or persons to whom you raised a concern or complained and identify anyone else who was present.** | Told the TA's and TL's. Talked to Kye and Matt Moody about not getting paid. Anyone in the hallway working the shift. |
| **d.** | **Describe what you said and what those present said relating to your concern or complaint.** | Told them if we had to stand here for pre-shift meetings and put on and take off uniforms we should be paid. Would tell them to let us punch in and then get ready. Kye said you have to already be ready to go to work after the meeting. |

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

_Response_:              Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

_Response_:              Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

7.    Did you ever work overtime?

**Question is overly broad, vague, and ambiguous. The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Daily. Average 20-25 hours overtime per week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes ___Yes_____          No _____

If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible.  If you believe you were not paid for overtime

on a recurring basis, state how much overtime you believe you typically were not paid over a

period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

_____

_____

      8.     Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes ___Yes_____         No _____

    If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

<u>Once in 2006 due to miscommunication. Late about twenty minutes.</u>

    If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.  <u>No.</u>

      9.     Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

    <u>Response</u>:        Yes ___Yes_____         No _____

    If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

<u>Maybe six times for an appointment.  About thirty minutes or so.</u>

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## <u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S</u>
## <u>REQUEST FOR DOCUMENTS</u>

1.    Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.    Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.    Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.    Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.    Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.    Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.    Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 23, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

ANTHONY POLZIN et. al,                    )
On Behalf Of Themselves                   )
All Others Similarly Situated,            )
                                          )
      Plaintiffs,                     )
                                          )   Case No.: 10-1117
vs.                                       )
                                          )   **JURY TRIAL DEMANDED**
**SCHREIBER FOODS INC.**                  )
                                          )
      Defendant.                      )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND REQUEST FOR DOCUMENTS

# QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by Schreiber for the period of August 15, 2008 through the present. Complete a separate Attachment A for each position.

<u>Response:</u> See Attachment A.

# ATTACHMENT A

Note: Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation. For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question. If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply. Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

Position Held:            Wrapper Operator

| | |
|---|---|
| **a. State the dates that you held this position.** | 2008 to July 2011 |
| **b. In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Mount Vernon Missouri |
| **c. Identify your supervisor(s) for this position.** | Ken Groom, Shannon Schnake, and Kyle Jenson |
| **d. Describe your job duties for this position.** | Operating wrapper that wrapped packages of cheese. |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____  _____<br>YES        NO | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | Yes. |
|---|---|
| **f. Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?**<br><br>_____     ____<br>**YES**          **NO**<br><br>**If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to do so.** | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, earplugs, hairnet.<br><br>5 minutes. |
| **g. If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time** |

| | |
|---|---|
| _____    _____<br>**YES**          **NO**<br><br>**If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)?  If you got different protective gear from different areas of the facility, specify.** | **periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat and safety glasses in locker.<br><br>The hairnet and earplugs were in the file cabinet next to the time clock. |
| **h.  Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)?  If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area).  If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Locker room. |
| **i.   Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____    _____<br>**YES**          **NO**<br><br>**If "NO," how frequently did you** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery** |

| | |
|---|---|
| typically wear it (e.g., every other day, once a week)? | produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes. |
| **j.** **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____  _____<br>**YES**         **NO**<br><br>**If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in.   In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods.  For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Locker room.<br><br>2-3 minutes. |

| | |
|---|---|
| **k.  Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?**<br><br>_____   _____<br>**YES         NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>5-10 minutes. |
| **l.   If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of.** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc.  Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Short sleeve snap up shirt, pants, steel toed boots. |
| **m.  Were you required to** | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | |
|---|---|
| **change out of uniform at the facility after your shift (i.e., after clocking out)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform.** | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>5-10 minutes. |
| **n. Were you allowed to take your uniform home for this position?**<br><br>_____ _____<br>**YES NO** | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **o. Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Arrived at the plant, went into the building, then went to get my uniform from a keyed locker, then went to the locker room and changed from my street clothes to my uniform. Then put on safety gear and went into the hallway to wait to clock in at 7 minutes |

| | |
|---|---|
| **activities.** | before the shift. Went to the production floor, gathered paperwork, and then spoke with the partner I was relieving. |
| **p. Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities.** | **Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described. The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Wait until the next shift arrived to take my place, tell the partner what was going on, then turn in paperwork to my supervisor, then clock out. Then I would go to the locker room, and change from my uniform to my street clothes. Put my uniform in the uniform bin. Boots and safety gear were placed in my locker. Then I left the building. |
| **q. While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," did you regularly attend pre-shift meetings?**<br><br>_____ _____<br>**YES NO**<br><br>**If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.).** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **r. If you attended regular pre-shift meetings for this position, state when and where they** | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For** |

| | |
|---|---|
| typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| s. If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: |
| t. While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to | Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, |

| | |
|---|---|
| you clocking in?<br><br>_____      _____<br>   **YES**         **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| **u.**  **While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to clocking out?**<br><br>_____      _____<br>   **YES**         **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Anywhere from a few minutes to 15-20 minutes. |
| **v.**  **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____      _____<br>   **YES**         **NO**<br><br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Occasionally partners would be paged back to the Team Leaders office to correct paperwork after we had already clocked out.<br><br>This occurred maybe once a  month and took between 5-15 minutes. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for? _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question. Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for? _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous. The terms "before and after shift activities" and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff. Question contains impermissible subparts in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response: Yes _____       No __No____

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No ____No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to <u>not</u> record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

        <u>Response</u>:              Yes _____              No ____No_____

        If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

4

7.     Did you ever work overtime?

**Question is overly broad, vague, and ambiguous.  The term "overtime" is vague, ambiguous, and undefined and subject to multiple interpretations.  This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week.  Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked.  For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out.   Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

<u>Response</u>:           Yes ___Yes_____           No _____

If you checked "No," proceed to the next question.  If you checked "Yes," state when and

for how long.  If you do not know exactly when and for how long, give an approximate answer,

being as specific as possible.  If it happened on a recurring basis, state how often and for how

long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

_____

_____


If "Yes," above, were you paid for all overtime worked?

<u>Response</u>:           Yes _____           No ____No_____

If you checked "Yes," proceed to the next question.  If you checked "No," state the

amount of overtime worked, in minutes and/or hours, for which you believe you were not paid

(e.g., 10 minutes, 5 hours, etc.).  If you do not know the exact amount of time, give an

approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

I believe I spent about 20 minutes per shift between pre and post shift work for which I was not properly paid.

8. Have you ever clocked in late to a shift?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:            Yes ___Yes_____            No _____

If you checked "No," proceed to the next question. If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

Maybe once or twice but I had called in to the plant. Approximately 15 minutes on one occasion and thirty minutes on the other occasion.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you. No.

9. Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection: This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:          Yes __Yes_____          No _____

If you checked "Yes," approximately on how many occasions have you clocked out early

and how many minutes or hours have you typically clocked out early?

Maybe twice at the most. Were allowed to clock out an hour early.

If you checked "Yes," and you were disciplined for clocking out early, state when and

how you were disciplined and who disciplined you.  No.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing was sent on April
24, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related..,"  or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.


**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C.  Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on Arpil 24, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ANTHONY POLZIN et. al,** | ) | |
| On Behalf Of Themselves | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 10-1117 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SCHREIBER FOODS INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S QUESTIONNAIRE AND
REQUEST FOR DOCUMENTS**

## QUESTIONS

1.      Complete **Attachment A** for each position you held while you were employed by

Schreiber for the period of August 15, 2008 through the present.   Complete a separate

Attachment A for each position.

<u>Response:</u>  See Attachment A.

# ATTACHMENT A

Note:  Some questions below only require "yes" or "no" answers, while others may require a brief written answer or explanation.  For the questions requiring a brief written answer or explanation, write your answer or explanation in the corresponding box to the right of the question.  If you need additional space, attach additional sheets as needed, indicating the questions to which your answers apply.  Provide a separate Attachment A for each position you held from August 15, 2008 to the present.

**Position Held:** 8 oz Filler Creame Cheese, Singles Wrapper, Line 4 Autocaser, Yogurt Line 4 Rated GPP, Yogurt Line 5 Rated GPP, General Laborer, Cream Cheese Consolidator, Yogurt Line 5 Autocaser

| | |
|---|---|
| **a.  State the dates that you held this position.** | Dates Unknown through the present. |
| **b.  In which facility were you located when you held this position (e.g., Fairview Distribution Center, Logan, Smithfield)?** | Logan Utah |
| **c.  Identify your supervisor(s) for this position.** | **8 oz Filler Cream Cheese -** Adam Lawson, Andy Allen, Sean Geary<br><br>**Singles Wrapper -** Skyler Giles,<br><br>**Line 4 Autocaser -** Kade Turner<br><br>**Yogurt Line 4 Rated GPP -** Kade Turner<br><br>**Yogurt Line 5 Rated GPP-** Kade Turner<br><br>**General Laborer -** No supervisor<br><br>**Cream Cheese Consolidator -** Jermi Hastie<br><br>**Yogurt Line 5 Autocaser-** Kade Turner |
| **d.  Describe your job duties for this position.** | **8 oz Filler Cream Cheese -** Operation of the two filler machines and filling out hourly and weight PCPs and responsible for clean up.<br><br>**Singles Wrapper -** Operation of wrapper, case packer, case erector, pile off, and hand packing as needed, weekly clean up, |

| | |
|---|---|
| | responsible for all PCPs associated with each machine.<br><br>**Line 4 Autocaser** - Running treyfacta and capstone, metal checks, clean up, putting rework back on the line.<br><br>**Yogurt Line 4 Rated GPP** - Hand casing product, pile off as needed, dry clean up.<br><br>**Yogurt Line 5 Rated GPP**- Same as Line 4 Rated GPP<br><br>**General Laborer -** Working in different areas doing different duties as needed.<br><br>**Cream Cheese Consolidator -** Consolidating 30lb boxes of cream cheese from one pallet to another for shipping, and completing paperwork for tracking.<br><br>**Yogurt Line 5 Autocaser**- Same as Line 4 Autocaser |
| **e. Were you regularly required wear any protective or safety gear for this position?**<br><br>_____     _____<br>**YES**     **NO** | **- Objection: Plaintiff objects to this interrogatory as being vague. Specifically, Defendant has not specified what items are considered "protective" or "safety gear" for this and subsequent requests. In addition, this interrogatory is vague as to the timeframe in question the terms "protective" or "safety gear" may have described different gear at different time periods. (i.e. "protective" or "safety gear" may have meant overalls, donned prior to clocking in or doffed after clocking out, for the position worked in the month of March, but the employee no longer wore overalls if a change of policy was made in June.). Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |

| | |
|---|---|
| **f.** Did you regularly put on the required protective or safety gear for this position prior to your shift (i.e., prior to clocking in)?<br><br>_____ YES  _____ NO<br><br>If "YES," identify and describe all protective or safety gear you were required to wear for this position (e.g., helmets, safety glasses, ear plugs, hair nets).<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to do so. | **Objection: Plaintiff objects to this interrogatory as being vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. This request may also require Plaintiff to speculate as to the total number of seconds or minutes it took Plaintiff to put on protective or safety gear. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat, safety glasses, hair net, beard bag.<br><br>About a minute. |
| **g.** If you regularly put on required protective or safety gear for this position, was it kept on-site at the Schreiber facility?<br><br>_____ YES  _____ NO<br><br>If "YES," where was the required protective or safety gear kept at the Schreiber facility (e.g., home, locker room, plant locker)? If you got different protective gear from different areas of the facility, specify. | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>Hard hat and safety glasses were in the locker.<br><br>Hairnet and beard bag were out of the locker room and down the |

| | | |
|---|---|---|
| | | hallway. |
| h. | **Where were you typically located when you put on your required protective or safety gear for this position (e.g., home, plant, parking lot)? If you are in the plant when you put on your required protective gear, specify where in the plant (e.g., locker room, work area). If you put on different protective gear in different places, specify.** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>In the hallway. |
| i. | **Did you wear the listed protective and safety gear every time you worked in this position?**<br><br>_____    _____<br>**YES          NO**<br><br>**If "NO," how frequently did you typically wear it (e.g., every other day, once a week)?** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes. |
| j. | **Did you regularly take off required protective or safety gear after clocking out?**<br><br>_____    _____<br>**YES          NO** | **Objection: Plaintiff objects to this interrogatory as vague. Specifically, this question appears to relate back to (e) which could cover "protective" or "safety gear" that was put on after clocking in. In addition, this interrogatory is vague as to the timeframe in question, the terms "protective" or "safety gear" may have described different gear at different time periods. For purposes of responding to this question, Plaintiff assumes Defendant is requesting a response that is limited to** |

| | |
|---|---|
| If "YES," where were you typically located when you took off your required protective and safety gear for this position?  If you were in the plant, specify the area.  If you took off different protective gear in different places, specify that as well.<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to take off your protective and safety gear. | "protective" or "safety gear" that Plaintiff was required to put on prior to clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant.  Moreover, this is a compound question composed of three subparts that are actually 3 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes.<br><br>On the way to the locker room.<br><br>About thirty seconds. |
| k. Were you required to change into a uniform for this position at the facility prior to your shift (i.e., prior to clocking in)?<br><br>_____      _____<br>YES          NO<br><br> If "YES," state the estimated total number of seconds or minutes it typically took you to change into your uniform at the facility. | Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant.  For purposes of responding to this question, "uniform" will be considered to generally include such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc...  In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods.  This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change into a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions.  Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Yes after a date unknown at this time.<br><br>Generally about 5 minutes. |

| | |
|---|---|
| l. If you were required to change into a uniform at the facility prior to the start of your shift, specify everything that your uniform consisted of. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Pants, short sleeve snap up shirt, and lace up steel toed boots. |
| m. Were you required to change out of uniform at the facility after your shift (i.e., after clocking out)?<br><br>_____     _____<br>   YES        NO<br><br>If "YES," state the estimated total number of seconds or minutes it typically took you to change out of your uniform. | **Objection: Plaintiff objects to this interrogatory as vague as the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... This request also calls Plaintiff to speculate as to the total number of seconds or minutes it typically took to change out of a uniform at the facility. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Moreover, this is a compound question composed of two subparts that are actually 2 separate and distinct questions. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>Yes.<br><br>About 5 minutes. |
| n. Were you allowed to | **Objection: Plaintiff objects to this interrogatory as vague as** |

| | | |
|---|---|---|
| | take your uniform for this position home?<br><br>_____        _____<br>**YES**            **NO** | the term "uniform" is not defined by the Defendant. In addition, this interrogatory is vague as to the timeframe in question, the term "uniform" may have described different apparel at different time periods. For purposes of responding to this question, "uniform" will be considered to cover such items as pants, shirts, boots/shoes, jackets, bunny suits, coveralls, etc... Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>No. |
| o. | Describe the process you used for clocking into your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., got a cup of coffee, stored my lunch, put on my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Arrive at the plant, walk into the building, then go to locker with the captive uniform, open the combination lock, grab my uniform, put the hangers on the hanger rack, go to personal locker, open it, take off street clothes, put on uniform and boots, grab box knife or scissors, grab hard hat, safety glasses, walk out to hallway to get beard bag and hairnet, put the protective gear on and wait until about 7 minutes till to clock in. Then go in and talk to the partner I was relieving to get a shift rundown of what was going on, get paperwork from partner, and begin job duties. |
| p. | Describe the process you used for clocking out of your shift for this position in relationship to all other activities you regularly conducted at Schreiber (e.g., ate lunch, got a soda, visited with co-workers, took off my uniform) in terms of time and sequence of activities. | Objection: Plaintiff objects to this interrogatory as being vague, unduly burdensome, and calling for speculation. The term "process" is not properly defined to determine what process the Defendant requests to be described.  The request for time spent performing such activities calls for speculation regarding the amount of time spent performing the "process". Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:<br><br>Wait to be relieved by the oncoming partner, give them a shift rundown, give them paperwork, clock out, take off protective gear in hallway on the way to the locker, change from uniform to street clothes, put up box knife or scissors, put away protective gear, lock locker, put uniform in dirty bin and then leave the plant. |

| | | |
|---|---|---|
| q. | While you worked in this position, were you required to attend meetings before you clocked in for your shift (i.e., pre-shift meetings)?<br><br>_____ _____<br>YES NO<br><br>If "YES," did you regularly attend pre-shift meetings?<br><br>_____ _____<br>YES NO<br><br>If "YES," estimate how often you attended pre-shift meetings (e.g., once a week, once a month, etc.). | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could vary from meetings with Team Leaders and/or Team Advisors or meetings with other partners to the daily pass down required to perform many job titles. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. This is also an improper compound question composed of three subparts that are actually 3 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| r. | If you attended regular pre-shift meetings for this position, state when and where they typically occurred, and estimate the total number of seconds or minutes you regularly spent in a pre-shift meeting. | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. This request also calls Plaintiff to speculate as to the total number of seconds or minutes you regularly spent in a pre-shift meeting. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | | |
|---|---|---|
| s. | If you attended regular pre-shift meetings for this position, what type of information was typically exchanged? | **Objection: Plaintiff objects to this interrogatory as vague as the term "meetings" is not defined by the Defendant. The term "meetings" could cover meetings with Team Leaders and/or Team Advisors or meetings with other partners. For purposes of responding to this question, "meetings" is interpreted as meetings with Team Advisors or Team Leaders that occurred before clocking in. Plaintiff reserves the right to supplement his/her responses upon review of all discovery produced by Defendant. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |
| t. | While you worked in this position, were you required to exchange information necessary for you to perform your job with other partners in the previous shift prior to you clocking in?<br><br>_____  _____<br>  YES      NO<br><br>If "YES," state the estimated total number of seconds or minutes you typically spent doing so. | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |
| u. | While you worked in this position, were you required to exchange information necessary for other partners on the next shift to perform their job prior to you clocking out? | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent exchanging information. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions. These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:** |

| | |
|---|---|
| _____   _____<br>**YES**        **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you typically spent doing so.** | Yes except for Cream Cheese Consolidator<br><br>**8 oz Filler Cream Cheese** - Generally ten minutes<br><br>**Singles Wrapper** - Usually ten minutes<br><br>**Line  4 Autocaser** - Anywhere between 5-10 minutes<br><br>**Yogurt Line 4 Rated GPP** - Closer to 2 minutes<br><br>**Yogurt Line 5 Rated GPP**- Closer to 2 minutes<br><br>**General Laborer -** 2 minutes or less<br><br>**Cream Cheese Consolidator -** N/A<br><br>**Yogurt Line 5 Autocaser**- Anywhere between 5-10 minutes |
| v.   **While you worked in this position, were you required to do any paperwork after you clocked out?**<br><br>_____   _____<br>**YES**        **NO**<br><br> **If "YES," state the estimated total number of seconds or minutes you spent completing paperwork after you clocked out.** | **Objection: This interrogatory calls Plaintiff to speculate as to the total number of seconds or minutes spent completing paperwork. This is also an improper compound question composed of two subparts that are actually 2 separate and distinct questions.  These questions also exceed the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**<br><br>No. |

2.     If you spent time prior to the start of your shift conducting any of the activities asked about in No. 1 (i.e., putting on protective and safety gear, changing into uniform, attending meetings, and/or discussing work information with other partners) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

_____

3.     If you spent time after the end of your shift conducting any of the activities asked about in No. 1 (i.e., taking off protective and safety gear, changing out of a uniform, discussing work information with other partners, and/or paperwork) at the facility, were you paid for the time spent performing the activities?

**Objection: The Plaintiff objects to this interrogatory as containing terms that are vague and requiring the plaintiff to speculate to their meaning and to speculate as to whether or not they were paid for time spent performing the activities in question.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions. This interrogatory is premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response: Yes _____          No __No____

If you checked "Yes," which activities were you paid for?  _____

_____

4.      If you claim you conducted before- or after-shift activities for which you claim you were not compensated, did you ever raise any concerns or complain to any Schreiber manager, supervisor, human resources representative, or other member of management that you were not properly compensated for all time you or others worked, including any time worked before or after your scheduled shift?

**Objection: The Plaintiff objects to this interrogatory and corresponding attachment as overly broad, vague, and ambiguous.  The terms "before and after shift activities"  and "proper compensation" are vague and ambiguous and subject to multiple meanings. Question calls for speculation on the part of the plaintiff.  Question contains impermissible subparts  in the attachment and actually contains at least 6 separate and distinct questions. This question and subparts are not properly limited in scope. Question is over the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1).**

Response:  Yes  _____        No  \_\_\_No\_\_\_

If you checked "Yes," complete **Attachment B** for each concern stated or complaint made.  If you checked "No," then you do not need to complete Attachment B.  Proceed to Question No. 5.

5.      Were you ever told by any Schreiber manager, supervisor, or other member of management not to comply with Schreiber's policy regarding recording your time worked?

**Objection: The Plaintiff objects to this interrogatory as being vague and ambiguous requiring the plaintiff to speculate. More specifically, the statement "not comply with Schreiber's policy regarding recording your time worked" does not inform the plaintiff of what policy Defendant is referring too.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions..  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____              No ____No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

_____

_____

6.      Were you ever told by any Schreiber manager, supervisor, or other member of

management to work before or after your shift and to not record the time worked?

**Objection:  The Plaintiff objects to this interrogatory as being overly broad, unduly burdensome and calling for speculation. Plaintiff may be unaware of the position of an individual instructing them to work before or after their shift and to not record that time.  This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  Question contains impermissible subparts and actually contains at least 2 separate and distinct questions.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:              Yes _____              No ___No_____

If you checked "No," proceed to the next question.  If you checked "Yes," state the name

of the person who told you this and the approximate date.

7.      Did you ever work overtime?
        **Question is overly broad, vague, and ambiguous.  The term "overtime" is vague,**

ambiguous, and undefined and subject to multiple interpretations. This interrogatory also calls for speculation. For purposes of this interrogatory, Plaintiff assumes that "overtime" means work performed in excess of 40 hours in a work week. Plaintiff further assumes that "overtime" refers to scheduled blocks of time worked in excess of 40 hours per week or mandatory extra hours worked. For purposes of answering this question, Plaintiff does not necessarily assume that Defendant's use of the term "overtime" includes or refers to pre or post shift work that was performed but was rounded away or that was performed before clocking in or after clocking out. Question contains impermissible subparts and actually contains at least 4 separate and distinct questions. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery. This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:

Response:          Yes ___Yes_____          No _____

If you checked "No," proceed to the next question. If you checked "Yes," state when and for how long. If you do not know exactly when and for how long, give an approximate answer, being as specific as possible. If it happened on a recurring basis, state how often and for how long it typically occurred (e.g., on a weekly basis for one hour each week, etc.).

Generally a weekly basis. The amount of overtime was generally a range between 8-24 hours per week.

If "Yes," above, were you paid for all overtime worked?

Response:          Yes _____          No ____No_____

If you checked "Yes," proceed to the next question. If you checked "No," state the amount of overtime worked, in minutes and/or hours, for which you believe you were not paid (e.g., 10 minutes, 5 hours, etc.). If you do not know the exact amount of time, give an approximate answer, being as specific as possible. If you believe you were not paid for overtime on a recurring basis, state how much overtime you believe you typically were not paid over a period of time (e.g., 10 minutes per week on a weekly basis for 3 months, etc.).

 Pre and post shift time that is rounded away.

8.    Have you ever clocked in late to a shift?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:    Yes __Yes_____        No _____

If you checked "No," proceed to the next question.  If you checked "Yes," approximately on how many occasions have you clocked in late and how many minutes or hours have you typically clocked in late?

I believe on one occasion for about two minutes and on one occasion when I was late about two hours.

If you checked "Yes," and you were disciplined for clocking in late, state when and how you were disciplined and who disciplined you.

Yes. HR disciplined me a quarter point on attendance.

9.    Have you ever clocked out early (i.e., prior to your shift ending)?

**Objection:  This interrogatory is overly broad in scope in that there is no time frame and overly burdensome in that it requests the Plaintiff to recall all time worked. This interrogatory is also premature as discovery is ongoing and Plaintiff reserves the right to supplement his/her responses to this question after having an adequate opportunity to conduct and review discovery.  This interrogatory and the corresponding subpart exceeds the 25 interrogatories and discrete subparts that are allowed by Fed.R.Civ.P. 33(a)(1). Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows:**

Response:    Yes _____        No ____No_____

If you checked "Yes," approximately on how many occasions have you clocked out early and how many minutes or hours have you typically clocked out early?

If you checked "Yes," and you were disciplined for clocking out early, state when and how you were disciplined and who disciplined you.

**OBJECTIONS BY PLAINTIFF'S COUNSEL**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the above and foregoing was sent on April 24, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
## REQUEST FOR DOCUMENTS

1.      Plaintiff objects to each of Defendant's Questionnaire and Requests on the basis of the attorney/client privilege to the extent that Defendants seek disclosure of information or documents constituting, evidencing or reflecting confidential communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney/client privilege.

2.      Plaintiff objects to each of Defendant's Questions and Requests on the basis of the work product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives or information that is otherwise protected by the work product doctrine.

3.      Plaintiff reserves the right to object to the admissibility in evidence of all or any part of these responses.

4.      Plaintiff objects to each and every Request to the extent that it purports to require Plaintiff to produce any document that is not available to or in the possession, custody, or control of Plaintiff, or that is equally accessible to Defendants.

5.      Plaintiff objects to any request, or portion thereof, in which Defendants have asked Plaintiff to identify or produce "all documents…," "all documents related...," or "all documents referred…" to a specific subject matter on the grounds that it would be unduly burdensome and/or impossible for Plaintiff to produce every document that could be remotely related to the issues in controversy in this case.  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

6.      Plaintiff objects to request, or portions thereof, that are overlybroad, unduly burdensome or are attainable from some other source that is more convenient, less burdensome or less expensive. More specifically, Plaintiff objects to producing every copy of documents such as W-2's, paycheck stubs, policies, handouts, or other documents produced by and presumably still in the possession of Defendant.

7.      Plaintiff objects to Defendants' Instructions as being unduly burdensome, repetitive and confusing. Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Plaintiff will respond to each request not otherwise objected to with documents believed to be discoverable by the perceived plain reading of the requests.

**Without waiving said objections, Plaintiff states, to the best of his/her knowledge, as follows: Plaintiff has no responsive documentation.**

Respectfully submitted:

*/s/ C. Jason Brown*
Charles Jason Brown, MO 49952
BROWN & ASSOCIATES, LLC
301 S. US 169 Hwy
Gower MO 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com


## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on April 24, 2012, via email as registered with the Court to:

Andrea K. Kiehl
Ogletree,Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, Suite 3800, 90 South
Seventh Street
Minneapolis MN 55402-4110
Phone: 612-336-6874
Facsimile: 612-339-0061
andrea.kiehl@ogletreedeakins.com
ATTORNEY FOR DEFENDANT